**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                            Case No: 8:13-cv-3007-T-30TBM

ROBERTO ROLDAN,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the Defendant Roberto Roland's Motion to Dismiss (Dkt. 16) and Plaintiff Malibu Media LLC's Response in Opposition (Dkt. 21). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

On November 27, 2013, Plaintiff Malibu Media ("Plaintiff") filed a one count Complaint against John Doe, the subscriber of the IP address 96.58.134.12 alleging copyright infringement by downloading and distributing copies of its movies without authorization on the peer to peer sharing network BitTorrent. (Dkt. 1). In order to identify the subscriber assigned to IP address 96.58.134.12, Plaintiff sought, and was granted, leave to serve a third-party subpoena on Bright House Networks. (Dkt. 3, Dkt. 5). On April 3, 2014, Plaintiff filed an amended complaint against Roberto Roldan ("Defendant") alleging the same. (Dkt. 8).

On June 27, 2014, Defendant filed the instant Motion to Dismiss Action with Motion to Strike Inadmissible Evidence from Complaint. (Dkt. 16).

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,'…it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556 (alteration added)). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

## DISCUSSION

Defendant argues that dismissal is appropriate here because (1) an IP address is insufficient to identify the infringing individual, and (2) Plaintiff's case depends on evidence that is inadmissible.

2

In support of his first argument, Defendant relies on a March 19, 2014 Order in *Malibu Media, LLC v. John Doe*, 14-cv-20213-UU [ECP No. 10], in which the court dismissed a similar case after finding the location of an IP address was insufficient to identify an infringing individual, holding "[t]here is nothing that links the IP address location to the identity of the person actually downloading and viewing Plaintiff's videos."

In support of his second argument, Defendant criticizes Plaintiff's investigative methods, arguing that the evidence used to locate Defendant's IP address was obtained unlawfully because the person hired to do the investigation, Mr. Feiser, is paid on a contingency fee basis, making his testimony inadmissible. Defendant further argues that Plaintiff has violated Florida chapter 493, Florida's Security of Communications Act (FSCA), and the Federal Wiretap Act (FWA).

I.   **Sufficiency of IP Address to Identify Infringing Individual**

While it may be true that the IP subscriber, or the son of an IP subscriber as it is in this instance, is not undoubtedly the infringing individual, the Plaintiff's burden at this stage is only to demonstrate plausibility. *See Iqbal*, 556 U.S. at 678-79; *cf.*, *Malibu Media, LLC v. John Does 1-16*, 902 F. Supp. 2d 690, 698 (E.D. Pa 2012) ("The Court acknowledges, however, that the information provided by the ISPs in response to the subpoenas will not necessarily reveal the identities of the actual infringers, but may, with other discovery, lead to the infringers' identities."). To that end, Plaintiff has alleged a plausible link between the subscriber assigned to IP address 96.58.134.12, Defendant, and the copyright infringement, and any factual disputes are inappropriate at this stage. *See Malibu Media LLC v. John Does 1-11*, No. 12 Civ. 3180(ER), 2013 WL 3732839, at *3-4

(S.D.N.Y. July 16, 2013) (finding plaintiff adequately pled a plausible claim of copyright infringement); *Malibu Media, LLC v. Pelizzo*, No. 12-22768-CIV, 2012 WL 6680387, at *3-4 (S.D. Fla. Dec 21, 2012) (same).  A recent order from the Southern District of Florida denied a similar motion, also finding that the plaintiff had adequately pled a plausible claim of copyright infringement.  *See Malibu Media v. John Doe*, 14-cv-20393 (S.D. Fla. July 17, 2014).

## II.     Admissibility of Evidence

Defendant's second argument is premature.  This is not an appropriate argument to make on a motion to dismiss, where the Court must take Plaintiff's factual allegations as true.  *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).  Nor is it a ground to dismiss the action entirely, without permitting both parties to take discovery.  *Id.*  Because Defendant has not established grounds for dismissal, Defendant's Motion must be denied.

ORDERED AND ADJUDGED that:

1. Defendant Roberto Roldan's Motion to Dismiss (Dkt. 16) is DENIED.
2. Defendant shall file an answer to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of August, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record