UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MALIBU MEDIA, LLC,**

    **Plaintiff(s),**

v.                                                                                 Case No: 8:13-cv-03007-T-30TBM

**ROBERTO ROLDAN,**

    **Defendant(s).**

_____/

# CASE MANAGEMENT AND SCHEDULING ORDER

    This cause came on for consideration concerning completion of discovery and the scheduling of pretrial procedures and trial. The Court has considered the positions of the parties as set forth in their Case Management Report, and hereby enters the following scheduling and case management requirements whose provisions are very precise and *shall be strictly adhered to*. Accordingly, it is **ORDERED**:

    1.    The parties are **directed** to meet the agreed upon terms and time limits set forth in their Case Management Report, as noted below (including any *exceptions* deemed appropriate by the Court):

| | |
|---|---|
| **Third-Party/Joinder Cut-Off:** | October 6, 2014 |
| **Fact Discovery Cut-Off:** | December 30, 2014 |
| **Plaintiff(s) Expert Disclosure:** | January 13, 2015 |
| **Defendant(s) Expert Disclosure:** | February 3, 2015 |
| **Expert Discovery Deadline:** | March 2, 2015 |
| **Dispositive Motion Deadline:** | April 1, 2015 |

    2.    Parties shall take heed that motions to amend any pleading or a motion for continuance of any pretrial conference, hearing or trial filed after issuance of this Case Management and Scheduling Order *are disfavored*. *See* Local Rules 3.05(c)(2)(E) and 3.05(c)(3)(D). If evidence arises during fact discovery that would support a motion to amend a pleading, the moving party shall file a motion to amend within *fourteen (14) days* of

learning of the evidence.  Motions to amend after that fourteen (14) day window will be governed by a good cause standard.  *See* Fed. R. Civ. P. 16(b)(4).

   3. A **Pre-Trial Conference** will be held before the Honorable James S.  Moody, Jr., United States Courthouse, 801 North Florida Avenue, Courtroom 17, Tampa, Florida 33602, on **WEDNESDAY, JULY 1, 2015 at 9:15 a.m.**  (Pre-trial conferences generally last fifteen minutes.)

   4. The parties shall comply with Local Rule 3.06 with respect to their joint pre-trial statement, which is due no later than seven (7) days before the date of the Pre-Trial Conference.

   5. The **Pre-Trial Conference** *shall be attended by counsel who will act as lead trial counsel in the case* and who is vested with full authority to make and solicit disclosure and agreements touching all matters pertaining to the trial.

   6. This case is set for **JURY TRIAL** in Courtroom 17 of the  United States Courthouse, 801 N. Florida Avenue, Tampa, Florida, during the **AUGUST 3, 2015,** trial term before the Honorable James S. Moody, Jr.  (Trial terms run a calendar month.)

   7. Any **motions in limine** shall be filed with the Clerk of Court no later than two (2) weeks before the date of the Pre-Trial Conference.

   8. Not later than **five (5) business days prior to the date on which the trial** *term* **is set to commence**, *see* ¶ 4, the parties **shall file** with the Clerk of Court, the following (and as to each of the following, provide directly to Chambers, by mail or hand-delivery a "Judge's Courtesy Copy," so marked).

Further, the day trial commences, counsel shall **e-mail** the parties' jury instructions and verdict forms in Word or WordPerfect format to Chambers at: chambers_flmd_moody@flmd.uscourts.gov.

     (a) **Trial Brief:** A trial brief shall be filed only if there are disputed issues of law likely to arise at trial that have not been addressed by previous motions; **and either (b) or (c) below, as appropriate**.

     (b) **If case is a JURY trial**, the following:

    (1)    A concise (one paragraph preferably) *joint or stipulated* statement of the nature of the action to be used in providing a basic explanation of the case to the jury venire;

    (2)    *Proposed Voir Dire* (the Court will conduct the voir dire and, in addition to the usual more general questions, will without initiation by counsel ask more particular questions suggested by the nature of the case; counsel should, therefore, be selective in the jury questions submitted to the Court for consideration);

    (3)    A complete set of all written **Proposed Jury Instructions** (which shall bear a cover sheet with the complete style of the case and appropriate heading designating the submitting party; there shall be no more than one instruction per page and contain, at the end of each such instruction, citation of authorities, if any); they shall be sequentially numbered and party-identified (e.g., Plaintiff's Requested Instruction No. 1); and

    (4)    **Proposed Verdict Form**

(c)    **If case is a NON-JURY trial**, **Proposed Findings of Fact and Conclusions of Law** (each shall be separately stated in numbered paragraphs; Findings of Fact shall contain a detailed listing of the relevant material facts the party intends to prove, in a simple, narrative form; Conclusions of Law shall contain a full exposition of the legal theories relied upon by counsel). At the end of trial, Counsel shall e-mail the parties' Proposed Findings of Fact and Conclusions of Law in Word or WordPerfect format to Chambers at: chambers_flmd_moody@flmd.uscourts.gov.

**DONE** and **ORDERED** in Tampa, Florida on August 1, 2014.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\13-cv-3007.CSO.order.wpd