**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 8:13-cv-03007-JSM-TBM |
| ) | |
| ROBERTO ROLDAN, ) | |
| ) | |
|    Defendant. ) | |
| _____ ) | |

### DEFENDANT'S ANSWER, WITH AFFIRMATIVE DEFENSES, TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Defendant, ROBERTO ROLDAN, by and through his undersigned counsel, and hereby submits his Answer to Plaintiff's amended complaint [Doc. 8], with numbered paragraphs corresponding to it, and affirmative defenses to follow.

### Introduction

1. Does not require an answer, therefore **denied.**

2. **Denied.**

3. Without knowledge, therefore **denied.**

### Jurisdiction And Venue

4. **Admitted** for purposes of subject-matter jurisdiction only; **denied** as to all other allegations.

5. **Denied.**

6. Without knowledge, therefore **denied.**

7.    **Admitted** for purposes of venue only; **denied** as to all other allegations.

## Parties

8.    Without knowledge, therefore **denied**.

9.    **Denied**.

## Factual Background

*I.    Defendant Used the BitTorrent File Distribution Network to Infringe Plaintiff's Copyrights.*

10.   **Admitted** that BitTorrent is a peer-to-peer file sharing method; **denied** as to all other allegations.

11.   Without knowledge, therefore **denied**.

12.   Without knowledge, therefore **denied**.

13.   Without knowledge, therefore **denied**.

14.   Without knowledge, therefore **denied**.

15.   Without knowledge, therefore **denied**.

16.   Without knowledge, therefore **denied**.

17.   **Denied**.

18.   **Denied**.

19.   **Denied**.

20.   **Denied**.

21.   **Denied**.

22.   **Denied**.

23.   **Denied**.

    *II.   Plaintiff's Additional Evidence Implicates Defendant in the Infringement.*

24. **Denied.**

25. Without knowledge, therefore **denied.**

26. Without knowledge, therefore **denied**

27. **Denied.**

28. **Denied.**

29. **Denied.**

30. **Denied.**

31. **Admitted** that Defendant may like certain TV shows on Facebook; **denied** that these "likes" have any correlation to his hobbies or interests, or any other substantive purpose in this case.

32. **Denied.**

33. **Admitted** that Defendant may like certain things on Facebook; **denied** that these "likes" have any correlation to his hobbies or interests, or any other substantive purpose in this case.

34. **Denied.**

35. **Admitted** that Defendant may like certain musicians on Facebook; **denied** that these "likes" have any correlation to his hobbies or interests, or any other substantive purpose in this case.

36. **Denied.**

37. **Admitted** that Defendant may like certain films on Facebook; **denied** that these likes have any correlation to his hobbies or interests, or any other substantive purpose in this case.

38. **Denied.**

39. **Denied.**

### Miscellaneous

40. Without knowledge, therefore **denied.**

41. Without knowledge, therefore **denied.**

### Count I
### Direct Infringement against Defendant

42. Mr. Roldan repeats and realleges the answers to the allegations contained in Paragraphs 1-41 as if fully set forth herein.

43. Without knowledge, therefore **denied.**

44. **Denied.**

45. **Denied.**

46. A. **Denied.**

    B. **Denied.**

    C. **Denied.**

    D. **Denied.**

47. **Denied.**

WHEREFORE, Defendant, ROBERTO ROLDAN, respectfully pleads that this Honorable Court **dismiss** Plaintiff's Amended Complaint in its entirety and award Defendant his attorney fees as "prevailing party" pursuant to 17 U.S.C. § 505, and any other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendant provides the following affirmative defenses to the amended complaint:

**First Affirmative Defense.**   **Failure to state a claim.** Plaintiff has failed to state a claim for relief upon which relief can be granted.  The requisite elements for copyright infringement are not present or have not been properly pled, and the Complaint should therefore be dismissed.  Defendant also has failed to meet the plausibility standard of *Twombly/Iqbal*.  Also, Plaintiff has not plead that Defendant made a complete copy of the work, because it only plead that Defendant *started* the download.

**Second Affirmative Defense.**   **Non-Infringement.** Defendant has not infringed Plaintiff's work as alleged in Plaintiff's complaint, nor has Defendant even attempted to download Plaintiff's work.   Defendant is not the account

holder associated with the I.P. address, nor does he live at the address associated with the I.P. address.

**Third Affirmative Defense.** **Lack of Volitional Act.** Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to Defendant.

**Fourth Affirmative Defense.** **Failure to Include Indispensible Party.** Plaintiff failed to include as a Defendant the individual who uploaded the alleged file to the Internet and who is therefore the primary infringer and an indispensible party to the instant lawsuit.

**Fifth Affirmative Defense.** **One Satisfaction Rule.** Equity "'provides that a plaintiff is entitled to only one satisfaction for a single injury,' thereby barring duplicative recovery from joint copyright infringers." *Malibu Media, LLC v. Zumbo*, 2014 U.S. Dist. LEXIS 82272, 4 (M.D. Fla. June 17, 2014) (citing *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1276 (11th Cir. 2008)).  Plaintiff has already been paid the maximum statutory damages by joint infringers who were involved, via BitTorrent, in the distribution of the same works.

**Sixth Affirmative Defense.** **Unclean Hands.** Plaintiff's claim is barred by the doctrine of unclean hands, as Plaintiff has raised claims against Defendant without sufficient factual

foundation. As a result of Plaintiff's unclean hands, Defendant as a result has been personally injured.

**Seventh Affirmative Defense.** **Misuse of Copyright.** Plaintiff's claims are barred by the doctrine of misuse of copyright, as, by filing a lawsuit against a Defendant against whom Plaintiff has no hard evidence, and who did not commit the infringement, Plaintiff is using its copyright in a manner contrary to public policy embodied in the grant of copyright.

**Eighth Affirmative Defense.** **Misuse of Copyright.** It is believed that Plaintiff may have failed to comply with a criminal statute relating to child pornography, requiring Plaintiff to "maintain individually identifiable records pertaining to every performer." 18 U.S.C. § 2257(a). Such a violation would create the implication that Plaintiff is using children performers in the production of its pornography, which would be an unlawful extension of Plaintiff's monopoly beyond the scope allowed by its copyright.

**Ninth Affirmative Defense.** **Unconstitutionally Excessive Damages.** Plaintiff's claims are barred because the statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process clause.

**Tenth Affirmative Defense.** *De Minimis Non Curat Lex*. Defendant pleads this defense in the alternative. Defendant denies having committed the alleged download or having infringed any of Plaintiff's copyrighted works. However, if Defendant did unknowingly commit the download, or part thereof, Defendant submits that Plaintiff's claim for copyright infringement is barred by the doctrine of *de minimis non curat lex* (the law cares not for trifle) or *de minimis* use.

**Eleventh Affirmative Defense.** **Safe Harbor.** Plaintiff's claims are barred under the Digital Millennium Copyright Act.

**Twelfth Affirmative Defense.** **Waiver.** Plaintiff made the works freely available on the BitTorent network and a variety of other sources and without paid subscription, and thereby has authorized distribution on the Internet.

**Thirteenth Affirmative Defense.** **License, Consent, and Acquiescence.** Defendant pleads this defense in the alternative. Defendant denies having committed the alleged download or having infringed any of Plaintiff's copyrighted works. However, if Defendant did unknowingly commit the download, Plaintiff's claims are barred by Plaintiff's license, consent, and acquiescence to the alleged download.

**Fourteenth Affirmative Defense.** **Authorized use.** Defendant pleads this defense in the alternative. Defendant denies having committed the alleged download or having infringed any of Plaintiff's copyrighted works. However, if Defendant did unknowingly commit the download, Plaintiff authorized, impliedly or explicitly, the downloading of such works, and its claims are therefore barred by the doctrine of implied license.

**Fifteenth Affirmative Defense.** **Fair Use.** Defendant pleads this defense in the alternative. Defendant denies having committed the alleged download or having infringed any of Plaintiff's copyrighted works. However, if Defendant did unknowingly commit the download, Plaintiff's claims are barred by the doctrine of fair use.

**Sixteenth Affirmative Defense.** **Failure to Mitigate Damages.** To the extent that Plaintiff suffered any damages, Plaintiff has purposefully avoided taking sufficient steps to protect the copyrighted material.

**Seventeenth Affirmative Defense.** **Alleged download never completed.** Defendant pleads this defense in the alternative. Defendant denies having committed the alleged download or having infringed any of Plaintiff's copyrighted works. However, if Defendant did unknowingly commit the download, it

was only in part, and never completed, and any downloaded pieces of video file were unusable. Because the download was never completed, a copy was never made, and therefore there was no infringement.

**Eighteenth Affirmative Defense.** **Innocent Infringement.** Defendant pleads this defense in the alternative. Defendant denies having committed the alleged download or having infringed any of Plaintiff's copyrighted works. However, if Defendant did unknowingly commit the download, he was not aware of any copyright infringement.

**Nineteenth Affirmative Defense.** **Additional Damages.** Defendant reserves the right to supplement or amend this answer, including through the addition of further affirmative defenses, based on the course of discovery and proceedings in this action.

## DEMAND FOR JURY TRIAL

Defendant, ROBERTO ROLDAN, hereby demands a trial by jury on all issues so triable.

**CERTIFICATE OF SERVICE**

    I hereby certify that on **August 15, 2014,** I filed electronically the foregoing with the Clerk of the Court via CM/ECF system which will notify all persons authorized to receive notices of electronic filing..

*Attorneys for Defendant:*

**Cynthia Conlin, P.A.**
1643 Hillcrest Street
Orlando, Florida 32803-4809
Tel 407-965-5519
Fax 407-545-4397
www.ConlinPA.com

/s/ Cynthia Conlin, Esq.
[x] CYNTHIA Conlin, Esq.
Florida Bar No. 47012
Cynthia@cynthiaconlin.com