**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 8:13-cv-03007-JSM-TBM |
| ) | |
| ROBERTO ROLDAN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION**
**FOR ENLARGEMENT OF TIME TO SERVE EXPERTS [32]**

COMES NOW Defendant, ROBERTO ROLDAN, by and through his undersigned counsel, and, pursuant to Local Rule 3.01, Federal Rules of Civil Procedure, and files a response to Defendant's motion for enlargement of time [Doc. 32].

Defendant does not oppose the requested extension of time, which has already been granted [Doc. 33], but files the instant response to clarify the record. On January 13, 2014, after Plaintiff requested an enlargement of time, Defendant's counsel said that Defendant agreed with the enlargement of time but did not agree to the way Plaintiff intended to present the request in its motion. Rather, Defendant agrees to the enlargement for different reasoning.

Plaintiff is requesting a copy of Defendant's hard drive. Defendant first objected, based on relevance,

because Defendant never used his hard drive at the location with the IP address in question, and on privacy concerns, but said that he would produce it to an agreed third-party forensic specialist (not to Plaintiff's proposed expert, as Plaintiff has represented), subject to specific search terms and a confidentiality agreement so as not to give Plaintiff (or its proposed expert) unrestricted access to the hard drive, as such access would be contrary to the Federal Rules of Civil Procedure and Defendant's privacy rights.  A problem arises because Plaintiff wants its expert, rather than a third-party agreed forensic specialist, to conduct the search; however, "Rule 34(a) does not give the requesting party the right to conduct the actual search." *In re Ford Motor Co.*, 345 F.3d 1315, 1316-17 (11th Cir. 2003).  Nevertheless, the parties have been conferring in good faith to try to reach an agreement as to how this production will take place and what exactly the production will be.  Because it is taking some time to make this determination, Defendant agrees to an enlargement of time but does not concede to giving Plaintiff's proposed expert (and does not concede that he qualifies as an "expert") unrestricted access to conduct the search.  If the parties cannot find an agreed solution through these good-faith conferences, they may turn to the court for a

solution.  Therefore, Defendant has not agreed to the terms in the way that Plaintiff represented in its motion.

Additional reasoning for the enlargement of time is because Defendant has discovered a conflict with the trial date and is preparing a motion for modification of the trial date, and has conferred with counsel for Plaintiff regarding same.  Therefore, as Defendant is wishing for the trial date to be moved forward, such gives additional reasoning for the extension of the expert disclosure deadline.

WHEREFORE, Defendant, ROBERTO ROLDAN, respectfully requests that this Honorable Court maintain its endorsed order (Doc. 33) granting the relief in question, but reserves the right to move for a protective order if the parties are unable to work out a solution to this issue.

### ATTORNEY'S CERTIFICATE OF SERVICE

I hereby certify that on **January 14, 2015,** a copy of the foregoing will be served onto all parties via CM/ECF.

*Attorneys for Defendant:*
**Cynthia Conlin, P.A.**
1643 Hillcrest Street
Orlando, Florida 32803-4809
Tel. 407-965-5519/Fax 407-545-4397
www.ConlinPA.com

/s/ Cynthia Conlin, Esq.
CYNTHIA CONLIN, ESQ. (F.B.N. 47012)
Cynthia@cynthiaconlin.com