# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                                    Case No: 8:13-cv-3007-T-30TBM

ROBERTO ROLDAN,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Defendant's Motion for Summary Judgment with Incorporated Memorandum of Law (Dkt. #36) and Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment (Dkt. #42). Upon review and consideration, it is the Court's conclusion that the Motion should be denied.

### *Background*

On November 27, 2013, Plaintiff Malibu Media, LLC ("Malibu") filed a one count Complaint against John Doe, the subscriber of the IP address 96.58.134.12 (the "IP address") alleging copyright infringement by downloading and distributing copies of its movies without authorization on the peer to peer sharing network BitTorrent. In order to identify the subscriber assigned to the IP address, Plaintiff sought, and was granted, leave to serve a third-party subpoena on Bright House Networks. On April 3, 2014, Plaintiff filed its Amended Complaint against Roberto Roldan ("Defendant") alleging the same. Defendant now moves for summary judgment.

### *Discussion*

## I.   Legal Standard

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id*. Throughout this analysis, the Court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id*. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248–49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.,* 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute

about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## II.   Defendant's Summary Judgment

Defendant argues that Malibu has mistakenly identified him as the infringer of the copyrighted films.  Malibu identified the IP address that downloaded the infringing materials and associated it with an address in St. Petersburg. That address is that of Defendant's father Angel Roldan. Malibu sued Defendant on the basis that he was "the most likely infringer" given his preferences for movies as identified on his Facebook account.

Defendant points to his class and work schedule as demonstrating that at the time of many of the alleged infringing downloads he was either in class or at work. For the times that do not coincide with his class or work schedule, he argues that he could not have possibly downloaded the information. He lives in Tampa, Florida, a forty-five minute drive from his father's home. He also offers his affidavit which states in part that he kept his portable computer with him at all times. Therefore, he could not have completed the infringing downloads as evidenced in Malibu's records.  All of the alleged downloads in the Amended Complaint were detected as actively occurring through the IP address between August 18 and November 26, 2013. Defendant did not live with his father, nor did he visit his father at his home during that period.

The BitTorrent downloading process involves an initial file download through BitTorrent software, which must be done manually. "To begin participating in BitTorrent downloads, each user (or "peer") downloads a program (or 'client') capable of running the BitTorrent protocol. Once the client is installed, the peer can search the Internet for a 'torrent' file matching the film the user wants to download." *Malibu Media, LLC v. Does 1-28*, 295 F.R.D. 527, 529 (M.D. Fla. 2012). Thereafter, as long as the BitTorrent software is running, the file can be uploaded to other BitTorrent users automatically. *Id.* In other words, the BitTorrent user has to manually choose to download a file while its distribution to other users is performed automatically and simultaneously through the BitTorrent software.

Therefore, the Defendant would have to manually download each of the allegedly infringing files. These files could also be automatically shared with other users without Defendant manually doing so, as long as his computer was running and connected to the internet through the IP address. Defendant therefore argues that his computer would have to be on and connected to the internet at or near his parent's house at the fifty-four alleged times Malibu detected the IP address within the BitTorrent stream. Defendant contends that since he keeps his laptop with him at all times, had a busy work and class schedule, and did not visit his father's home during the period from August 18, 2013, to November 7, 2013, he could not have downloaded the copyrighted materials as detailed in the Amended Complaint.

### III. Plaintiff's Response

Malibu states that it needs additional time to obtain discovery. It received Defendant's discovery responses, upon which Defendant relies for his Motion, four days

prior to the filing of the Motion. It therefore has not had an opportunity to depose the Defendant and his parents or test the veracity of the statements made in the affidavits. The Court notes that although the fact discovery deadline was originally set for December 30, 2014, the Court extended the deadline to March 2, 2015. Since the dispositive motion deadline is April 1, 2015, Plaintiff has sufficient time to complete the necessary discovery.

The Court therefore concludes that Malibu should have a fair opportunity to discover information relevant to the Motion and will delay ruling on the Motion to allow completion of discovery. *See Dean v. Barber*, 951 F. 2d 1210, 1214 (11th Cir. 1992) ("A party opposing summary judgment should be given the opportunity to discover information relevant to the summary judgment motion.") *See also Snook v. Trust Co. of Ga.*, 859 F.2d 865, 870 (11th Cir. 1988) ("summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery.")

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion for Summary Judgment (Dkt. #36) will be ruled upon after March 2, 2015.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of February, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-3007 msj 36.docx

5