**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 8:13-cv-03007-JSM-TBM |
| | ) | |
| ROBERTO ROLDAN, | ) | |
| | ) | |
| Defendant. | ) | |
| ______________________________ | ) | |

**DEFENDANT'S NOTICE OF 30(b)(6) CORPORATE DEPOSITION OF PLAINTIFF, MALIBU MEDIA, LLC**

TO: Plaintiff, MALIBU MEDIA, LLC
c/o LIPSCOMB, EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Via email to: klipscomb@lebfirm.com,
copyright@lebfirm.com, ekennedy@lebfirm.com,
csebastian@lebirm.com, and DShatz@lebfirm.com

FROM: Defendant, ROBERTO ROLDAN
By and through his attorney,
Cynthia Conlin, Esq.
Fla. Bar 47012
1643 Hillcrest Street
Orlando FL 32803
Tel. 407-965-5519 or 1-888-323-5993
Cynthia@cynthiaconlin.com, jeff@cynthiaconlin.com

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant, ROBERTO ROLDAN, by and through his undersigned counsel, will take the deposition upon oral examination of Plaintiff, MALIBU MEDIA, LLC, by and through the officers, directors, managing agents, or other persons designated as being competent to testify on behalf of Plaintiff with respect to the matters listed below for the purpose of discovery or as evidence in this action or use at trial.

Pursuant to Fed. R. Civ. P. 30(b)(6), MALIBU MEDIA, LLC shall designate an individual or individuals with personal knowledge to appear and attend for the purpose of testifying to the below-listed areas of inquiry.

Plaintiff shall identify the individual(s) who will speak on its behalf on each topic below ("Matters on Which Examination is Requested") at least seven days before the deposition(s). The taking of this deposition may be adjourned from day to day until completed, and may occur over several days if more than one person is necessary to provide the information requested.

The designated individual(s) is/are instructed to bring to the deposition the documents listed in the "Documents" section below.

The deposition shall commence before a notary public in and for the State of Florida or before some other officer authorized by law to administer oaths at the date, time, and location specified below.

Date of Deposition: Friday, February 20, 2015

Time of Deposition: 9:30 A.M.

| | |
|---|---|
| Location: | Law Offices of Cynthia Conlin, P.A.<br>1643 Hillcrest Street<br>Orlando FL 32803 |
| Court Reporter: | All Good Reporters, Inc.<br>390 N Orange Ave, Suite 2300<br>Orlando, FL 32801<br>800-208-6291 |

Plaintiff may record this deposition via video and reserves the right to amend this notice with videographer information.

**Matters on Which Examination Is Requested**

1. All bases, factual and otherwise, for Plaintiff's claims against Defendant.

2. All information, data, and statements Plaintiff relied upon to determine that Defendant infringed Plaintiff's copyright.

3. Plaintiff's answers to Defendant's interrogatories.

4. Information regarding the allegedly downloaded films, including, but not limited to:

a. Their complete content;

b. The dates of filming and creation;

c. The editing and production process of same;

d. Any devices, software, or mechanisms included in the editing or production process used to diminish infringing activity;

e. The date, time, place, and method of first publication;

f. Their target audience; and customers to whom the they were offered, viewed, or sold.

5. The development, design, set-up, modification, update, redesign, metatags or other content related activity for Plaintiff's website, xart.com or x-art.com.

6. Complete details pertaining to traffic to Plaintiff's website, including Google Analytics reports, AWStats Reports, and all other monitoring reports, for the time frames starting at the moment of first publication of each allegedly downloaded film and continuing through to the first "hit" date/time for each allegedly downloaded film, including the number of visitors to the site, IP addresses, reports showing the visitor's geographic locations, and the frequency at which the site's pages and files were viewed, accessed, or downloaded, especially those pages and files that pertain to the allegedly downloaded works.

7. Any and all methods, including without limitations, devices, software, and information, employed in Plaintiff’s website for the purpose of diminishing infringing activity by customers or users of the website.

8. All methods of detecting customers of your website who breached your terms of use.

9. Any and all methods, actions, and attempts of detecting how your videos have been pirated and downloaded from your website and uploaded onto Torrent sites.

10. Any and all studies conducted on the piracy of your films.

11. Complete details pertaining to Plaintiff’s customers, meaning the people who pay to access Plaintiff’s website, including comprehensive revenue reports and customer activity/usage.

12. Complete details pertaining to all individuals who, for the time frames starting at the moment of first publication of each allegedly downloaded film and continuing through to the first “hit” date/time for each allegedly downloaded film, had free, credited, or comped accounts to access Plaintiff’s website, including their identities and the reasons the accounts are credited.

13. All publications, advertisements, brochures, newsletters, communications (via Internet or otherwise), and any other documents which contain or bear the Allegedly Infringed Work.

14. Plaintiff's marketing, advertising, promotion, bookkeeping and accounting with respect to any goods and/or services offered for sale or sold in connection with the Allegedly Infringed Work.

15. Each and every item of expense, loss, or damage incurred as a result of the alleged infringement.

16. All evidence that Defendant downloaded the entirety of each work.

17. Plaintiff's revenue generated through Plaintiff's website, by month, for the last five years or since the company's existence (whichever period is lesser); how much of that revenue was attributed to the Allegedly Infringed Work, and how much to other sources; and Plaintiff's generated revenue through other sources, including litigation and settlements.

18. The relationships between Malibu Media, LLC and IPP International UG.

19. Any and all methods of compensation Malibu Media, LLC made to IPP International UG.

20. The details surrounding IPP International UG's monitoring of IP addresses and correlating them to allegedly infringing activity.

21. All details surrounding the actual monitoring of the BitTorrent file distribution network in which IP Address 96.58.134.12 was found.

22. All details regarding effectuating, analyzing, reviewing and attesting to the results of the investigation into IP Address 96.58.134.12.

23. All details regarding the actual extraction of data from International IPTracker v 1.5, which uncovered IP Address 96.58.134.12.

24. All details of how the BitTorrent tracking system used to detect Defendant's alleged infringement works.

25. The capabilities and shortcomings of IPP International UG's software used to detect IP Address 96.58.134.12.

26. All specific details with IPP's obtaining the TCP/IP connection between IPP International UG and IP address 96.58.134.12, as stated in Paragraphs 22 and 24 of the amended complaint (Doc. 8), including, without limitation, any and all usernames, client names, pseudonyms, and/or network names associated with IP address 96.58.134.12 that IPP's software logged.

27. All details pertaining to the swarms monitored, including, without limitation, the initial file providers, the number of peers in each swarm, and the identity of the other peers in the swarms.

28. The moment when Plaintiff first became aware of IP Address 96.58.134.12, the circumstances under which Plaintiff first learned about said IP address, and the nature of the knowledge first gained.

29. The details of the content, and the method of collection of such content, of files provided by Plaintiff in discovery and named 747502.pdf and 747503.pdf.

30. All dates and times in which IPP International UG "connected" with Defendant's IP address, as is alleged in Paragraph 22 of the Amended Complaint (Doc. 8).

31. The exact date and times when, and the method how, each "Title," as listed in Paragraphs 32, 34, 36, and 38 of the Amended Complaint (Doc. 8) was downloaded by IP address 96.58.134.12.

32. All details pertaining to the Torrent Files mentioned in the complaint, including without limitation, (a) the size of the files; (b) the number of "pieces" each file was broken into; (c) the size of each piece, (c) the cryptographic "hash."

33. All persons Plaintiff intends to rely upon as witnesses in this matter and the facts or subject matter about which each such witness is expected to testify.

34. Other related lawsuits against other Defendants in this or other jurisdictions that allege the same infringement methods and are for the same or similar works.

35. Each and every other past and pending action, in this or other jurisdictions, brought by Malibu Media involving the Allegedly Infringed Works and the hashtags in Exhibit A; the status of those actions, and any and all recovery made thereunder, whether through settlement, judgment, or other.

36. All individuals employed by Plaintiff and the company structure of Plaintiff.

37. The identity of all individuals, persons, or entities that have an interest, financially or otherwise, in this litigation, and the substance of said interest.

**Documents**

The designated individual(s) is instructed to bring to the deposition the following:

A. Plaintiff's detailed profit and loss statements and balance statements for the last 5 years.

B. User manual and/or any document(s) that describe(s) the functionality of the software used by IPP International UG to detect IP Address 96.58.134.12 allegedly uploading Plaintiff's works.

C. Advertising material, brochures, promotional material, and/or sales literature promoting IPP International UG's services.

D. Any and all agreements entered into between Malibu Media and IPP International UG.

E. Any and all agreements entered into between Malibu Media and Excipio GmbH.

F. Invoices sent to you from IPP International UG from January 1, 2012 to the present.

G. Invoices sent to you from Excipio GmbH from January 1, 2012 to the present.

H. Documents demonstrating any and all peers in the same swarm as IP address 96.58.134.12.

I. Letters, notices, and/or communications sent to other peers in the same swarm as IP Address 96.58.134.12.

J. Complaints Malibu Media filed against peers in the same swarm as IP Address 96.58.134.12.

K. Documents evidencing settlements, judgments, or recovery received from or against any and all peers in the same swarm as IP Address 96.58.134.12.

L. Internal memos related to deterring piracy of your works.

M. Letters, notices, and/or communications sent to customers of your website who breach your terms of use as it pertains to use of the works.

Respectfully submitted,

**Cynthia Conlin, P.A.**
1643 Hillcrest Street
Orlando, Florida 32803-4809
Tel. 405-965-5519/Fax 405-545-4395
www.conlinpa.com

/s/ Cynthia Conlin, Esq.
[X] CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@cynthiaconlin.com
[ ] JENNIFER DAWN REED, ESQ.
Florida Bar No. 104986
Jennifer@cynthiaconlin.com
Jeff@cynthiaconlin.com

**ATTORNEY'S CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on **January 26, 2015**, a true and correct copy of the foregoing has been furnished to Plaintiff's attorney via E-Service to klipscomb@lebfirm.com, copyright@lebfirm.com, ekennedy@lebfirm.com, and csebastian@lebirm.com.

*Attorneys for Defendant:*

**Cynthia Conlin, P.A.**
1643 Hillcrest Street
Orlando, Florida 32803-4809
Tel. 405-965-5519/Fax 405-545-4395
www.conlinpa.com

/s/ Cynthia Conlin, Esq.
[X] CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@cynthiaconlin.com
[ ] JENNIFER DAWN REED, ESQ.
Florida Bar No. 104986
Jennifer@cynthiaconlin.com
Secondary Email for Service:
Email 2: Jeff@cynthiaconlin.com