**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

```
MALIBU MEDIA, LLC,                )
                                  )
     Plaintiff,                   )
                                  )  Civil Action No.
v.                                )  8:13-cv-03007-JSM-TBM
                                  )
ROBERTO ROLDAN,                   )
                                  )
     Defendant.                   )
_____   )
```

### AMENDED[1] JOINT MOTION FOR PROTECTIVE ORDER WITH INCORPORATED MEMORANDUM OF LAW

COME NOW, jointly, non-party witnesses ANGEL ROLDAN and GLADYS ROLDAN, in a limited appearance[2] by and through their undersigned attorney, and Defendant, ROBERTO ROLDAN, by and through his undersigned attorney, and, pursuant to Rule 26(c) Federal Rules of Civil Procedure, hereby move this Honorable Court to issue a protective order as to the subpoenas duces tecum issued on the non-party witnesses.

---

[1] This motion has been amended to correct some inadvertent but perceived inaccuracies in the prior motion [Doc. 49] and supersedes same. By the filing of this motion, the earlier motion is accordingly withdrawn.

[2] This is a limited appearance only for the purpose of objecting to non-party subpoenas duces tecum and should not be construed as a general appearance. Angel and Gladys Roldan are not parties to the instant case. They have not been named as parties and have not been served with a summons.

## I. Legal Standard

"[A]ny person from whom discovery is sought may move for a protective order" Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." *Id.*

## II. Introduction

This is an action for the alleged infringement of certain movies, via the BitTorrent protocol, from an IP address, 96.58.134.12, which corresponds to a residential home in Saint Petersburg, Florida. The home's residents are movants, non-parties ANGEL and GLADYS ROLDAN, who are Defendant's parents. Although the Roldan parents are non-parties to this lawsuit, they have standing to file this motion because Plaintiff has served each of them with subpoenas duces tecum.

Defendant, their son, has not resided in the Roldan parents' home since August 2012, at which point he moved to a location a little more than 30 miles away.

Through a subpoena to Bright House, Malibu Media learned the physical address of the home where the Roldan parents

reside. It ran an Accurint report[3] and, based entirely on its results, surmised, wrongly, that Defendant also resided in the home during the times of alleged infringement, which times encompassed dates beginning in the fall of 2013.

Even though the Accurint report was inaccurate, and Roldan provided lease agreements to show he had not lived in the home since 2012, Malibu Media has continued litigating against him.

On February 4, 2015, Malibu Media served the Roldan parents with subpoenas duces tecum to conduct their depositions on February 13, 2015. Because of conflicting schedules, it was requested that the depositions be moved to Monday, February 16, 2015. Plaintiff agreed.

The Roldan parents do not dispute being deposed. After all, they are key witnesses to their son's factual argument that he was not present in the house at the time of the alleged infringements. However, they do dispute the overreaching of the documents requested in the subpoena duces

---

[3] Doc. 42 at 2 [PageID 869] ("LexisNexis's Accurint database identified Defendant as residing at his parent's house until January, 2014, after the infringement ended."). "Accurint data is updated routinely from various contributing sources, both publicly and commercially available. These sources can contain errors and are generally not totally free from defect. This system should not be considered definitively accurate and all data should be independently verified before taking any action based on the results." Accurint for Law Enforcement Plus User's Guide at 2, https://aes.seisint.com/User_Guide.pdf

tecums Malibu Media has served on them. The request for documents therein exceeds the bounds of what is allowed by the Federal Rules of Civil Procedure.

Additionally, because Defendant, ROBERTO ROLDAN, previously resided in the home and is their son, he is personally affected by part of this overreaching and accordingly presented objections to Plaintiff, who disputed same; therefore he joins his parents in this joint motion for protective order, specifically in the first section which pertains to the hard drives in his parents' house. Defendant explained that, before he vacated the house in 2012, he used a computer that, at the time of moving out, he gave to his parents. Although he is unsure exactly what computers are used in the house because they are not his but rather his parents', he believes the computer that he formerly used is still among them; therefore, he cannot condone any sort of discovery seeking all of the hard drives in the home, as Plaintiff requested. Defendant further explained that, because of the familial relationship, his parents have some of Defendant's personal information, and such may be stored on their computer hard drives (for instance, his parents do his taxes) and for this reason, he also had standing to object.

Regarding the arguments in the second section, he is in agreement.

### III. Issue 1: Hard Drives

Among other things, the subpoenas duces tecum on non-parties ANGEL and GLADYS ROLDAN seek:

> (a) A forensically sound copy (a clone) of the hard drive for each of the Computer Devices [4] in your house, apartment or dwelling, between 2013 to the present, or all hard drives for each of the Computer Devices in your house, apartment, or dwelling, between 2013 to the present.

Prior to filing this motion, counsel for Defendant and counsel for the non-parties asked Plaintiff to withdraw this request because of its overbroad or invasive nature, or its complete irrelevance, but Plaintiff declined. Good cause exists for the entry of a protective order for the reasons that follow.

#### A.  Unrestricted access to hard drives is not allowed

First, Plaintiff is simply not allowed unrestricted access to computer hard drives. In the Eleventh Circuit, unrestricted access to Defendant's computer device(s) is not

---

[4] "Computer Devices" has been defined to mean "any computer device, including any desktop, laptop, external hard drives, portable hard drives, external storage device, mobile phones, tablets, mp3 player, and electronic device capable of connecting to the internet or storing data."

allowed pursuant to the Federal Rules.  In *In re: Ford Motor Company*, the Eleventh Circuit Court of Appeals explained:

> Under Rule 34(a), parties may request the other party to "produce and permit the party making the request . . . to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form)." Fed.R.Civ.P. 34(a).  But **Rule 34(a) does not grant unrestricted, direct access to a respondent's database compilations**.  Instead, Rule 34(a) allows a requesting party to inspect and to copy the product—whether it be a document, disk, or other device—resulting from the respondent's **translation** of the data into a reasonably usable form.

*In re Ford Motor Co.*, 345 F.3d 1315, 1316-17 (11th Cir. 2003); *Balfour Beatty Rail, Inc. v. Vaccarello*, 3:06-CV-551-J-20MCR, 2007 WL 169628, at *1 (M.D. Fla. 2007) (denying plaintiff's motion to compel defendant's hard drive in case alleging destruction of information on plaintiff's computer because plaintiff is not allowed direct access to another party's databases); *Carolina Bedding Direct, LLC v. Downen*, 3:13-CV-336-J-32MCR, 2013 WL 2431972, at *1 (M.D. Fla. 2013) (denying

motion to compel defendant's hard drive in a case premised on defendant's alleged illegal accessing of Plaintiff's computer system, because Rule 34 does not grant unrestricted access to a respondent's database).

"Like the other discovery rules, Rule 34(a) allows the responding party to search his records to produce the required, relevant data. Rule 34(a) does not give the requesting party the right to conduct the actual search." *In re Ford Motor Co.*, 345 F.3d at 1316-17. "[T]o gain direct access to the respondent's databases, the court must make a factual finding of some non-compliance with discovery rules and protect respondent with respect to preservation of his records, confidentiality of non-discoverable matters and costs." *Carolina Bedding Direct, LLC v. Downe*n, 3:13-CV-336-J-32MCR, 2013 WL 2431972, at *1 (M.D. Fla. 2013) (citing *In re Ford Motor Co.*, 345 F.3d at 1317). Here, Defendant has been in full compliance with the discovery rules, and Plaintiff has not indicated that either he nor his non-party parents have been otherwise.

In denying a similar request for production of a defendant's hard drive, the Middle District of Florida noted that the plaintiff's request simply sought computer hard drives and did not provide any information regarding what it

sought to discover from them. *Balfour Beatty Rail, Inc. v. Vaccarello*, 3:06-CV-551-J-20MCR, 2007 WL 169628, at *3 (M.D. Fla. 2007). Comparably here, Plaintiff simply asked for "a forensically sound copy (a clone) of the hard drive" of each and every computer devices in the Roldan parents' home.

"Neither party has a legal right to examine all records and documents in his adversary's possession simply for the purpose of discovering whether they contain something which might benefit him." *Mobile Gas Co. v. Patterson*, 288 F. 884, 886 (M.D. Ala. 1923). "Indeed, allowing Plaintiff to gain access to Defendants' hard drives in this case would permit Plaintiff to engage in a fishing expedition." *Balfour Beatty Rail, Inc. v. Vaccarello*, 3:06-CV-551-J-20MCR, 2007 WL 169628, at *3 (M.D. Fla. 2007). The requested computer hard drives contain private, personal information and programs completely unrelated to this lawsuit. Should Plaintiff obtain unrestrained access to these non-parties' hard drives, it would have free access, essentially, to root through their personal belongings, including without limitation communications sent between them and their attorneys, their personal tax documents (including the taxes of Defendant), personal emails, recent web browser history, and more.

### B. The hard drives are outside the scope of relevance

Next, the request to produce the hard drives is wholly irrelevant to the instant lawsuit, because Defendant — the party being sued — did not use the hard drives during the timeframe of the alleged infringements. Plaintiff seems to forget whom this lawsuit has been filed against and has propounded this request as a fishing expedition. "Generally, the party resisting discovery bears the burden of demonstrating that the requested discovery falls outside the scope of relevancy under Rule 26." *Sanchez v. Cardon Healthcare Network, LLC*, 3:12-CV-902-J-34JBT, 2013 WL 2352142, at *2 (M.D. Fla. 2013) (citing *S.E.C v. BankAtlantic Bancorp, Inc.*, 285 F.R.D. 661, 666 (S.D. Fla. 2012)). "When the relevancy of information sought cannot be discerned from a review of the discovery request, however, the party seeking to compel responses must demonstrate relevancy." *Id*. The relevancy of Plaintiff's request cannot be discerned based on the manner in which the production is requested.

Rather than even limiting its request to computers that were *used by Defendant during the relevant time period*, Plaintiff has requested every single one of the non-parties' computer devices, whether Defendant used them or not. As no relevancy can possibly be used to tie the request to the

instant case, which is against Defendant, not Defendant's parents, Plaintiff has the burden to demonstrate the relevancy of this request in the instant case. Plaintiff has failed to uncover one shred of evidence to prove that Defendant was at the Roldan parents' home or used any of their computers during the time of alleged infringement. Furthermore, Defendant has denied being at that location or using the subject computer devices during the alleged infringement, and has produced overwhelming evidence that he lived in Tampa during the alleged infringement. While some computer discovery may be relevant to this case, the Roldan parents' computer hard drives bear no relevance whatsoever. Finally, as the Roldan parents' hard drives are wholly irrelevant to the instant case, this request imposes an undue burden on the non-parties to create copies of the hard drives and on Defendant to incur attorney time to review said copies, all in pursuit of counterfactual, entirely theoretical constructs by Plaintiff.

**IV. Issues with Plaintiff's other requests (Raised on behalf of Non-Parties only)**

The Roldan parents strenuously object to the wholesale disclosure of the contents of their hard drives as described, supra. However, their objections extend to the totality of the remaining items on the Schedule accompanying the subpoena

duces tecum.

Next, non-parties ANGEL ROLDAN and GLADYS ROLDAN object to and request a protective order pertaining to other documents requested by Plaintiff. A "subpoena duces tecum is not the equivalent of a search warrant [ ] and should not be used as a fishing expedition to require a witness to produce broad categories of documents which the party can search to find what may be wanted." *Gen. Elec. Capital Corp. v. Nunziata*, 124 So. 3d 940, 943 (Fla. 2d Dist. Ct. App. 2013), *reh'g denied* (Nov. 5, 2013) (citations omitted). Here, Plaintiff is attempting to use a subpoena duces tecum in the same way police might use a search warrant, which is wholly improper.

The second through sixth requested items on Plaintiff's subpoenas duces tecum are:

> (b) All documents referring, relating to or comprising records associated with the purchase (which occurred between 2012 to the present) of a Computer Device.
>
> (c) All documents referring, relating to or comprising records associated with the purchase or installation (which occurred between 2012 to the present) of a modem or wireless router.

(d) All documents referring, relating to or comprising written communications between you and your ISP, including all contracts, agreements, usage statements, bills, payments, Copyright Alert Notices, and Digital Millennium Copyright Act notices.

(e) Any documents pertaining to receipts of purchases, credit card statements, checks cashed, bank account statements, or travel documents dating two months before and until and including two months after the time of the alleged infringement that would indicate that you were not at your residence or within the control of your IP address at or around the period of recorded infringement.

(f) Any documents or contracts pertaining to ownership of the property, title of the home or apartment, or any existing lease, rental agreements, sublet agreements, or documents relating to any legal notice of tenants or residents authorized to live in the property at the time of the infringement.

These requests are all overbroad and not reasonably calculated to lead to the discovery of admissible evidence *in Defendant's case*. Discovery in civil cases must be relevant to a party's claim or defense and must appear "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). All of these requests are not reasonably calculated to lead to the discovery of evidence

pertaining to Defendant's location at the time of the subject infringements.  Plaintiff has not asked Defendant to produce any evidence that Defendant was in the house during the subject period.  Rather, Plaintiff seems to be asking Defendant to produce documents related to another, as yet unfiled lawsuit.  Essentially, Plaintiff is undertaking a fishing expedition to locate evidence to prove a case against another yet unnamed party.

The second request, labeled "(b)," which asks for documents related to the purchase of a Computer Device," is not relevant because it is not limited to computer devices used by Defendant.  A device used by either of the Roldan parents bears no relevance to Plaintiff's claims against their son, Defendant, unless Defendant may have used the computer device within the infringing period and used it at the subject IP address.  It appears that this request is merely a fishing expedition trying to obtain information that has nothing to do with Plaintiff's case against Defendant but everything about building a potential case against the non-parties.  This is not a deposition to perpetuate testimony pursuant to Rule 27, Federal Rules of Civil Procedure.  This is a deposition of two of Defendants' named witnesses, his parents, who were identified in Defendant's Rule 26 disclosures of having

information to show that Defendant did not commit the alleged infringements and was not at the location in question during the infringement period. Therefore, the requested documents must relate to the case at hand, which is against Defendant — not against his parents.

Next, the third request, "(c)," which seeks documents relating to the purchase or installation of a modem or wireless router in the parents' home, like the second request, have nothing to do with Plaintiff's claim against Defendant. So long as Defendant was not present in the house in question, any documents relating to goings on when Defendant was not present are wholly irrelevant.

The fourth request, "(d)," which seeks "documents referring, relating to or comprising written communications between you and your ISP, including all contracts, agreements, usage statements, bills, payments, Copyright Alert Notices, and Digital Millennium Copyright Act notices," is relevant in part so much that it establishes whose name the Internet account is under (perhaps to prove that it is not in Defendant's name), but is not relevant in so much that it seeks information unrelated to the claims or defenses in the case. The usage statements, bills, payments, and correspondence for an IP address where Defendant was not

present during the alleged download time would only be relevant if they can somehow link to Defendant; however, Plaintiff has not shown any reason why these documents would link to Defendant.

The fifth request, "(e)," which seeks documents "that would indicate that you were not at your residence or within the control of your IP address at or around the period of recorded infringement" have absolutely nothing to do with Plaintiff's claim against Defendant and everything to do with potential claims against the non-parties. Again, this lawsuit was not filed against the non-parties. They are simply witnesses to Defendant's defenses. The discovery must be, and here it is not, reasonably calculated to lead to the discovery of admissible evidence which may prove the claims against *Defendant* or defenses raised by *Defendant*.

The final request, "(f)," seeks "documents or contracts pertaining to ownership of the property, title of the home or apartment, or any existing lease, rental agreements, sublet agreements, or documents relating to any legal notice of tenants or residents authorized to live in the property at the time of the infringement." This request would only be relevant if it pertained to Defendant. For instance, if Plaintiff had a lease agreement that named Defendant and

positioned him in the subject house at the time of the alleged infringement, such would be discoverable. However, a blanket request of the deeds to these non-parties' homes and other items is, like the other requests, wholly irrelevant to the claims against Defendant or defenses raised by Defendant.

In summary, as explained above, all these requests are overbroad because they do not pertain to the case against Defendant, and the Roldan parents seek a protective order preventing them from having to provide these documents. In its case, Plaintiff did not allege that the non-parties have committed the infringements. Plaintiff has failed to identify what, specifically, it expects to discover from the production that relates the case it filed against Defendant. Essentially, Plaintiff is on a fishing expedition; therefore, the non-parties should not be required to produce the listed documents. While Plaintiff is entitled to discovery of information about what Defendant did or did not do in the subject house as it relates to Plaintiff's claims, it is not entitled to rummage through the Roldan parents' personal documents in an effort to gain an unfair advantage over them in a potential other lawsuit.

**V.    Conclusion**

In summary, Plaintiff is not allowed unrestricted access to computer hard drives under Rule 34(a), especially under the reasoning provided in *In re: Ford Motor Company*. Unbridled access to hard drives is simply not allowed, and both the non-parties and Defendant object to same. Additionally, the non-parties object to Plaintiff's additional requests as being entirely non-relevant and outside the scope of documents allowed by the Rules of Civil Procedure, and, essentially, a fishing expedition.

WHEREFORE, non-party deponents, ANGEL ROLDAN and GLADYS ROLDAN, and Defendant, ROBERTO ROLDAN, jointly and respectfully request that this Honorable Court enter a protective order preventing Plaintiff from obtaining access to the hard drives and other documents requested in Plaintiff's non-party subpoenas duces tecum to ANGEL and GLADYS ROLDAN, in accordance with the above reasoning.


Respectfully submitted, jointly,

| | |
|---|---|
| *For Defendant, ROBERTO ROLDAN, by his attorney:* | *For Non-Parties Gladys and Angel Roldan by their attorney:* |
| **Cynthia Conlin, P.A.**<br>1643 Hillcrest Street<br>Orlando, FL 32803-4809<br>Tel. 407-965-5519<br>Fax 407-545-4397<br>www.ConlinPA.com<br><br>/s/ Cynthia Conlin, Esq.<br>[X] CYNTHIA CONLIN, ESQ.<br>Florida Bar No. 47012<br>Cynthia@cynthiaconlin.com<br>[ ] JENNIFER DAWN REED, ESQ.<br>Florida Bar No. 104986<br>Jennifer@cynthiaconlin.com<br>Secondary Email for Service:<br>Jeff@cynthiaconlin.com | **Bradford A. Patrick, P.A.**<br>3001 N Rocky Point Drive<br>Suite 200<br>Tampa FL 33607-5806<br>Tel. 813-384-8548<br>Fax 813-333-7321<br>www.BAPlegal.com<br><br>/s/ Bradford A. Patrick, Esq.<br>BRADFORD A PATRICK, ESQ.<br>Florida Bar No. 529850<br>bap@baplegal.com |

## RULE 26(c) CERTIFICATES OF GOOD-FAITH CONFERENCE

I, the undersigned attorney for Defendant, hereby certify that, pursuant to Rules 3.01(g) and 26(c), I conferred with opposing counsel before filing this Motion for Protective Order and counsel did not agree on the resolution of this motion.

*Attorney for Defendant:*

/s/ Cynthia Conlin
CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@cynthiaconlin.com

I, the undersigned attorney for non-parties ANGEL and GLADYS ROLDAN, hereby certify that, pursuant to Rule 26(c) and Local Rule 3.01(g), I conferred with opposing counsel by telephone before filing this amended Motion for Protective Order. Although we attempted to resolve the issue(s) presented in this amended motion, Plaintiff's counsel and I could not agree on a resolution.

*Attorney for Non-Parties:*

/s/ Bradford Patrick, Esq.
BRADFORD PATRICK, ESQ.
Florida Bar No. 529850
bap@baplegal.com

## ATTORNEYS' CERTIFICATE OF SERVICE

I hereby certify that on **February 15, 2015,** a copy of the foregoing was served electronically onto counsel for all parties via the CM/ECF.

**Bradford A. Patrick, P.A.**
3001 N Rocky Point Drive
Suite 200
Tampa FL 33607-5806
Tel. 813-384-8548
Fax 813-333-7321
www.BAPlegal.com

/s/ Bradford A. Patrick, Esq.
BRADFORD A PATRICK, ESQ.
Florida Bar No. 529850