**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                                     Case No: 8:13-cv-3007-T-30TBM

ROBERTO ROLDAN,

    Defendant.

_____

## ORDER

THIS CAUSE comes before the Court upon the Plaintiff's Motion for Leave to Substitute Party Defendant and Incorporated Memorandum of Law (Dkt. #53) and Defendant's Memorandum in Opposition (Dkt. #54).

This Court deferred ruling on the Defendant's Motion for Summary Judgment (Dkt. #36) until the Plaintiff had an opportunity to complete its proposed depositions. Plaintiff deposed the Defendant and his parents, Angel and Gladys Roldan. Plaintiff represents in this Motion that the deposition testimony corroborates the Defendant's evidence submitted in support of his Motion for Summary Judgment demonstrating that he did not have access to the IP address affiliated with the alleged infringement during the relevant time period.

However, it argues that none of the testimony refutes Plaintiff's affidavits demonstrating downloads of large quantities of its copyrighted material as set forth in its complaint. Plaintiff asserts that the deposition testimony demonstrates that Roberto Roldan downloaded BitTorrent software to a PC desktop computer that Angel Roldan regularly used during the period of the alleged infringing downloads. Further, Angel Roldan's

wireless internet router was password-protected throughout the period of the alleged infringement. Therefore, Plaintiff asserts that Angel Roldan is the likely infringer and would like to substitute him as the party defendant.

In support of his opposition, Defendant points to testimony that an unauthorized person gained access to the wireless internet router signal associated with the IP address. Therefore, an unknown third party may have had access and completed the infringing downloads, and Plaintiff is engaged in a fishing expedition to attempt to preserve this case. Neither party filed the actual depositions for the Court's review.

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The Court recognizes that Roberto Roldan and Angel Roldan both object to the relief requested. Nonetheless, the Court agrees with Plaintiff that that the subject matter of the action remains identical and much of the Plaintiff's completed discovery efforts apply to its potential causes of action against Angel Roldan. The Court therefore will permit Plaintiff to amend its complaint to add Angel Roldan as a defendant to this case. *See Pretty Punch Shoppettes, Inc. v. Creative Wonders, Inc.*, 750 F. Supp. 487, 493 (M.D. Fla. 1990) ("Under Rule 15, parties may be added or dropped when an amendment is made to a complaint as a matter of course…. The text of Rule 21 does not indicate that it is the only mechanism for dropping or adding parties to a lawsuit … both Rules 15 and 21 are to be interpreted liberally under the Federal Rules of Civil Procedure.") (Internal citations omitted).

However, the Court will not permit Plaintiff to drop Roberto Roldan as a party to this action. His Motion for Summary Judgment will be held in abeyance until further order of this Court.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Leave to Substitute Party Defendant and Incorporated Memorandum of Law (Dkt. #53) is GRANTED in part.

2. Plaintiff shall file its Second Amended Complaint naming Angel Roldan as an additional defendant within seven (7) days from the date of this Order.

3. The Court will hold Defendant Roberto Roldan's Motion for Summary Judgment (Dkt. #36) in abeyance until further Order of this Court. The Clerk is directed to terminate the Motion's pending status.

4. Plaintiff's Motion for Leave to File a Reply in Support of its Motion for Leave to Substitute Party Defendant and in Opposition to Defendant Roberto Roldan's Opposing Memorandum (Dkt. #55) is DENIED as moot.

5. This Court's order referring the parties to mediation (Dkt. #28) is still in force, and no party is excused from attending. Accordingly, Plaintiff is directed to re-schedule the mediation conference.

**DONE** and **ORDERED** in Tampa, Florida, this 26th day of February, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-3007 substitute 53.docx