**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) 8:13-cv-03007-JSM-TBM |
| | ) |
| ROBERTO ROLDAN (?) and | ) |
| ANGEL ROLDAN, | ) |
| | ) |
| Defendant(s). | ) |
| _____ | ) |

**ROBERTO ROLDAN'S MOTION FOR ORDER TO SHOW CAUSE**

COMES NOW former Defendant, ROBERTO ROLDAN, by and through his undersigned counsel, and hereby moves this Honorable Court to order Plaintiff, MALIBU MEDIA, LLC, to show cause as to why it should not be held in contempt for willfully violating the court's order that said it could not drop Roberto Roldan as a defendant.

**I.  Procedural History**

On January 19, 2015, then-Defendant Roberto Roldan ("Roberto") filed a motion for summary judgment (Doc. 36). Plaintiff filed a memorandum in opposition, arguing that it still needed ample opportunity to take discovery (Doc. 42).

On February 10, 2015, the Court deferred ruling on the motion for summary judgment to allow Plaintiff to conduct

depositions of Roberto and his parents, Angel Roldan and Gladys Roldan (Doc. 45).

On February 19, 2015, after conducting said depositions, Plaintiff filed a motion for leave to substitute parties (Doc. 53). It sought to drop Roberto as Defendant and substitute Angel Roldan in his place. Plaintiff reasoned that its Discovery "corroborates Roberto's claims that . . . he did not reside in Angel's house or have access to Angel's Internet during the period of [alleged] infringement." (Doc. 53 at 1.)

Roberto opposed, arguing that Malibu Media's motion, filed a week before the close of discovery and after Roberto had moved for summary judgment was "a desperate attempt to avoid having Roberto declared 'prevailing party'" (Doc. 54 at 15). The then-Defendant argued that allowing Plaintiff to simply replace him would prejudice his outstanding claim for attorney's fees and costs. (Doc. 54 at 16.) If he were dropped as a party, the case against him might never be adjudicated on the merits and he would never be declared "prevailing party," which decision would be necessary to reclaim fees and costs under the Copyright Act.

On February 26, 2015, after reviewing the motion and Roberto's response, the court granted Plaintiff's motion, but only in part (Doc. 58). Recognizing that that the subject

matter of the action against both Roberto and Angel Roldan was identical, and that "much of the Plaintiff's completed discovery efforts apply to its potential causes of action against Angel Roldan," the Court allowed Plaintiff, pursuant to Rule 15, "to amend its complaint to add Angel Roldan as a defendant to this case" (Doc. 58 at 2). "However, the Court will not permit Plaintiff to drop Roberto Roldan as a party to this action. His Motion for Summary Judgment will be held in abeyance until further order of this Court." (Doc. 58 at 2.)

The Court reminded the parties they were referred to mediation "and no party is excused from attending" (Doc. 58 at 3 ¶ 5).

On March 5, 2015, Malibu Media filed a second amended complaint (Doc. 61). The pleading's caption includes both "ROBERTO ROLDAN and ANGEL ROLDAN" as Defendants. However, the its body entirely removes Roberto and merely substitutes Roberto with a new Defendant, "Angel Roldan."

### III. **Plaintiff should be found in contempt**

Because Plaintiff violated this Court's order, it should be held in contempt. "[T]he power of a court to make an order carries with it the equal power to punish for disobedience of that order, and the inquiry as to the question of disobedience has been, from time immemorial, the special function of the

[ordering] court." *In re New River Dry Dock, Inc.*, 497 B.R. 359, 361 (Bankr. S.D. Fla. 2013) (citing *In re Debs*, 158 U.S. 564, 594-95 (1895)).

### A. Plaintiff violated the Court's order

To prove civil contempt, the movant "must prove by clear and convincing evidence that either the underlying order, or the court's directives, was violated." *United States v. Barnette*, 902 F. Supp. 1522, 1532 (M.D. Fla. 1995) (citing *Howard Johnson Co. v. Khimani,* 892 F.2d 1512, 1516 (11th Cir. 1990)); *see also In re EZ Pay Services, Inc.*, 390 B.R. 445, 455 (Bankr. M.D. Fla. 2008) (citations omitted) ("the moving party must show by clear and convincing evidence that the respondent has violated an outstanding court order"). "The proper focus of the court's inquiry into a civil contempt petition is not the subjective belief or intent of the alleged contemnor, but whether the order was in fact violated." *Barnette*, 902 F. Supp. at 1532 (citation omitted).

First, Plaintiff clearly violated the Court's order. In filing a second amended complaint that omitted Roberto from the entire body of the pleading but kept him in only the caption, Plaintiff gave an illusion of keeping Roberto as a Defendant but, in reality, dropped him. Because it did in fact drop Roberto Roldan as a Defendant, Plaintiff violated

this Court's order.

It is well established in the Eleventh Circuit that "the complaint itself, not the caption, controls the identification of the parties and the capacity in which they are sued." *Welch v. Laney*, 57 F.3d 1004, 1010-11 (11th Cir. 1995) (citing *Lundgren v. McDaniel,* 814 F.2d 600, 604 n. 2 (11th Cir. 1987)). "[A]lthough captions provide helpful guidance to the court, they are not determinative as to the parties to the action or the court's jurisdiction." *Lundgren*, 814 F.2d at 605 (citing 5 C. Wright & A. Miller, Federal Practice & Procedure § 1321, pp. 458-59 (1969)). *See also Haynes v. Owens*, No. 5:13-CV-339-MTT-MSH, 2013 WL 5347387, at *2 (M.D. Ga. Sept. 23, 2013) (although a plaintiff included the Georgia Department of Corrections in the caption, he did not include it in the body of his complaint; therefore, it was not a party defendant); *McReynolds v. Cotton States Ins.*, No. 2:05 CV 232 MEF, 2005 WL 2146034, at *2 (M.D. Ala. Aug. 31, 2005) (where would-be-defendants were completely omitted from the body of the complaint and only mentioned in the caption, they were not parties). *Accord*, *Altamonte Hitch & Trailer Serv., Inc. v. U-Haul Co. of E. Fla.*, 498 So. 2d 1346, 1347 (Fla. 5th Dist. Ct. App. 1986) ("The naming of an individual or entity in the caption is not a sufficient basis to warrant inclusion in the

action if the party is not mentioned in the body of the complaint"); *Hoffman v. Halden,* 268 F.2d 280, 303 (9th Cir. 1959) ("the determination of whether or not a defendant is properly in the case hinges upon the allegations in the body of the complaint and not upon his inclusion in the caption").

The caption of Plaintiff's second amended complaint makes it appear that Roberto and Angel Roldan are both "Defendants," but the body shows otherwise. The introduction states only, "Plaintiff, Malibu Media, LLC, sues Defendant Angel Roldan, and alleges" (Doc. 61 at 1). The "Parties" section makes mention of only one Defendant, ANGEL ROLDAN (Doc. 61 at 2 ¶ 8). Throughout the entire, single-count pleading, "Defendant" is referred to in the singular rather than plural. It is clear, from a reading of the second amended complaint, that the only "Defendant" is ANGEL ROLDAN.

Therefore, although Plaintiff created the guise of maintaining Roberto Roldan as a Defendant by keeping him in the caption, it effectively dropped him as a party — which is what the Court explicitly told Plaintiff to not do. This Court expressly had ordered: "[T]he Court will not permit Plaintiff to drop Roberto Roldan as a party to this action." According to a reading of the second amended complaint, as well as the 11th Circuit jurisprudence as shown in *Welch* and

*Lundgren*, Plaintiff did exactly what the court ordered it to not do. In other words, it violated the court's order. As the second amended complaint speaks for itself, clear and convincing evidence is shown.

"This clear and convincing proof must . . . demonstrate that (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous; and (3) the alleged violator had the ability to comply with the order." *McGregor v. Chierico,* 206 F.3d 1378, 1383 (11th Cir. 1992); *quoted by S.E.C. v. Kirkland*, No. 6:06CV183 ORL28KRS, 2007 WL 2381543, at *3 (M.D. Fla. Aug. 17, 2007) (citation omitted). In this case, the order, entered on February 26, 2015, (Doc. 58) was unquestionably valid and lawful. Next, the Court was clear, definite, and unambiguous in stating that it "will not permit Plaintiff to drop Roberto Roldan as a party to this action." (Doc. 58 at 2.)  The order further, unambiguously clarified that Plaintiff was allowed to file a second amended complaint naming Angel Roldan as an additional defendant" (Doc. 58 at 2 ¶ 2). There is no ambiguity; it was clear that Roberto Roldan was to remain a party defendant and Angel Roldan could be brought in as an *additional* defendant. Finally, Plaintiff could have easily complied with the order by simply adding Angel Roldan as an *additional* defendant in

the second amended complaint. Plaintiff is an experienced litigant and amply represented by a team of attorneys. Plaintiff, by and through its counsel, surely knows what a "party" is and what it means to add an "additional defendant." If Plaintiff found any ethical dilemma with filing an amended pleading against Roberto, even though the Court told it to do that, it could have asked the court to, in the alternative, dismiss its claims against Roberto (or it could have made clear in the amendment that it was including Roberto as a Defendant pursuant to the court order, which would have provided a sufficient legal basis for continuing the claim).

### B. Plaintiff's actions were willful

Next, in its actions of violating the court's order, Plaintiff acted "willfully." Willfulness, however, is not required for a finding of civil contempt. *Miller v. Carson*, 550 F. Supp. 543, 545 (M.D. Fla. 1982) (citing *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 197 (1949)). But, when — as here — a contemnor violates a lawful and reasonably specific order *willfully,* the act constitutes "criminal contempt." *Romero v. Drummond Co.,* 480 F.3d 1234, 1242 (11th Cir. 2007); *U.S. v. Bernardine,* 237 F.3d 1279, 1282 (11th Cir. 2001); *see also Baldwin,* 770 F.2d at 1557-58.

"Willfulness means a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of an order." *U.S. v. Straub,* 508 F.3d 1003, 1012 (11th Cir. 2007), *cert. denied,* 129 S.Ct. 40 (2008); *see also Baldwin,* 770 F.2d at 1558. "Under this standard of intent, behavior amounting to a reckless disregard for the administration of justice is sufficient to support a conviction when violative of a reasonably specific court order." *United States v. Burstyn,* 878 F.2d 1322, 1324 (11th Cir. 1989) (noting that the requisite intent may be inferred when "a lawyer's conduct discloses a reckless disregard for his professional duty"); *quoted by In re Dickstein*, No. 3:10MC63 MCR EMT, 2010 WL 4282171, at *1 (N.D. Fla. Oct. 21, 2010).

Plaintiff's violation of the court order was not accidental, inadvertent, or negligent. In its motion to substitute parties, Plaintiff explained to the court that its intended claims against Angel Roldan were "identical to the claims" it had made against Roberto (Doc. 53 at 6). The subsequently crafted second amended complaint expressly substitutes the name "Angel Roldan" throughout places, such as the introduction, where "Roberto Roldan" had previously been named. Plaintiff took special care to craft this pleading,

which goes as far as to claim that Angel Roldan's alleged infringement [1] was the cause behind Plaintiff's improper litigation "against Defendant's son, Roberto Roldan." (Doc. 61 at 5 ¶ 34.)  As is shown in the express wording of the second amended complaint, Plaintiff was very careful — and very clear — to ensure that Angel Roldan was the single and only Defendant, and that it was removing its claims against Roberto Roldan.  The fact that Plaintiff refers to Roberto as "Defendant's son" rather than "co-Defendant" or any other label shows affirmatively that Plaintiff knew that it was writing Roberto out of the lawsuit in this amendment.

Plaintiff's willingness is further evident when taking into consideration its motive and knowledge.  Plaintiff knows its claims against Roberto were made wrongly, that Roberto did not even live in the house with the relevant Internet account.  It knows that Roberto, having been wrongly sued, made claims for his attorney fees against Plaintiff as "prevailing party."  However, Plaintiff will do anything to get out of paying "prevailing party" attorney fees, as Plaintiff, remarkably, believes that *it* is the wronged party.  It seems to blame everyone but itself for its having sued and litigated

---

[1] Roberto Roldan does not agree that his father, Angel Roldan, downloaded Plaintiff's works and contends, as does Angel Roldan, that his parents' router was hacked and accessed by a neighbor.

improperly against Roberto. It first blames Roberto's father, Angel Roldan, who was not even a party, and seeks fees against him pursuant to the Wrongful Act Doctrine (Doc. 61). It also blames Roberto's attorney and seeks fees against her pursuant to 28 U.S.C. § 1927 (Doc. 67). Clearly, Plaintiff is motivated to not want to pay "prevailing party" attorney fees.

Plaintiff also knows that mediation is around the corner (Doc. 64, notice of mediation for April 29, 2015), and that Roberto was ordered to attend (Doc. 58 at 3 ¶ 5, order that "no party is excused from attending"). Now, with Roberto's claims for fees procedurally extinguished and with Plaintiff making a claim for its own fees against both Roberto's attorney and Angel Roldan, Plaintiff's motive is to bring everyone into mediation, dangle its "Wrongful Act Doctrine" and section 1927 claims over their heads, and attempt to collect rather than making payment itself.

Therefore, even though Plaintiff may try to argue that it wrote Roberto out of the lawsuit "accidentally"; its doing so was no accident. It was not inadvertent. It was not in good faith. It was purposeful, and done with intent, with no regard for the administration of justice.

## II. **Plaintiff's Act has Prejudiced Roberto Roldan**

Effectively dropped as a party, stripped of his standing

to claim "prevailing party" attorney's fees, yet still on the docket and forced to attend mediation, Roberto Roldan has been greatly prejudiced.

First, although Roberto Roldan wears a mask of a party, there has been no proper dismissal of the claims against him, and the claims against him no longer exist. He is, essentially, a pseudo-party, a non-entity. Yet, to the general public seeing his name on the docket, he has been being sued by a pornographer; in reality, he has no position in the case, no obligation to answer the second amended complaint. He is no longer a defendant, and, as such, he has no right to collect his costs if he prevails. He is cipher, left on the docket, forced to attend proceedings, and, to Plaintiff, he is merely included as a tool.

Pursuant to this Court's order (Doc. 64), Roberto is still forced to expend time and money to attend the April 29, 2015, mediation. If litigation continues, Roberto may also be subjected to future proceedings through to trial. Yet, at mediation and at trial, Roberto will not be able to present any defenses or clear his name. He also may never be able to recover his fees or costs if he prevails.

Finally, Roberto has a right to see the claims against him decided on the merits. A lawsuit was filed against him

improperly and, having vigorously defended his position through filing a motion for summary judgment, he has the right to a final judgment in his favor. Now, however, he has been removed as a party without an order dismissing the claims against him, and his motion for summary judgment has been effectively mooted. To allow the second amended complaint to just remove Roberto — as if the claims against him never existed — is grossly unfair. If he cannot correct the injustice of being improperly named in this lawsuit — especially with his name continuing on the docket — he will be irreparably harmed.

### IV. Conclusion and Remedy

In consideration of the forgoing, Plaintiff has clearly violated the court's order. Sanctions are in order. "District courts are afforded wide discretion in fashioning an equitable remedy for civil contempt." *McGregor*, 206 F.3d at 1389 n.5 (citation omitted); *see also Sticky Holsters, Inc. v. Tagua Leather Corp.*, No. 2:14-CV-500-FTM-38CM, 2015 WL 1349968, at *3 (M.D. Fla. Mar. 25, 2015) (citing *U.S. v. City of Miami*, 195 F.3d 1292, 1298 (11th Cir. 1999); *see also* 18 U.S.C.A. § 401(3) (giving the court power to issue sanctions at its discretion for contempt by disobedience or resistance to a lawful order). Sanctions may serve to coerce the

contemnor to comply with a court order or compensate a party for losses suffered as a result of the contemnor's act. *McGregor*, 206 at 1389 (citation omitted).

WHEREFORE, Former Defendant ROBERTO ROLDAN respectfully requests that this Honorable Court enter an order requiring Plaintiff to SHOW CAUSE why it should not be found in contempt for willfully violating the Court's Order. ROBERTO ROLDAN further asks this Court to find Plaintiff in contempt and, as a SANCTION:

(1) Strike the second amended complaint (Doc. 61), which was filed in violation of the Court's order; then, with the second amended complaint striken,

(2) Enter a final judgment, on the merits, in Roberto's favor as to the first amended complaint, either by granting Roberto's motion for summary judgment or entering a dismissal with prejudice, and declaring Roberto "prevailing party" and entitled to an award of attorney's fees pursuant to 17 U.S.C. § 505;

(3) Award Roberto Roldan his reasonable attorney's fees and costs in bringing this motion and all other costs necessary to pursue this issue; and

(4) Award any other monetary amount this Court deems necessary to coerce Plaintiff to comply with its order; and

(5) Enter any other relief as is just and proper.

**RULE 3.01(g) CERTIFICATE OF GOOD-FAITH CONFERENCE**

Prior to filing this motion, the undersigned conferred telephonically with the attorney for Plaintiff, who said Plaintiff was opposed to the relief requested herein.

/s/ Cynthia Conlin, Esq.
Cynthia CONLIN, ESQ.
Florida Bar No. 47012

**CERTIFICATE OF SERVICE**

I hereby certify that on **March 30, 2015**, I filed electronically the foregoing with the Clerk of the Court via CM/ECF system which will notify all persons authorized to receive notices of electronic filing.

*Attorney for Roberto Roldan:*

**Cynthia Conlin, P.A.**
543 Hillcrest Street
Orlando, Florida 32803-4809
Tel. 405-965-5519
Fax 405-545-4395
www.conlinpa.com

/s/ Cynthia Conlin, Esq.
Cynthia CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@cynthiaconlin.com
Jeff@cynthiaconlin.com