**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Case No. 8:13-cv-03007-JSM-TBM |
| v. | ) |
| ROBERTO ROLDAN & ANGEL ROLDAN, | ) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO ROBERTO ROLDAN'S MOTION FOR ORDER TO SHOW CAUSE**

Plaintiff, Malibu Media, LLC ("Plaintiff") opposes Defendant Roberto Roldan's ("Roberto") motion for order to show cause, and files the following memorandum.

### I.   INTRODUCTION

This Court's Order (CM/ECF 58) prohibited Plaintiff from dropping Roberto as a defendant. Plaintiff did not do so. Plaintiff's Second Amended Complaint merely fails to allege Roberto infringed. Plaintiff could not allege Roberto infringed without violating Rule 11 and Florida's bar rules. Had Plaintiff alleged Roberto infringed, he would have sought Rule 11 sanctions and cross-claimed for abuse of process and malicious prosecution. Roberto believes Plaintiff is in a heads he wins, tails Plaintiff loses scenario. Roberto is wrong. Plaintiff complied with this Court's Order. Roberto remains a nominal party. Thus, this Court's Order was not violated. It is as simple as that.

### II.   FACTS

Plaintiff sued Roberto for unlawfully downloading and distributing forty (40) of Plaintiff's copyrighted movies. *See* CM/ECF 8. For five months, Roberto denied the infringement, while his attorney withheld exculpatory evidence. *See* CM/ECF 67. Once Roberto

1

produced the withheld evidence, Plaintiff corroborated it. Thereafter, Plaintiff sought leave to substitute Roberto's father ("Angel") as the defendant. *See* CM/ECF 53. This Court allowed Angel's addition, but stated it "will not permit Plaintiff to drop Roberto…." CM/ECF 58. The Order did not require Plaintiff to allege Roberto infringed. *See id.*

On March 5, 2015, Plaintiff filed a Second Amended Complaint, retaining Roberto as a nominal defendant. *See* CM/ECF 61. On March 24, 2015, Roberto's attorney filed an Answer and Counterclaim, falsely alleging Plaintiff is "continuing to litigate against Roberto without sufficient facts…." CM/ECF 68. Since Plaintiff did not allege Roberto infringed, the Counterclaim's unjustified allegations violated Rule 11. On March 26, 2015, counsel conferred, and Roberto's attorney withdrew the Counterclaim, representing it was "filed in error." CM/ECF 72.

Amazingly, two days later, Roberto's attorney requested Plaintiff file a Third Amended Complaint alleging Roberto infringed. Undersigned refused. Everyone acknowledged doing so would violate Rule 11. Roberto's attorney expressed frustration at being unable to plot a course toward becoming the prevailing party. Undersigned advised Roberto's counsel to file an *unopposed* 12(b)(6) motion seeking dismissal:

> We did not plead a claim against your client upon which relief can be granted on purpose—it violated Fed. R. Civ. P. 11 and we have a duty to plead in good faith. We would not oppose a 12(b)(6) motion. Please be advised that because we agree to stipulate to this, additional work and any complex motions will only be construed to vexatiously multiply the proceedings in an effort to increase your fees. A simple 12(b)(6) motion should suffice. …

*See* emails attached as Exhibit "A." Further, undersigned wrote the motion for Roberto's attorney:

> Any such motion could be well drafted in one paragraph which states: To plead a cause of action for copyright infringement one must allege ownership of a copyright and that the Defendant infringed. Cite one case. Plaintiff did not allege that Defendant infringed. Therefore, Plaintiff's case against Defendant Roberto

2

> Roldan should be dismissed. Plaintiff does not oppose the entry of an order granting Defendant the relief requested herein.[1]

*Id.*

The whole email exchange first reminded undersigned of Soren Kierkegaard's famous quote "[t]here are two ways to be fooled. One is to believe what isn't true; the other is to refuse to believe what is true." Upon reflection, however, no lawyer can reasonably think the subject Order required Plaintiff to violate Rule 11. Thus, John Steinback's quote "[s]ometimes a man wants to be stupid if it lets him do a thing his cleverness forbids" must apply. No other explanation makes sense.[2] Roberto's attorney ignored the plain language of the Order and undersigned's advice, choosing instead to file this unreasonable, baseless, and vexatious Motion, which further multiplies the proceedings. *See* CM/ECF 75.

### III.  ARGUMENT

To hold a party in civil contempt, a court must find by clear and convincing evidence that it violated a "clear, definite and unambiguous," "valid and lawful" court order, notwithstanding its ability to comply. *See* CM/ECF 75 at p. 4, 7 (citing *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000); *U.S. v. Barnette*, 902 F. Supp. 1522, 1532 (M.D. Fla. 1995)). Roberto's show cause motion fails because no such finding can be made.

#### A.  Plaintiff Should Not Be Held In Contempt

##### i.  Plaintiff Did Not Violate This Court's Order

This Court's Order prohibited Plaintiff from dropping Roberto as a party. Significantly, it did not require Plaintiff plead Roberto infringed. *See* CM/ECF 58 at p. 2. Plaintiff did not

---

[1] Shortly before this email, undersigned first recommended Roberto move for summary judgment, and agreed to stipulate to same. *See* Ex. A. Upon reflection, that did not make sense because Plaintiff did not re-allege Roberto infringed. The proper procedure is either a Rule 12(b)(6) or 12(c) motion.

[2] Roberto's attorney's frustration at being unable to identify the correct procedure neither explains nor justifies her filing a factually and legally frivolous motion. Her retaliatory bad faith, in light of Plaintiff's 28 U.S.C. § 1927 motion (CM/ECF 67), is obvious.

3

drop Roberto. Roberto agrees Plaintiff retained him as a nominal defendant. *See* CM/ECF 75 at p. 3. Roberto also agrees he will be "subjected to future proceedings." *Id.* at p. 12. Accordingly, Roberto concedes he has not been dropped. Thus, the subject Motion fails. No further analysis is necessary.

### ii. The Eleventh Circuit Allows Nominal Defendants

Roberto argues his nominal party status is disallowed under Eleventh Circuit jurisprudence. *See* CM/ECF 75 at p. 3–6. Roberto is wrong. The Eleventh Circuit readily permits nominal parties, typically defined as "a party who, having some interest in the subject matter of a lawsuit, will not be affected by any judgment but is nonetheless joined [or retained] in the lawsuit…." *Career Network, Inc. v. Wot Servs., Ltd.*, No. 6:10-cv-1826, 2011 WL 397906, *2 (M.D. Fla. Feb. 3, 2011); *see also, e.g.*, *Seminole Tribe of Fla. v. Fla. Dept. of Revenue*, 750 F.3d 1238, 1243 (11th Cir. 2014) (holding individual officers may be nominal defendants in a suit against a state); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing*, 427 F.2d 325, 327 (5th Cir. 1970) (holding formal parties may remain nominal parties even though not implicated in the remaining claims); *In re Wiand*, No. 8:10-cv-71, 2011 WL 4530203, *3, n.8 (M.D. Fla. Sept. 29, 2011) (observing that a nominal defendant with no interest in the subject of litigation, may still be included as a party to aid in the adjudication).

### iii. Roberto's Cases Do Not Stand For The Proposition That Nominal Parties Are Disallowed

The six cases Roberto cites to erroneously argue nominal parties are disallowed do not so hold.

#### a. Four Of Roberto's Cases Merely Hold That The Caption Does Not Control Who Is A Party

Roberto first cites *Welch v. Laney*, 57 F.3d 1004 (11th Cir. 1995) and *Lundgren v. McDaniel*, 814 F.2d 600 (11th Cir. 1987). In *Welch*, the Court stated "the complaint itself, not

4

the caption, controls the identification of the parties and the capacity in which they are sued." *See* CM/ECF 75 at p. 5 (citing *Welch*, 57 F.3d at 1010–11). As the *Lundgren* Court explained, "[a]lthough captions provide helpful guidance to the court, they are not determinative as to the parties to the action or the court's jurisdiction." *Id.* (citing *Lundgren*, 814 F.2d at 604 n.2). Neither of these cases hold nominal parties are improper. Rather, these cases merely hold construing a complaint's caption inconsistently with its allegations is improper. *See Welch*, 57 F.3d at 1010–11 (finding district court erred by using complaint's caption's reference to a defendant's *individual* capacity as a basis to dismiss a cause of action against defendant in his *official* capacity); *Lundgren*, 814 F.2d at 604 n.2 (holding defendants were sued solely in their individual capacities, notwithstanding complaint's contrary caption).

Roberto's citations to *Hoffman v. Halden*, 268 F.2d. 280 (9th Cir. 1959) and *Altamonte Hitch & Trailer Serv., Inc. v. U-Haul Co.*, 498 So.2d 1346, (Fla. 5th DCA 1986) are likewise misconstrued. In *Hoffman*, the plaintiff's Amended Complaint sued defendants not originally named. *See Hoffman*, 268 F.2d at 303–04. The Amended Complaint did not contain a caption, but the Court ruled this was not necessary to determine whether the new defendants were proper parties. The Court explained "the caption of an action is only the handle to identify it and ordinarily the determination of whether or not a defendant is properly in the case hinges upon the allegations in the body of the complaint…." *Id.* In *Altamonte*, the Court ruled a party could not recover fees from a defendant since the defendant was only listed in the caption but was not identified "anywhere in the body as a person against whom relief was sought. The general rule is that the body of the complaint, and not the caption, determines who is a party to the action." *Altamonte*, 498 So.2d at 1347. Plainly, *Hoffman* and *Altamonte* did not concern the propriety of nominal parties generally.

5

### b. Roberto's Two Remaining Cases Are Inapplicable Because Roberto's Nominal Party Status Does Not Interfere With Jurisdiction And Is Necessary

Roberto's remaining two cases—*Haynes v. Owens*, 5:13-cv-339, 2013 WL 5347387 (M.D. Ga. Sept. 23, 2013) and *McReynolds v. Cotton States Ins.*, No. 2:05-cv-232, 2005 WL 2146034 (M.D. Ala. Aug. 31, 2005)—are factually distinguishable. In *McReynolds*, the plaintiffs removed a suit to federal court based on diversity jurisdiction, and then sought leave to add counts against nominal non-diverse defendants. The Court declined to allow the amendment because it would destroy diversity jurisdiction. *See McReynolds*, 2005 WL 2146034 at *3. That rationale is inapplicable here.

*Haynes* is also distinguishable. There, a *pro se* prisoner sued state employees but included the Department of Corrections in the Complaint's caption. The Court held the Department was not a defendant because the Complaint's allegations did not mention it and there was no apparent need for its involvement. Conversely, here, there is a need for Roberto's involvement: this Court ruled Roberto could not be dropped. *See* CM/ECF 58. Roberto's nominal inclusion is also appropriate insofar as his rights may be affected by this Court's resolution of Plaintiff's wrongful act doctrine claim.[3] Moreover, unlike in *Haynes*, the body of Plaintiff's Second Amended Complaint contains numerous factual allegations concerning Roberto. Roberto's contention that he is "entirely removed" from the body of Plaintiff's Second Amended Complaint is wrong. He is referred to therein thirteen (13) times. *See* CM/ECF 61.

---

[3] Plaintiff's Second Amended Complaint alleges its entitlement to recover special damages against Angel under the wrongful act doctrine. *See* CM/ECF 61 at p. 6. When procedurally proper, Roberto will undoubtedly move for prevailing party attorney's fees. That Motion should be denied for reasons too numerous to explain here. But, nevertheless, *see Malibu Media LLC v. Pelizzo*, No. 14-11795, 2015 WL 1346241 (11th Cir. Mar. 26, 2015) (denying fees to prevailing defendant because Plaintiff acted reasonably and its suits further the interests of the Copyright Act). Significantly, retaining Roberto as a nominal party is also proper because Plaintiff's prayer for fees under the wrongful act doctrine against Angel may impact Roberto's claim for fees against Plaintiff.

6

      **iv.    Sanctions Should Not Be Entered Because The Court's Order Did Not Require Plaintiff To Allege Roberto Infringed**

Nothing in this Court's Order clearly, definitely, or unambiguously directs Plaintiff to plead Roberto infringed. This is fatal to Roberto's contempt Motion since "[p]arties cannot be held in contempt unless they have violated a *clear, definite*, and *unambiguous*" directive. *Doe, 1-13 ex rel. Sr. 1-13 v. Bush*, 261 F.3d 1037, 1059 (11th Cir. 2001); *see, e.g.*, *Riccard v. Prudential Ins. Co.*, 307 F. 3d 1277, 1297 (11th Cir. 2002) ("The injunction prohibited Riccard from filing … against 'Prudential, its affiliates, or subsidiaries.' The attorneys who have represented Prudential in its struggles with Riccard are not Prudential, nor are they its affiliates or subsidiaries. The injunction said nothing about Prudential's attorneys. For these reasons, we conclude that it did not clearly and unambiguously prohibit Riccard from filing with bar associations ethical complaints against those attorneys."); *Schiff v. Grenough*, No. 8:11-mc-45, 2012 WL 5493646, *4 (M.D. Fla. Oct. 22, 2012) (declining to find civil contempt where the court's directive lent itself to different interpretations so was neither clear nor unambiguous).

      **v.    Sanctions Should Not Be Entered Because Plaintiff Did Not Willfully Violate An Order**

A party should not be found in civil contempt unless he "*knowingly and willfully* violated a definite and specific court order." *In re Dorado Marine, Inc.*, 343 B.R. 711, 713 (M.D. Fla. 2006) (emphasis supplied). Here, Plaintiff retained Roberto as a nominal defendant in good faith to comply with this Court's Order. Assuming *arguendo* this Court believes its Order required Plaintiff to allege Roberto infringed, Plaintiff's good faith precludes a finding of willfulness or the imposition of contempt sanctions. *See, e.g.*, *Delta Sigma Theta Sorority, Inc. v. Bivins*, No. 2:14-cv-147, 2015 WL 1400435, *2 (M.D. Fla. Mar. 26, 2015) ("Generally, conduct that evinces substantial but not complete compliance with a court's order may be excused in a contempt proceeding if it was made as part of a good-faith effort at compliance.").

### vi. An Order Requiring Plaintiff To Plead Roberto Infringed Would Have Been Invalid And Therefore Plaintiff Would Have Been Excused From Complying

"[T]here can be no contempt finding where compliance with an order would require a party to violate the law." *In re Marriage of Kneitz*, 793 N.E.2d 988, 992–93 (Ill. App. Ct. 2003) (discussing this obvious but rarely implicated rule of law); *cf. Brown v. Crawford County*, 960 F.2d 1002, 1008 (11th Cir. 1992) (holding district courts are prohibited from enacting local rules requiring a party to circumvent the Federal Rules of Civil Procedure). If this Court's Order required Plaintiff to plead Roberto infringed—which it did not—the Order would have impermissibly required Plaintiff to violate Rule 11 and Florida's bar rules. *See* Fed. R. Civ. P. 11(b)(3); Fla. R. Prof. Cond. 4–3.1. Consequently, Plaintiff's noncompliance would be excused. *See In Re Managed Care*, 756 F.3d 1222, 1234 (11th Cir. 2014) ("[T]he law is clear that invalidity of the underlying order is a defense to a civil contempt citation"); *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1356 (5th Cir. 1978) (same).

## B. Roberto's Irrelevant False Claims Of Prejudice Should Fall On Deaf Ears

Roberto argues his inclusion as a nominal defendant causes him prejudice. He is wrong. Regardless, Roberto's claims are self-inflicted, not real, and are totally irrelevant.

### i. Plaintiff Offered To Stipulate To Roberto's Prevailing Party Status, But Roberto's Attorney Refused And Filed This Vexatious Motion Instead

Roberto correctly argues "he has the right to a final judgment in his favor." CM/ECF 75 at p. 13. A dismissal with prejudice is tantamount to a final judgment. Plaintiff would stipulate to a dismissal with prejudice, as evidenced by Plaintiff's initial offer to stipulate to summary judgment being entered in Roberto's favor. *See* Ex. A. As explained *supra*, upon further reflection, the proper procedure to dismiss Roberto is either a 12(b)(6) or 12(c) motion. Leaving Roberto as a nominal party does not preclude a dismissal with prejudice. Thus, Roberto is not

prejudiced.

### ii. Plaintiff Would Have Allowed Roberto To Litigate Anonymously, But Roberto's Attorney Chose Not To File The Requisite Motion

Roberto's next concern is irrelevant and largely self-inflicted. Roberto complains that "to the general public seeing his name on the docket, he has been being [sic] sued by a pornographer. … If he cannot correct the injustice of being improperly named in this lawsuit—especially with his name continuing on the docket—he will be irreparably harmed." CM/ECF 75 at p. 12–13. Significantly, Roberto could have moved to proceed anonymously. His counsel knows Plaintiff would not have opposed.[4] Any reputational damage is therefore largely self-inflicted and the product of Roberto's attorney's negligence. Blaming Plaintiff for this avoidable issue is not fair.

### iii. Mediation Serves An Important Purpose, And The Court's Instruction To Mediate Is Not Prejudicial To Anyone

Roberto next argues his inclusion as a nominal defendant forces him "to expend time and money to attend the April 29, 2015, mediation. If litigation continues, Roberto may also be subjected to future proceedings through to trial." CM/ECF 75 at p. 12. Roberto and Plaintiff dispute their respective entitlements to attorney's fees, so this Court's Order requiring mediation makes perfect sense. *See* CM/ECF 58 at p. 3. A mediation will not prejudice anyone. Rather, it "facilitates compromise and resolution, which saves the parties', the court's, and the public's resources." *Chancey v. Hartford Life & Acc. Ins. Co.*, 844 F. Supp.2d 1239, 1240 (M.D. Fla. 2011). Other than the fee dispute, there is nothing left for Roberto to do in this case. If he thereafter needlessly "expend[s] time and money [preparing for] future proceedings through to trial," he will do so based upon the bad advice of his attorney. CM/ECF 75 at p. 12.

---

[4] On countless occasions Roberto's attorney has moved to allow her clients to proceed on the record anonymously. If Roberto was concerned with being named publicly, as he now claims, his attorney could have—and should have—filed an appropriate motion.

### iv. Roberto Can—But Should Not—Recover His Fees And Costs

Finally, Roberto argues he is prejudiced because he "may never be able to recover his fees or costs." CM/ECF 75 at p. 12. This is wrong as a matter of law. The parties' respective entitlement to attorneys' fees will eventually be decided consistent with the Copyright Act, 28 U.S.C. § 1927, and the wrongful act doctrine. Roberto's erroneous argument that he will suffer prejudice unless Plaintiff, as opposed to his attorney or Angel, pays him his out-of-pocket costs and fees fails "because money is fungible, the recipient cares not from whence it came." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1345 (11th Cir. 2011); *U.S. v. Townhomes of Kings Lake HOA, Inc.*, No. 8:12-cv-2298, 2013 WL 807152, *4 (M.D. Fla. Mar. 5, 2013) (same).[5]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Roberto's Motion be denied, and that the Court grant Plaintiff any additional and further relief deemed appropriate.

Dated: April 15, 2015

    Respectfully submitted,

    LIPSCOMB EISENBERG & BAKER, PL

    By: /s/ *Daniel C. Shatz*
    **M. Keith Lipscomb, Esq.**
    Florida Bar No. 429554
    klipscomb@lebfirm.com
    **Daniel C. Shatz, Esq.**
    Florida Bar No. 94696
    dshatz@lebfirm.com
    **Emilie Kennedy, Esq.**
    Florida Bar No. 92808
    ekennedy@lebfirm.com
    2 South Biscayne Blvd.
    Penthouse 3800

---

[5] It is again worth noting that Plaintiff suspects Roberto's attorney represents Roberto either entirely or in large part on a contingency. If this is true, he may not have paid anything out of pocket anyway.

Miami, FL 33131  
Telephone: (786) 431-2228  
Facsimile:  (786) 431-2229  
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on April 15, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: <u>/s/ *Daniel C. Shatz*\</u>