# Emilie Kennedy

**From:** Emilie Kennedy
**Sent:** Monday, March 30, 2015 7:19 PM
**To:** 'Cynthia Ariel Conlin'
**Cc:** Keith Lipscomb; Daniel Shatz
**Subject:** RE: Malibu Media v. Roberto Roldan - conferral update

Cynthia,

Sorry I thought my prior emails were clear.  No, we will not do that because it will violate Rule 11.  We also will not withdraw our second amended complaint since the Court instructed us to file it.

Best,

Emilie

**From:** Cynthia Ariel Conlin [mailto:cynthia@cynthiaconlin.com]
**Sent:** Monday, March 30, 2015 7:14 PM
**To:** Emilie Kennedy
**Cc:** Keith Lipscomb
**Subject:** Re: Malibu Media v. Roberto Roldan - conferral update

You still have not responded to me.  Are you going to file a third amended complaint (after asking the court for leave to do so) that includes both Defendants - plural - in all references to Defendant in the cause of action?  That is the only solution.  Either you file the pleading as the court told you to do so, or you will have to withdraw the second amended complaint.

Cynthia

---

**Law Office of Cynthia Conlin, P.A.**
1643 Hillcrest Street
Orlando, FL 32803
Tel: 407-965-5519  or 1-888-323-5993
Fax: 407-545-4397
www.ConlinPA.com

---

On Mon, Mar 30, 2015 at 3:36 PM, Cynthia Ariel Conlin <cynthia@cynthiaconlin.com> wrote:
If you will not withdraw the document, you would have to amend it again.  You cannot stipulate to something that does not exist.  He is clearly no longer a defendant.  He has been written out of the second amended complaint.  THe only way to make him a party is for him to be included in the pleading.  Not in the caption, but in the body of the pleading, as a party.  You were supposed to amend your complaint to "add" an additional party but not take away.  You were not supposed to remove the claims against him, but you did so anyway. Therefore, I'm going to have to ask the court for relief.

**Law Office of Cynthia Conlin, P.A.**
1643 Hillcrest Street
Orlando, FL 32803
Tel: 407-965-5519  or 1-888-323-5993
Fax: 407-545-4397
www.ConlinPA.com

On Mon, Mar 30, 2015 at 3:24 PM, Emilie Kennedy <EKennedy@lebfirm.com> wrote:

We will not withdraw our second amended complaint.  We'll stipulate to Roberto being a party, but we won't withdraw.

**From:** Cynthia Ariel Conlin [mailto:cynthia@cynthiaconlin.com]
**Sent:** Monday, March 30, 2015 3:11 PM
**To:** Emilie Kennedy
**Cc:** Keith Lipscomb

**Subject:** Re: Malibu Media v. Roberto Roldan - conferral update

No.  I've made myself clear but you keep on trying to twist my words.  As I clearly explained, I am saying that the order said you cannot drop Roberto as a party, but you did it anyway.  Therefore, the second amended complaint was entered without a determination being made on the merits as to Roberto and is improper.  If you did not want to include him as a party, you should have asked the court to dismiss him --- before you filed your second amended complaint.  By filing the second amended complaint, you just cut him out, removed him as a party, which is improper.  That is what I am saying.  Therefore, you need to withdraw that pleading, and then ask a determination be made on the merits.  If you will not do that, I will ask the court to do that.  Please let me know if you are willing to withdraw  your second amended complaint and then ask the court to dismiss Roberto with prejudice.  If you will not withdraw your second amended complaint, I will ask the court to do so, as I explained before.

**Law Office of Cynthia Conlin, P.A.**
1643 Hillcrest Street
Orlando, FL 32803
Tel: 407-965-5519  or 1-888-323-5993
Fax: 407-545-4397
www.ConlinPA.com

On Mon, Mar 30, 2015 at 2:32 PM, Emilie Kennedy <EKennedy@lebfirm.com> wrote:

Cynthia,

Are you requesting that we amend our complaint and violate Rule 11 by pleading that he committed the infringement, or some other claim against him?  If that is what you are requesting, you have to understand we cannot do that.

Best,

Emilie

**From:** Cynthia Ariel Conlin [mailto:cynthia@cynthiaconlin.com]
**Sent:** Monday, March 30, 2015 2:11 PM
**To:** Emilie Kennedy

**Subject:** Re: Malibu Media v. Roberto Roldan - conferral update

No, he is not a party. The caption does not decide the parties to the case -- the body of the complaint decides that.  It is the law.  Check Wright & Miller on the topic.  Regardless, if you will not fix the problem inherent in the second amended complaint I have no choice but to ask the Court to do so.  The second amended complaint must be stricken because in drafting it, you dropped my client as a party.  Once he is a party, then a decision can be entered on the merits.  But he needs to be remade a party.

Cynthia



Law Office of Cynthia Conlin, P.A.
1643 Hillcrest Street
Orlando, FL 32803
Tel: 407-965-5519  or  1-888-323-5993
Fax: 407-545-4397
www.ConlinPA.com

On Mon, Mar 30, 2015 at 1:42 PM, Emilie Kennedy <EKennedy@lebfirm.com> wrote:

Cynthia,

We intentionally set up a 12(b)(6) motion for you because we could not plead a claim against him without violating Rule 11. Your client is still a nominal party – he is still in the caption and has not been dismissed from the case. The only way he wouldn't be a party is if the Court dismissed him. The Court advised us that it would not permit us to dismiss him. It is correct, we do not have that power. In the amended complaint, we did not do so, we just did not allege a count against him. Your argument that he is not a party because we did not plead a legally cognizable count against him is incorrect. If it were correct, then every time a plaintiff lost a 12(b)(6) motion the named defendant would under your theory, not be a party. That is not the law.

Best,

Emilie

**From:** Cynthia Ariel Conlin [mailto:cynthia@cynthiaconlin.com]
**Sent:** Monday, March 30, 2015 1:00 PM

**To:** Emilie Kennedy
**Cc:** Keith Lipscomb; Daniel Shatz; Jennifer Reed
**Subject:** Re: Malibu Media v. Roberto Roldan - conferral update

I cannot at this time file a 12(b)(6) on Roberto's behalf because he is no longer a party. You removed him as a defendant. As I said before, first, the second amended complaint must be stricken or withdrawn so that he will be a defendant again. Then, a decision must be made on the merits as to the claims against Roberto existing within the first amended complaint. If you are unwilling to agree to this relief, I will have to ask the court to do so, as I said during our telephone call.

Cynthia



**Law Office of Cynthia Conlin, P.A.**
1643 Hillcrest Street
Orlando, FL 32803
Tel: 407-965-5519  or 1-888-323-5993
Fax: 407-545-4397
www.ConlinPA.com

---

On Mon, Mar 30, 2015 at 12:53 PM, Emilie Kennedy <EKennedy@lebfirm.com> wrote:

Upon further reflection your motion for summary judgment is moot.  You're only procedural recourse is to file a 12(b)(6) motion.  Any such motion could be well drafted in one paragraph which states:

To plead a cause of action for copyright infringement one must allege ownership of a copyright and that the Defendant infringed.  Cite one case.  Plaintiff did not allege that Defendant infringed.  Therefore, Plaintiff's case against Defendant Roberto Roldan should be dismissed.   Plaintiff does not oppose the entry of an order granting Defendant the relief requested herein.

Best,

Emilie

---

**From:** Cynthia Conlin [mailto:cynthia@cynthiaconlin.com]
**Sent:** Monday, March 30, 2015 12:16 PM
**To:** Emilie Kennedy
**Cc:** Keith Lipscomb; Daniel Shatz; Jennifer Reed
**Subject:** Re: Malibu Media v. Roberto Roldan - conferral update

There still remains a problem. Because there is a second amended complaint, no claims exist anymore against Roberto. So the dismissal on the merits should have been entered prior to the new pleading. How can a dismissal be entered against him when there is no existing claim against him? The second amended complaint must first be withdraw or stricken, so the first amended complaint will again be the pleading of record.

--Cynthia Conlin

Warning: I either dictated this email or clumsily typed it into a really tiny keypad. Expect typos and weirdness.

On Mar 30, 2015, at 11:50 AM, Emilie Kennedy <EKennedy@lebfirm.com> wrote:

5

Cynthia,

Upon further consideration we will agree to stipulate to the Court summarily adjudicating against Roberto Roldan so long as the Court retains jurisdiction for our motion for fees under 28 U.S.C. 1927 and the Court's inherent authority. However, a 12(f) motion to strike is procedurally improper. We did not plead a claim against your client upon which relief can be granted on purpose –it violated Fed. R. Civ. P. 11 and we have a duty to plead in good faith. We would not oppose a 12(b)(6) motion. Please be advised that because we agree to stipulate to this, additional work and any complex motions will only be construed to vexatiously multiply the proceedings in an effort to increase your fees. A simple 12(b)(6) motion should suffice. If you have any additional questions, please feel free to let me know.

Best,

Emilie