**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 8:13-cv-03007-JSM-TBM |
| ) | |
| v. ) | |
| ) | |
| ROBERTO ROLDAN & ANGEL ROLDAN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION FOR FEES AND SANCTIONS AND IN OPPOSITION TO DEFENSE COUNSEL'S OPPOSING MEMORANDUM**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned Counsel and pursuant to Local Rule 3.01(d), respectfully requests leave of Court to file a brief, 5–10 page reply in support of its Motion for Entitlement to Fees and Sanctions [CM/ECF 67] and in opposition to Defense Counsel Cynthia Conlin's ("Defense Counsel") Response in Opposition [CM/ECF 76].

**I.   INTRODUCTION**

Plaintiff moved for fees on March 24, 2015 [CM/ECF 67].  On March 30, 2015, Defense Counsel filed a frivolous motion for contempt—alleging facts that confirm she ignored her discovery obligations and has not been litigating in good faith—and she filed her opposition to Plaintiff's fee motion on April 8, 2015 [CM/ECF 75–76].  Defense Counsel concedes she engaged in the misconduct of which she is accused, but she "justifies" her behavior with unsupportable misstatements of fact and law.  Plaintiff requests leave to file a reply to its fee motion so that it may fairly address Defense Counsel's new and misstated factual and legal claims.

**II.   ARGUMENT**

"The purpose of a reply brief is to rebut any new law or facts contained in the oppositions response to a request for relief before the Court." *Shaw v. U.S.*, No. 2:11-cv-481, 2012 WL 10759327,

1

*1 (M.D. Fla. Mar. 7, 2012).  This Court routinely grants leave to reply to new and misstated facts and law.  *See, e.g.*, *Ottaviano v. Nautilus Ins. Co.*, No. 8:08-cv-2204, 2009 WL 425976 (M.D. Fla. Feb. 19, 2009) (granting leave to file a reply to address misstated facts and law).  Here, this Court should grant Plaintiff leave because a reply is necessary to address the following new false statements of fact and law.

    a.  Defense Counsel falsely claims Plaintiff failed to consider Roberto's Rule 26 disclosures and initial discovery.  *See* CM/ECF 76 at p. 5.  Plaintiff's reply will show Defense Counsel's disclosures were deficient and noncompliant, and that the initial production did not foreclose the possibility that Roberto still lived at his parents' home.  Plaintiff "could not have been expected to simply take [Roberto's] word for the fact that he had not infringed [Plaintiff's] copyrights…."  *Malibu Media, LLC v. Pelizzo*, No. 14-11795, 2015 WL 1346241, *2 (11th Cir. Mar. 26, 2015).

    b.  Defense Counsel dubiously represents that Roberto "does not agree that his father, Angel Roldan, downloaded Plaintiff's works and contends … that his parents' router was hacked…."  CM/ECF 175 at p. 10 n.1.  Plaintiff's reply will show that Roberto's claim of hacking is entirely inconsistent with all of his discovery responses (which disclaimed any and all knowledge of his father's home or the infringement).  If Defense Counsel were litigating in good faith, she would not have refused Plaintiff's requests that Roberto amend and update his discovery responses, and she would have timely notified Plaintiff of Roberto's new hacking theory.  *See, e.g.*, Fed. R. Civ. P. 26(e) (requiring parties to supplement discovery responses to provide updated and correct information).

    c.  Defense Counsel falsely contends "Plaintiff only showed interest about … Roberto's hard drive" and did not request production of material exculpatory evidence.  CM/ECF 76 at p. 11.  She alternatively argues that her withholding of evidence was justified on relevancy grounds.  *See id.*  Plaintiff's reply will show that Plaintiff requested production of <u>all</u> documents that would indicate that Roberto was "not at [his] residence or within the control of [his] IP address at or around the time of infringement."  CM/ECF 54-2.  Plaintiff's reply will further explain that Defense Counsel's relevancy

2

argument is unsupportable because the withheld evidence suggested Roberto was not the infringer.  *See* Fed. R. Evid. 401 (defining relevancy as that which tends to make a fact more or less probable).

    d.  Defense Counsel erroneously argues she cannot be required to reimburse Plaintiff unless her unreasonable misconduct was undertaken with *subjective* bad faith.  *See* CM/ECF 76 at p. 8.  She insists that "[a]s a matter of strategy, without reading [it], [she] told [her associate] to shelf [a dispositive summary judgment motion that relied upon undisclosed exculpatory evidence]."  *Id.*  Plaintiff's reply will show that the question is simply whether Defense Counsel "pursued a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound."  *Torres v. City of Orlando*, 264 F. Supp.2d 1046, 1053 (M.D. Fla. 2003) (subjective bad faith need not be shown under such circumstances).  Since an attorney cannot make an "appropriate inquiry" or sound strategic decision about documents that the attorney does not even review, Defense Counsel's opposition only strengthens Plaintiff's request for reimbursement.

    e.  Defense Counsel implicitly argues that an attorney may reasonably instruct witnesses—with whom the attorney has a conflict—to violate subpoenas with which the attorney disagrees.  Plaintiff's reply will explain that this argument improperly conflates the roles of judge and advocate.  *Cf. Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, No. 07-22988, 2008 WL 2645680, *9 (S.D. Fla. June 26, 2008) ("[C]ounsel unilaterally directed the witness not to answer and left it to defendant Equifax to bring the matter before the court in the form of a motion for sanctions.  This course of conduct was improper and in violation of the Federal Rules of Civil Procedure." (citing *Nutmeg Ins. Co. v. Atwell, Vogel & Sterling*, 120 F.R.D. 504, 508 (W.D. La. 1988))).

### III.   CONCLUSION

Undersigned certifies that the requested leave is not being sought for an improper purpose, but is rather sought for the legitimate and proper purpose of allowing Plaintiff an opportunity to address Defense Counsel's new and misstated facts and law.  To that end, Plaintiff respectfully requests that the subject Motion be granted.

Respectfully submitted,

LIPSCOMB EISENBERG & BAKER, PL

By: /s/ *Daniel C. Shatz*
**M. Keith Lipscomb, Esq.**
Florida Bar No. 429554
klipscomb@lebfirm.com
**Daniel C. Shatz, Esq.**
Florida Bar No. 94696
dshatz@lebfirm.com
**Emilie Kennedy, Esq.**
Florida Bar No. 92808
ekennedy@lebfirm.com
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Daniel C. Shatz*

## CERTIFICATE OF CONFERRAL

I hereby certify that, on April 20, 2015 and prior to filing this motion, I attempted to confer in good faith with Defense Counsel via telephone and e-mail.  To avoid unnecessary and potentially prejudicial delay, undersigned files this motion notwithstanding that Defense Counsel has not yet responded to my inquiries.  Consistent with Local Rule 3.01(g), undersigned will promptly supplement the record with a statement certifying whether and to what extent Ms. Conlin consents to Plaintiff's requested leave to file a reply.

By: /s/ *Daniel C. Shatz*