**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MALIBU MEDIA, LLC,                   )
                                     )
     Plaintiff,                      )
                                     )   Civil Action No.
v.                                   )   8:13-cv-03007-JSM-TBM
                                     )
ROBERTO ROLDAN (?) and               )
ANGEL ROLDAN,                        )
                                     )
     Defendant(s).                   )
_____      )

<u>**JOINT EMERGENCY MOTION TO CONTINUE MEDIATION**</u>

COMES NOW, jointly, Defendants of Record[1], ROBERTO ROLDAN and ANGEL ROLDAN, and by and through their undersigned counsel, and hereby move this Honorable Court to continue the mediation scheduled for April 29, 2015.

**I.   <u>Introduction and Procedural History</u>**

On August 1, 2014, when the only defendant in this case was Roberto Roldan ("Roberto"), this Court entered a scheduling order providing a trial date of August 3, 2015 (Doc. 26 at 2).

On January 19, 2015, two and a half months before the discovery deadline, then-Defendant Roberto moved for summary

---

[1] This title is being used instead of "Defendants" because of the confusion over who are the actual Defendants in this case.

judgment (Doc. 36).  Plaintiff opposed, arguing that it still needed ample opportunity to take discovery (Doc. 42).

On February 10, 2015, the Court deferred ruling on summary judgment to allow Plaintiff to depose Roberto and his parents, Angel Roldan and Gladys Roldan (Doc. 45).

On February 19, 2015, after said depositions, Plaintiff moved for leave to substitute parties, seeking to drop Roberto as Defendant and substitute Angel Roldan in his place. (Doc. 53.)  Roberto opposed, arguing that Plaintiff was attempting to avoid having Roberto declared 'prevailing party'" (Doc. 54 at 15), and that allowing Plaintiff to simply replace him would prejudice his outstanding claim for attorney's fees and costs under the Copyright Act. (Doc. 54 at 16.)

On February 26, 2015, after reviewing the motion and Roberto's response, the court granted Plaintiff's motion, but only in part (Doc. 58).  Recognizing that that the subject matter of the action against both Roberto and Angel Roldan was identical, and that "much of the Plaintiff's completed discovery efforts apply to its potential causes of action against Angel Roldan," the Court allowed Plaintiff "to amend its complaint to add Angel Roldan as a defendant to this case" (Doc. 58 at 2).  "However, the Court will not permit Plaintiff to drop Roberto Roldan as a party to this action." (Doc. 58 at

2.)   The Court further reminded that the parties were referred to mediation "and no party is excused from attending" (Doc. 58 at 3 ¶ 5).

On March 5, 2015, Plaintiff filed a second amended complaint (Doc. 61).   The pleading's caption includes both "ROBERTO ROLDAN and ANGEL ROLDAN" as Defendants.   However, the its body entirely removes Roberto and merely substitutes Roberto with a new Defendant, "Angel Roldan."

On March 24, 2015, Plaintiff filed a vitriolic motion for sanctions against Roberto's attorney, Cynthia Conlin (Doc. 67), arguing that, pursuant to 28 U.S.C. § 1927, *she* should have to pay Plaintiff's attorney's fees in pursuing its claims against Roberto because the litigation against Roberto was — summarily — her fault. (This motion is, of course, strongly opposed.)

On March 30, 2015, Roberto, frustrated with and confused by Plaintiff's having omitted him from the second amended complaint and Plaintiff's copyright infringement claims, filed a motion for order to show cause why Plaintiff should not be sanctioned for dropping him as a party in violation of the Court's order (Doc. 75).   Therein, he asked the Court, as a sanction, to strike the second amended complaint and enter a

final judgment on the merits in Roberto's favor as to the first amended complaint.

On April 9, 2015, this Court noticed Roberto's motion for order to show cause, as well as Plaintiff's § 1927 motion, for hearing on Wednesday, April 22, 2015 (Doc. 77) — a week before the mediation scheduled for April 29, 2015.

On April 15, 2015, this Court rescheduled the hearing to Wednesday, May 6, 2015 — a week *after* the scheduled mediation (Doc. 77).

Prior to preparing this motion, counsel for Roberto contacted the mediator, GREGG D. THOMAS, to see if he had any opposition to the relief requested herein, and the mediator said that he had time available to reschedule the mediation in a future date and would abide by any ruling of the court as to the issues raised herein.

## III. **The Issue**

Now, with mediation a week away and with no determination on the motion for order to show cause, the Defendants of Record are in a state of misunderstanding as to who the parties in this litigation really are, who is required to attend, and what — exactly — will be mediated.  Furthermore, with Plaintiff's motion for sanctions pending against Roberto's attorney, it is likely that Plaintiff will misuse

the forum of mediation to continue its vicious personal attack on Roberto's attorney.  Thirdly, as Angel Defendant has not even filed a response to the second amended complaint or served his initial disclosures, Plaintiff has not been made fully abreast of his legal or factual issues.  Accordingly, mediation at this early stage, without even knowing who the parties are, would be a futile waste of time and money.

**IV.   The Mediation Process**

The purpose of mediation is to provide an alternative for the resolution of civil disputes before trial "with resultant savings in time and costs to the litigants and to the court, but without sacrificing the quality of justice to be rendered or the right of the litigants to a full trial in the event of an impasse following mediation." Local Rule 9.01(b).

The Court has ordered that, here, the parties are referred to mediation "and no *party* is excused from attending" (Doc. 58 at 3 ¶ 5).  *See also* Local Rule 9.05(c), requiring mediation to be attended by the "parties."

The mediator's compensation "shall be borne equally by the parties to the mediation conference." Local Rule 9.02(f).

**V.   Mediation at this point will be futile**

**A.   It is unclear who the "parties" are**

An inherent confusion exists that will interfere with an

effective mediation because it is unclear as to who the "parties" actually are, and, as such, who should attend (and pay for) mediation and what issues will be mediated. This issue will undoubtedly frustrate the purpose of mediation and interfere with any sort of effective resolution.

The *caption* of Plaintiff's second amended complaint presents the illusion that Roberto and Angel Roldan are both "Defendants," but the body entirely omits Roberto as a party. The introduction names only "Defendant Angel Roldan" (Doc. 61 at 1), and the "Parties" section makes mention of only Angel Roldan (Doc. 61 at 2 ¶ 8). Throughout the entire, single-count pleading, "Defendant" is referred to in the singular only. It is clear, from a reading of the second amended complaint, that Plaintiff only is making claims against Angel Roldan — not Roberto — and that Roberto is not a Defendant.

"[A]lthough captions provide helpful guidance to the court, they are not determinative as to the parties to the action or the court's jurisdiction." *Lundgren v. McDaniel*, 814 F.2d 600, 605 (11th Cir. 1987) (citing 5 C. Wright & A. Miller, FED. PRAC. & PROC. § 1321 at 458–59 (1969)). *See also Welch v. Laney*, 57 F.3d 1004, 1010-11 (11th Cir. 1995) (citing *Lundgren,* 814 F.2d at 604 n. 2) ("the complaint itself, not the caption, controls the identification of the parties and

the capacity in which they are sued").

Therefore, looking at the second amended complaint, which shows the parties to the case as only Plaintiff, MALIBU MEDIA, LLC, and Defendant, ANGEL ROLDAN, it is confusing why ROBERTO ROLDAN — who is clearly not a party — should be required to attend and pay for the mediation.

Adding further confusion is the manner in which Plaintiff filed its second amended complaint and whether such was legally proper.  This Court expressly had ordered: "[T]he Court will not permit Plaintiff to drop Roberto Roldan as a party to this action." (Doc. 58 at 2.)  In an attempt to seek clarity, Roberto filed a motion for order to show cause (Doc. 75), which asks that the Court require Plaintiff to show cause why it should not be sanctioned for dropping him as a party in violation of this Court's order, then enter a sanction of, among other things, striking the second amended complaint. Therefore, if the second amended complaint is a violation of the order, it is subject to being stricken.  If that is the case, then Angel Roldan is not a party either, and accordingly also not required to attend or pay for the mediation.

**B.**   **Plaintiff has made this conflict into attorney v. attorney, not party v. party**

Next, Plaintiff — who knows it may be subject to paying

Roberto's prevailing party attorney fees — has made clear that it does not wish to pay those fees but instead wishes to have Roberto's *attorney* sanctioned and made to pay *its* fees. Therefore, even though Plaintiff has conceded that its claims against Roberto were unfounded, it has revealed its intention to lash out against Roberto's attorney.  It is likely that Plaintiff will use the mediation process to merely pursue its personal attack on Roberto's attorney.  Roberto has nothing to do with this attack but would merely be used by Plaintiff as a pawn in an attempt to pit him against his own attorney.

Without such vicious attacks removed from the mediation conference, it is likely that the mediation forum will turn into a battle between attorneys — who are not the ones scheduled to have their issues heard at trial — and therefore defeat the entire purpose of mediation, which is an attempt to resolve the parties' disputes to avoid the costs of trial.

### C.   Angel Roldan is at a disadvantage at this stage

Lastly, Angel Defendant has not even filed a response to the second amended complaint.  The case between him and Plaintiff is only just beginning, and he and Plaintiff have not even exchanged initial disclosures.  He has a right to conduct discovery prior to mediation, but at this point he is going into mediation practically blindly, having conducted no

discovery, which will interfere with his ability to achieve an effective resolution. Angel Roldan's need to conduct discovery is compounded by the fact that Plaintiff is not only accusing him of simple copyright infringement but also for allegedly violating the "Wrongful Act Doctrine" (Doc. 61).

## II. <u>Mediation at this stage would be futile</u>

Finally, mediation at this stage would be futile and a waste of money, time, and resources. It is unfair for individuals who are not parties to the case to have to incur the costs of a mediation that is supposed to be between *parties*. Although Roberto Roldan wears a mask of a party, there has been no proper dismissal of the claims against him, and the claims against him no longer exist; thus, what is there for him to mediate? It is also unfair for Plaintiff to make the *parties* pay for the case when Plaintiff has made it clear that its claims are against Roberto's attorney, not Roberto, and it is likely that Plaintiff will spend the better portion of the mediation process arguing those claims.

The purpose of the mediation process is to save costs, not cause the parties to incur additional or needless costs. If the mediation is not continued before a determination is made on Roberto's motion for order to show cause, the mediation will be a costly waste of time, and Roberto and

Angel will both be prejudiced. However, continuing the mediation will cause prejudice to no party.

## VI. __Conclusion and Remedy__

In consideration of the forgoing, the Defendants of Record, ROBERT ROLDAN and ANGEL ROLDAN, ask the Court to continue the mediation until the Court can rule on the motion for order to show cause (Doc. 75) and determine who the parties are and which pleading(s) outline the issues to be mediated

WHEREFORE, the Defendants of Record, ROBERT ROLDAN and ANGEL ROLDAN, respectfully request that this Honorable Court enter an order allowing a continuation of the mediation, which is currently scheduled for April 29, 2015, until after a ruling can be made on Roberto's motion for order to show cause (Doc. 75), and enter any other relief as is just and proper.

Respectfully submitted, jointly,

*For ROBERTO ROLDAN by:*        *For Angel Roldan by:*

**Cynthia Conlin, P.A.**        **Bradford A. Patrick, P.A.**
1643 Hillcrest Street        3001 N Rocky Point Drive
Orlando, FL 32803-4809        Suite 200
Tel. 407-965-5519        Tampa FL 33607-5806
Fax 407-545-4397        Tel. 813-384-8548
www.ConlinPA.com        Fax 813-333-7321
        www.BAPlegal.com

/s/ Cynthia Conlin, Esq.
[X] CYNTHIA CONLIN, ESQ.        /s/ Bradford A. Patrick, Esq.
Florida Bar No. 47012        BRADFORD A PATRICK, ESQ.
Cynthia@cynthiaconlin.com        Florida Bar No. 529850
[ ] JENNIFER DAWN REED, ESQ.        bap@baplegal.com
Florida Bar No. 104986
Jennifer@cynthiaconlin.com
Secondary Email for Service:
Jeff@cynthiaconlin.com

## **RULE 3.01(g) CERTIFICATES OF GOOD-FAITH CONFERENCE**

Prior to filing this motion, the undersigned conferred telephonically with the attorney for Plaintiff, who said Plaintiff was unopposed to rescheduling the mediation.

*Attorney for Roberto Roldan:*

/s/ Cynthia Conlin, Esq.
Cynthia CONLIN, ESQ.
Florida Bar No. 47012

*Attorney for Angel Roldan:*

/s/ Bradford Patrick, Esq.
BRADFORD PATRICK, ESQ.
Florida Bar No. 529850
bap@baplegal.com

<u>**CERTIFICATE OF SERVICE**</u>

    I hereby certify that on **April 22, 2015,** I filed electronically the foregoing with the Clerk of the Court via CM/ECF system which will notify all persons authorized to receive notices of electronic filing.

*Attorney for Roberto Roldan:*

**Cynthia Conlin, P.A.**
543 Hillcrest Street
Orlando, Florida 32803-4809
Tel. 405-965-5519
Fax 405-545-4395
www.ConlinPA.com

<u>/s/ Cynthia Conlin, Esq.</u>
Cynthia CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@cynthiaconlin.com
Jeff@cynthiaconlin.com