UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 8:13-cv-03007-JSM-TBM |
| ) | |
| ROBERTO ROLDAN and ) | |
| ANGEL ROLDAN, ) | |
| ) | |
| Defendant(s). ) | |
| _____ ) | |

**REPLY SUPPORTING ROBERTO'S MOTION FOR ORDER TO SHOW CAUSE [75]**

COMES NOW (Former) Defendant ROBERTO ROLDAN and replies to Plaintiff's response (Doc. 78) to his motion for order to show cause (Doc. 75).

## I.  Roberto is not a "Nominal Defendant"

Plaintiff misuses the term "nominal defendant." Roberto is not and cannot be a "nominal defendant" because he does not have any funds, assets, or property that belongs to Angel Roldan. A nominal defendant, also known as a "relief defendant," "is a concept that has arisen in case law involving government agencies seeking an extension of claims against wrongdoers to *in rem* relief against wrongfully taken or ill-gotten assets." *In re Mouttet*, 493 B.R. 640, 657-58 (Bankr. S.D. Fla. 2013) (citation omitted).

The "paradigmatic" nominal defendant is a "trustee, agent, or depository." *S.E.C. v. Founding Partners Capital Mgmt.*, 639 F. Supp. 2d 1291, 1294 (M.D. Fla. 2009) (citation omitted). A nominal defendant is made "part of a suit only as the holder of assets that must be recovered in order to afford complete relief." *Id.* at 1293 (citation omitted). A person may be named a nominal defendant only where he "(1) has received ill-gotten funds, and (2) does not have a legitimate claim to those funds." *Id.*

To explain its "nominal defendant" theory, Plaintiff cites to *Career Network, Inc. v. Wot Servs., Ltd.*, No. 6:10-CV-1826-ORL-31, 2011 WL 397906, at *1 (M.D. Fla. Feb. 3, 2011), which is actually very illustrative as to this issue in the instant case. In *Career Network*, an Internet defamation case, the plaintiffs wished to amend their complaint to "substitute" an individual named David Raynard for Stadler as a Defendant because they determined that Raynard, not Stadler, was the person posting under a certain Internet screen name. 2011 WL 397906, *2. Similarly, here, Malibu wished to amend its complaint to "substitute" Angel Roldan for Roberto because it surmised that Angel, not Roberto, was the person connected to a relevant IP address (Doc. 53). In *Career Network*, this mistaken identity argument was — just like here — exactly why

the movant reasoned that Stadler should qualify as a "nominal defendant."  In this very analogous scenario, Judge Presnell concluded that "Stadler *would not qualify as a nominal defendant*," and explained: "As things now stand, the Plaintiffs cannot assert a viable claim against him. However, he was sued because the Plaintiffs sought to recover damages from him. His role in this case is not like that of, for example, the disinterested stakeholder in a garnishment action." *Id*.  Like Stadler, Roberto was sued because Plaintiffs sought to recover damages from him.  He is not a disinterested stakeholder or any sort of holder of assets. He is not a nominal defendant, nor can he be.

An argument Plaintiff makes as to why Roberto is a nominal defendant is that Plaintiff has made a "wrongful act doctrine" claim against Angel Roldan, asking Angel to pay Plaintiff's attorney's fees in Plaintiff's case against Roberto. (Doc. 78 at 6, n. 3.)  Even if this claim were valid (it is not, but that is a topic for another motion) it would not, as Plaintiff implies, make Roberto a "nominal defendant." If Angel Roldan were liable under this theory, Roberto would not be a party; if anything, he might be a witness.  A witness, however, is not a "nominal defendant."

Naming someone as party in the caption but not in the body of the complaint[1] is not the same thing as making him a "nominal defendant." Even nominal defendants must be included in the body of the complaint, as the whole reason to include them is to obtain equitable relief against them (usually to obtain the assets they are holding).

## II. A 12(b)(6) or 12(c) motion was not a viable option

Contrary to Plaintiff's claims, a motion to dismiss pursuant to Rule 12(b)(6) or for judgment on the pleadings pursuant to Rule 12(c) would not be a viable option. If he were "dismissed" from the second amended complaint, he would very much be prejudiced because the "dismissal" would not be based on a determination on the merits as to copyright claims filed against Roberto but rather based on a technicality. As of yet, there has been no determination on the merits as to Plaintiff's copyright infringement claims against Roberto.

It is established 11th Circuit precedent that a "prevailing party" pursuant to section 505 of the Copyright Act is "identified as the party succeeding on a significant litigated issue that achieves some of the benefits sought by that party in initiating the suit." *Cable/Home Commc'n Corp.*

---

[1] Plaintiff's contention that Roberto "was named thirteen times" (Doc. 78 at 6) is inconsequential because those references were not to Roberto *as a Defendant* but rather to him in a capacity of a witness or prior litigant.

*v. Network Prods., Inc.*, 902 F.2d 829, 853 (11th Cir. 1990) (citations omitted). "A party's success on a claim that is 'purely technical or *de minimis*' does not qualify him as a 'prevailing party." *Id.* (citations omitted).

For Roberto to be declared "prevailing party" under the Copyright Act, the Court must enter a final determination on the merits as to the copyright infringement claims Plaintiff filed against Roberto in the first amended complaint (Doc. 8), not the second amended complaint, because it includes no claims against Roberto.

WHEREFORE, ROBERTO ROLDAN asks that this Court GRANT his motion (Doc. 75) and the relief requested therein.

### CERTIFICATE OF SERVICE

I hereby certify that on **April 24, 2015,** I filed electronically the foregoing with the Clerk of the Court via CM/ECF system which will notify all persons authorized to receive notices of electronic filing.

*Attorney for (former) Defendant:*

**Cynthia Conlin, P.A.**
543 Hillcrest Street
Orlando, Florida 32803-4809
Tel. 405-965-5519
Fax 405-545-4395
www.conlinpa.com

/s/ Cynthia Conlin, Esq.
Cynthia CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@cynthiaconlin.com
Jeff@cynthiaconlin.com