**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 8:13-cv-03007-JSM-TBM |
| ) | |
| ROBERTO ROLDAN and ) | |
| ANGEL ROLDAN, ) | |
| ) | |
|    Defendants. ) | |
| _____ ) | |

**CONLIN'S MOTION TO STRIKE REFERENCES TO PRIVILEGED INFORMATION FROM PLAINTIFF'S MOTION FOR SANCTIONS [67] AND REPLY [91] AND FOR EVIDENTIARY HEARING, WITH INCORPORATED MEMORANDUM OF LAW**

COMES NOW the undersigned attorney and hereby moves that this Honorable Court to strike privileged information referenced in Plaintiff's motion for sanctions and supporting reply (Docs. 67 and 91), and conduct an evidentiary hearing on said issue, should the Court choose to not immediate deny it.

**Motion to Strike Privileged Information**

First, this Court should strike from Plaintiff's motion and reply all references to any statements that Conlin "instructed" or told any thing to Roldan's parents because those statements — which have not even been disclosed to the court — are protected by the attorney-client privilege. Malibu Media is speculating and relying on statements it surmises that Conlin may have said to the parents. The

undersigned cannot even defend herself against these improper assertions because to do so would be breaking privilege. Any communications therefore made to a client or potential client are privileged, and accordingly must be stricken from Malibu's request for sanctions because they are not subject to disclosure. See, generally, *Upjohn Co. v. United States*, 449 U.S. 383, 395-401 (1981).

Next, this Court should also strike all Malibu's communications involving offers to settle the case, as such are also privileged pursuant to Rule 408, Federal Rules of Civil Procedure. For instance, Malibu Media accuses Conlin of "threatening to unnecessarily prolong litigation unless paid $25,000." Not only is that statement (like many of Malibu's statements) so misconstrued and twisted to the point that it is patently false, but it also improperly discusses a privileged attempt at settlement negotiations and therefore cannot be used to support Plaintiff's claims. Accordingly, all such references must be stricken.

### Request for Evidentiary Hearing

Finally, considering the sheer number of Malibu's misconstrued, unsupported, and twisted facts as well as the severity of the issue, should the Court not immediately deny Malibu's motion, the undersigned respectfully requests that

the Court hold an evidentiary hearing before the Magistrate, so that the undersigned can properly defend against the factual inaccuracies and unsupported speculation presented by Malibu Media, and allow the Magistrate to determine proper findings of fact.

The Eleventh Circuit has found that an "an attorney under the threat of § 1927 sanctions is entitled to an evidentiary hearing." *Hudson v. Int'l Computer Negotiations, Inc.*, 499 F.3d 1252, 1260-61 (11th Cir. 2007) (citation omitted). Accordingly, should this Court not elect to immediately deny Malibu Media's motion, an evidentiary hearing is proper.

WHEREFORE, the undersigned attorney hereby asks this Honorable Court to:

(1) STRIKE from Plaintiff's motion [67] and reply [91] all references to privileged communications between counsel and potential clients and communications involving potential settlement; and

(2) Should this Court not immediately deny the motion, to allow the Magistrate to conduct an EVIDENTIARY HEARING and determine findings of fact.

**RULE 3.01(g) CERTIFICATE OF GOOD-FAITH CONFERENCE**

Prior to filing this motion, the undersigned conferred telephonically with the attorney for Plaintiff, who said Plaintiff was opposed to the relief requested herein.

/s/ Cynthia Conlin, Esq.
Cynthia CONLIN, ESQ.
Florida Bar No. 47012

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 11, 2015**, I filed electronically the foregoing with the Clerk of the Court via CM/ECF system which will notify all persons authorized to receive notices of electronic filing.

*Attorney for Roberto Roldan:*

**Cynthia Conlin, P.A.**
543 Hillcrest Street
Orlando, Florida 32803-4809
Tel. 405-965-5519
Fax 405-545-4395
www.conlinpa.com

/s/ Cynthia Conlin, Esq.
Cynthia CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@cynthiaconlin.com
Jeff@cynthiaconlin.com