**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                        Case No: 8:13-cv-3007-T-30TBM

ANGEL ROLDAN,

    Defendant.

_____

**ORDER**

THIS CAUSE comes before the Court upon Roberto Roldan's Motion for Clarification on Order of Dismissal (Dkt. #93), Conlin's Motion to Strike References to Privileged Information from Plaintiff's Motion for Sanctions (67) and Reply (91) and for Evidentiary Hearing, with Incorporated Memorandum of Law (Dkt. # 95) and Plaintiff's Responses in Opposition to the Motions (Dkts. #96 and #97). Upon review and consideration, it is the Court's conclusion that the Motions should be denied.

Plaintiff initiated this action for copyright infringement against John Doe, subscriber assigned IP address 96.58.134.12. After initial discovery from the internet service provider, Plaintiff amended its complaint to name Roberto Roldan as the defendant. Roberto Roldan retained Cynthia Conlin, Esq. to defend against the complaint. Further discovery and litigation ensued, and Roberto Roldan filed a motion for summary judgment asserting that he did not have access to the computer or network involved in the alleged copyright infringement.

Plaintiff deposed Roberto Roldan's parents, Angel Roldan and Gladys Roldan. Angel and Gladys Roldan retained Bradford Patrick, Esq. who was present at the deposition. After receiving testimony that corroborated Robert Roldan's affidavits, Plaintiff agreed to dismiss Roberto Roldan from the case, and moved to substitute Angel Roldan as the party defendant. The Court entered an order holding the motion for summary judgment in abeyance and permitting Plaintiff to amend its complaint to add Angel Roldan as a defendant with the specific instruction that Roberto Roldan would not be dropped as a defendant. Plaintiff filed a second amended complaint which alleged that Angel Roldan infringed its copyright and did not specifically name Roberto Roldan as a defendant.

The Court held a hearing on April 24, 2015, on Plaintiff's Motion for Entitlement to Fees and Sanctions against Attorney Cynthia Conlin, Esq. ("Motion for Sanctions") (Dkt. # 67) and Defendant Roberto Roldan's Motion for Order to Show Cause (Dkt. #75). In his Motion for Order to Show Cause Roberto Roldan argued that Plaintiff dropped him as a defendant in contravention of this Court's order. Counsel for all parties participated in the hearing. On April 27, 2015, this Court entered an order which: (1) dismissed Roberto Roldan as a party to this action based on the Plaintiff's counsel's agreement to dismiss him without prejudice on the condition that his testimony proves truthful, (2) denied Roberto Roldan's motion for summary judgment as moot, and (3) took Plaintiff's Motion for Sanctions under advisement (the "Order"). Ms. Conlin made no objections to the Court's ruling at the time of the hearing.

Roberto Roldan requests that the Court clarify whether his dismissal is with or without prejudice, and if it is without prejudice, he requests that the Court convert it to a dismissal with prejudice. The Order is clear that the dismissal is without prejudice, no further clarification is needed. The Court denies Roberto Roldan's request to dismiss him with prejudice.

Ms. Conlin moves to strike references to information she labels as "privileged" in Plaintiff's motions. Specifically, Plaintiff indicated in its Motion for Sanctions and its Reply in Support of its Entitlement to Fees and Sanctions against Attorney Cynthia Conlin, Esq. (Dkt. #91) that Ms. Conlin instructed Angel and Gladys Roldan to ignore the Plaintiff's subpoenas *duces tecum* when they appeared for their depositions. The Motion for Sanctions and Reply relies on speculation based on the body language of Ms. Conlin, Mr. Patrick, and the Roldans, and the testimony from Gladys Roldan that she was advised to withhold documents a week before the deposition. Roberto Roldan objected to the subpoenas, but Plaintiff argues that Ms. Conlin did not demonstrate his standing to do so. Plaintiff argues in his Motion for Sanctions that Ms. Conlin had a conflict in representing Angel and Gladys Roldan and therefore could not properly offer them legal advice, and to the extent that she did, it was in bad faith.

In her Motion, Ms. Conlin does not clarify whether Angel and Gladys Roldan were her clients or potential clients, nor does she clarify whether she offered them any legal advice, arguing that to do so she would have to violate privilege. To the extent any privilege did exist, Gladys Roldan waived it when she testified that she was advised not to bring any documents to the deposition. *See United States v. Suarez*, 820 F.2d 1158, 1160 (11th Cir.
3

1987) ("at the point where attorney-client communications are no longer confidential, i.e., where there has been a disclosure of a privileged communication, there is no justification for retaining the privilege."). She was represented by Mr. Patrick at the deposition, and he did not object to the question prior to her statement, and neither he nor his client have raised the attorney-client privilege as to the statements. In any event, besides Gladys Roldan's disclosure, the Plaintiff's motions relies on mere speculation as to communications between Ms. Conlin and the Roldans. Therefore, the Court denies the Motion on this basis.

Ms. Conlin also requests that the Court strike references to settlement discussions under Federal Rule of Civil Procedure 408. Specifically, Plaintiff notes that Ms. Conlin requested $25,000 to settle the claim. Rule 408 does not permit settlement negotiations as evidence to "to prove or disprove the validity or amount of a disputed claim…." Fed. R. Evid. 408(a). The rule does permit the admission of the evidence "for another purpose, such as proving … bias or prejudice, … undue delay, or … an effort to obstruct a[n] … investigation or prosecution." *Id*. at 408(b). *See also Barker v. Niles Bolton Assocs, Inc.,* 316 Fed. Appx. 933, 937 (11th Cir. 2009) ("Rule 408 bars settlements or offers to settle in order to prove liability for, invalidity of, or amount of a claim. The rule does not apply if the evidence is offered for another purpose."). Plaintiff submits the $25,000 settlement offer as evidence of Conlin's alleged bad faith litigation in support of his request for sanctions. Therefore, the Court denies the Motion on this basis.

Ms. Conlin also requests an evidentiary hearing, which the Court denies without prejudice. The Court has taken the Motion for Sanctions under advisement and will consider its merits at a later date.

It is therefore ORDERED AND ADJUDGED that:

1. Roberto Roldan's Motion for Clarification on Order of Dismissal (Dkt. #93) is DENIED.

2. Conlin's Motion to Strike References to Privileged Information from Plaintiff's Motion for Sanctions (67) and Reply (91) and or Evidentiary Hearing, with incorporated Memorandum of Law (Dkt. # 95) is DENIED as stated herein.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of June, 2015.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Odd\2013\13-cv-3007 93 and 95.docx