UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALIBU MEDIA, LLC,           )
                             )
    Plaintiff,               )
                             )  Civil Action No.
v.                           )  8:13-cv-03007-JSM-TBM
                             )
ROBERTO ROLDAN,              )
                             )
    Defendant.               )
_____)

**DEFENDANT'S MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE MOTION TO REOPEN CASE FOR ENTRY OF DISMISSAL WITH PREDJUDICE**

COMES NOW Defendant, ROBERTO ROLDAN, by and through his undersigned counsel, and, in reference to this Court's Order (Doc. 115), hereby moves this Honorable Court for clarification or, in the alternative, pursuant to said Order, to reopen the case and enter a final judgment of dismissal with prejudice in favor of Roberto.

**I.   Introduction & Procedural History**

On or about November 27, 2013, having nothing more than an IP address and a general location (city/state), Malibu Media filed the instant action against "John Doe subscriber assigned IP address 96.58.134.12" (Doc. 1).

Malibu Media issued a subpoena to Bright House who identified subscriber Angel Roldan and an address on 57th Avenue North in Saint Petersburg, Florida.

Malibu Media's attorneys ran a LexisNexis Accurint search on Angel Roldan and learned that he had a son named Roberto. Based on that search, they speculated (wrongly) that Roberto lived at the St. Petersburg address (Doc. 42 at 1).

In reality, however, Roberto lived in Tampa.

Rather than independently verifying the results of the Accurint® report through a competent investigator, Malibu Media looked at Roberto's public Facebook page to see that Roberto had "liked" 8 of the alleged 2514 television shows, movies, etc. that Malibu Media's German agent had allegedly detected as being downloaded using IP address 96.58.134.12 (Doc. 8 ¶¶ 34-38). Even though these titles, including *Breaking Bad*, *Scrubs*, *Lost*, and *Star Wars*, were also liked by tens of millions of others, Roberto's having "liked" them was enough "evidence" for Malibu Media to accuse Roberto of downloading Malibu Media's (wholly unrelated) content.

On April 3, 2014, Malibu Media amended the complaint to name Roberto as Defendant (Doc. 8). It labeled Roberto "a persistent online infringer of Plaintiff's copyrights" (Doc. 8 ¶ 2) and sued him, pursuant to the Copyright Act, for $150,000 for the allegedly "willful" infringement of each of 40 videos — **a total of $6 million —** plus attorney's fees and costs.

Malibu Media issued a summons to Roberto at the St. Petersburg address (Doc. 10). It hired a process server who, before serving Roberto elsewhere, was told Roberto did not live there (Doc. 13 at 1, Affidavit of Process Server, Ana Castillo, stating, "INFORMED THE DEFENDANT DOES NOT RESIDE HERE. SERVED AT ANOTHER LOCATION.").

On June 27, 2014, Roberto responded to the complaint with a motion to dismiss stating in part that he "did not actually reside in the home where the Internet connection existed for the subject IP address" (Doc. 16 at 3) and explaining the logical fallacy of Malibu's conjecture Doc. 16 at 3-4.

On July 28, 2014, Roberto served onto Malibu Media documented proof he resided in Tampa — not St. Petersburg — throughout the entire period of alleged downloads.

Malibu Media continued the case. It served Roberto with stock interrogatories that questioned Roberto about his own home, asking him, for example, to identify the routers and computers in his own home, and who lived there.

On August 15, 2014, Roberto filed an answer that asked the Court to dismiss the complaint and award him his attorney fees as "prevailing party" pursuant to 17 U.S.C. § 505. (Doc. 27 at 5-6.) As an affirmative defense, Roberto pleaded that he "has not infringed Plaintiff's work as alleged in Plaintiff's

complaint, nor has Defendant even attempted to download Plaintiff's work. Defendant is not the account holder associated with the I.P. address, nor does he live at the address associated with the I.P. address." (Doc. 27 at 5-6.)

On or about October 2, 2014, Roberto served Plaintiff with interrogatory answers expressly and repeatedly stating that he did not reside at the address at issue in the complaint. Doc. 43-2. He emphasized that he "did not utilize the IP address identified in the lawsuit during the relevant time period" Doc. 43-2 at 18-19, #17 & 18.

Despite Roberto's repeated assertions that he did not reside at the address in question, Malibu Media continued to accuse Roberto of having downloaded 40 videos of its pornography from the St. Petersburg address at various times on August 18, 21, 24, 26, and 29; September 8, 9, 12, 13, 21, 23, 29, and 30; October 5, 6, 9, 11, 12, 18, 19, 20, 21, 23, 25, and 27; and November 2, 4, and 7, 2013 (Doc. 8-1). An examination of the "hit times" (shown in the complaint as Universal Time (UTC), which is 4-5 hours after Eastern Standard Time), indicates that whoever (if anyone) did download the videos had to have had regular, near constant, access to the router. For instance, hit times included September 22, 2013, at 9:34 p.m., 9:46 p.m., 10:58 p.m., 10:59

p.m., 11:26 p.m., then the next morning at September 23, 2013, at 6:20 a.m., 6:47 a.m., 11:17 a.m., 12:22 a.m., and 12:23 a.m. Such times are not indicative of an occasional visitor but implicate either a neighbor or resident. Regardless, Malibu Media continued to accuse Roberto of having downloaded its movies.

On January 19, 2015, Roberto moved for summary judgment (Doc. 36). Therein, Roberto included copies of class schedules and witness affidavits showing that at the times he was accused of downloading the videos, he was either in class, work, or elsewhere.

On February 5, 2015, Malibu Media filed an opposition, arguing that it still needed ample opportunity to conduct discovery (Doc. 42).

On February 10, 2015, the Court deferred ruling on Roberto's motion for summary judgment to allow Malibu Media to conduct depositions of Roberto and his parents (Doc. 45).

On February 16, 2015, Malibu Media deposed Roberto and his parents. After the depositions, its attorneys finally conceded they had sued the wrong person.

On Tuesday, February 17, 2015, after deposing Roberto and his parents, Malibu Media offered Roberto to stipulate to dismissal, but only if he would also dismiss his claims of

prevailing-party attorney's fees. (Doc. 54-4.) Roberto agreed to a dismissal — if it were with prejudice and on the merits. Malibu Media would not agree to a dismissal with prejudice under those terms.

On Wednesday, February 18, 2015, the parties appeared at a discovery hearing. Malibu Media's counsel admitted it had indeed sued the wrong person and intended to dismiss Roberto but hoped to substitute parties.

On February 19, 2015, Malibu Media moved to drop Roberto and substitute Angel Roldan in his place. (Doc. 53). It conceded that discovery "corroborates Roberto's claims that . . . he did not reside in Angel's house or have access to Angel's Internet during the period of [alleged] infringement." (Doc. 53 at 1).

In opposition, Roberto argued that Malibu Media's motion, filed just a week before the close of discovery and after Roberto had moved for summary judgment was "a desperate attempt to avoid having Roberto declared 'prevailing party'" under the Copyright Act (Doc. 54 at 15), and that allowing Malibu Media to simply replace him might nullify Roberto's claim for attorney's fees and costs. (Doc. 54 at 16.)

On February 26, 2015, the Court allowed Malibu Media, pursuant to Rule 15, "to amend its complaint to add Angel

Roldan as a defendant to this case" (Doc. 58 at 2). "However, the Court will not permit Malibu Media to drop Roberto Roldan as a party to this action. His Motion for Summary Judgment will be held in abeyance until further order of this Court." (Doc. 58 at 2.)

On March 5, 2015, Malibu Media filed a second amended complaint (Doc. 61) adding Angel Roldan as a party and proceeded in litigation against him as a Defendant; however, said complaint did not include Roberto.

On March 30, 2015, Roberto moved to show cause why Malibu Media should not be held in contempt for willfully violating the court's order requiring it to not drop Roberto Roldan as a defendant (Doc. 75). Roberto asked, among other things, that the court enter a final judgment, on the merits, in Roberto's favor as to the first amended complaint, either by granting Roberto's motion for summary judgment or entering a dismissal with prejudice, and declaring Roberto "prevailing party" and entitled to an award of attorney's fees pursuant to 17 U.S.C. § 505 (Doc. 75 at 14).

On April 21, 2015, after motions and hearing, wherein Malibu Media said it would agrees to dismiss Roberto Roldan without prejudice "conditioned upon his testimony being truthful" (Doc. 89), the Court ordered that the Second Amended

Complaint would be construed as a "supplement" to Plaintiff's First Amended Complaint and that Roberto was dismissed **without prejudice** (Doc. 90).

Malibu Media continued to litigate against Angel.

On January 21, 2016, the Mediator filed a notice that the parties (*i.e.* Malibu Media and Angel) had cancelled the mediation as the case had settled.

On January 22, 2016, the Court entered:

> The Court has been advised by Plaintiff's counsel Daniel Shatz that the above-styled action had been settled. Accordingly, pursuant to Local Rule 3.08(b), M.D. Fla, it is ORDERED AND ADJUDGED that this cause is hereby DISMISSED without prejudice and subject to the right of the parties, within sixty (60) days of the date of this order, to submit a stipulated form of final order or judgment should they so choose or for any party to move to reopen the action, upon good cause shown. After that 60-day period, however, dismissal shall be with prejudice. All pending motions, if any, are DENIED as moot....

(Doc. 115.)

II. **Clarification is needed whether this Court's reference to dismissal with prejudice [115] includes the dismissal of Roberto, or just Angel.**

On April 21, 2015, after a hearing wherein Malibu Media said it would agree to dismiss Roberto Roldan "conditioned

upon his testimony being truthful" (Doc. 89), the Court agreed to dismiss Plaintiff's claims against Roberto **without prejudice** (Doc. 90). The undersigned inferred from the hearing on that motion that the Court would allow Malibu Media the opportunity to litigate against Angel Roldan, after which it would revisit the possibility of a dismissal with prejudice against Roberto.

On January 22, 2016, the Court entered an order stating that "this **cause** is hereby DISMISSED without prejudice," and "After that 60-day period, however, dismissal shall be with prejudice." (Doc. 115.)

Upon first review of that order, because it refers to "this cause," the undersigned interpreted it to mean that dismissal of both Angel and Roberto would be with prejudice. However, upon re-review of that order, the undersigned sees that the order could be interpreted differently, and, after conferral with counsel for Plaintiff, realizes that clarification is needed.

Accordingly, clarification is needed to determine whether the claims against Roberto, as well as Angel, will be dismissed with prejudice at the expiration of the 60 days. The order names Angel Roldan but not Roberto, but it does refer to "this cause," which could mean both Defendants. Therefore, it

is unclear as to whether the claims against Roberto will be dismissed with prejudice.

### III. In the event that the Court's order does not relate to dismissal of Roberto, the Court should reopen the case to allow a dismissal with prejudice against Roberto

Good cause exists to enter a dismissal with prejudice against Roberto as he has a right to see the claims against him decided on the merits. A lawsuit was filed against him improperly and, having vigorously defended his position through and beyond the filing a motion for summary judgment, he has the right to a final judgment in his favor.

After litigating for 10 months, filing motion for summary judgment, only a week before the close of discovery, and long after the limit under Rule 41(a) for Plaintiff to file a notice of voluntary dismissal, Roberto was dismissed ***without*** prejudice while the case continued open against Angel. Now that Plaintiff's claims against Angel have reached a resolution and been dismissed, Roberto deserves a final judgment that includes adjudication on the merits. If he cannot correct the injustice of being improperly named in this lawsuit — especially with his name continuing on the docket and public record allegations made by Plaintiff that Roberto may have been "untruthful" (Doc. 89, 90) — he will be

irreparably harmed.

Moreover, to seek recovery of his fees pursuant to the Copyright Act, Roberto must be made "prevailing party." 17 U.S.C. § 505. The term prevailing party is "a legal term of art." *Buckhannon Bd. & Care Home. Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 603 (2001). The key to determining whether a party prevailed is whether there was a "material alteration of the legal relationship of the parties...." *Id.* at 604. Where dismissal is *without* prejudice, such as with the Order at Doc. 90, it typically does not lead to a change in the legal relationship between the parties because "[t]he defendant remains at risk" as "the plaintiff may refile the complaint." *NCC Bus. Services, Inc. v. Lemberg & Assoc., LLC*, 3:13-CV-795-J-39MCR, 2015 WL 5553773, at *5 (M.D. Fla. 2015) (citation omitted). When the undersigned conferred with counsel for Plaintiff, she was told that Plaintiff did not wish to refile a lawsuit against Roberto but would not agree to a dismissal with prejudice because it does not agree to any order that would allow Roberto file a motion for attorney's fees. However, Roberto has defended this case, after litigation, and won; therefore, he should be named "prevailing party." For Roberto to be declared "prevailing party," however, dismissal must be **with prejudice**.

It is reasonable and just that Roberto be declared prevailing party. After months of litigation, Roberto moved for summary judgment, and Malibu Media opposed. After he moved for summary judgment, Roberto was forced to have his counsel defend his own deposition and sit through depositions of his parents, and, while Roberto's motion for summary judgment was pending, Roberto was just dropped as a party casually. Malibu Media's attorney, however, conceded in open court it did not have enough evidence to find Roberto liable for the claims it had raised against him. Because Malibu Media concededly did not have enough evidence to find Roberto liable for the claims it had raised against him — and because it clearly did not have enough evidence — its claims against Roberto should be dismissed **with prejudice,** on the merits, and Roberto should be declared prevailing party, thereby enabling him to file a motion for costs and attorney's fees.

### III. Conclusion

In conclusion, the court should clarify its order (115) to determine whether it will serve as a dismissal with prejudice against Roberto, and, if it does not, find that Roberto Roldan nevertheless warrant dismissal with prejudice and status as "prevailing party" against Malibu Media.

WHEREFORE, Defendant, ROBERTO ROLDAN, pleads that this

Honorable Court clarify its order to state that Roberto is dismissed with prejudice or, in the alternative, enter an order reopening the case, reevaluate the dismissal without prejudice against Roberto, and enter a final dismissal with prejudice, and provide any other relief this Court deems just and proper.

### RULE 3.01(g) CERTIFICATE OF GOOD FAITH CONFERENCE

I, the undersigned attorney, hereby certify that prior to filing this motion I conferred with counsel for Plaintiff in a good-faith effort to resolve the issues raised by this motion, and that, while counsel for Plaintiff said it would agree to a dismissal against Roberto "with prejudice," it would only agree to same if both parties would bear their own fees; as such, we did not agree on the resolution of the motion.

/s/ Cynthia Conlin, Esq.
CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012

**CERTIFICATE OF SERVICE**

I hereby certify that on **March 21, 2016,** I filed electronically the foregoing with the Clerk of the Court via CM/ECF system which will notify all persons authorized to receive notices of electronic filing.

*Attorney for Def. Roberto Roldan:*

**Cynthia Conlin, P.A.**
543 Hillcrest Street
Orlando, Florida 32803-4809
Tel. 405-965-5519
Fax 405-545-4395
www.conlinpa.com

/s/ Cynthia Conlin, Esq.
Cynthia CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@cynthiaconlin.com
Jeff@cynthiaconlin.com