**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. |
| | ) 8:13-cv-03007-JSM-TBM |
| ROBERTO ROLDAN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO EXTEND THE TIME TO RESPOND TO
DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

COMES NOW Defendant ROBERTO ROLDAN, by and through his undersigned counsel, pursuant to Local Rule 3.01(b) and this Court's Order at Doc. 139, and responds to Plaintiff's motion for extension of time (Doc 138).

**I.  Background**

On June 4, 2018, Roberto filed his motion for attorney's fees. Doc. 133. Pursuant to Local Rule 3.01(b), Plaintiff's response is due today, June 18, 2018.

Prior to filing the motion, the undersigned reached out to Plaintiff's former counsel, Keith Lipscomb, Emilie Kennedy, and Daniel Shatz, in an attempt to make a good-faith conferral. Said counsel stated they no longer represent Plaintiff and could therefore not confer; as such, the undersigned suggested that they move to withdraw.

On June 11, 2018, Lipscomb emailed the undersigned to explain that Plaintiff had retained Lorri Lomnitzer, and that she would need an extension. He wrote, "Consequently, she has asked to me ask [*sic*] if you if you will oppose a 30 extension [*sic*]."

The undersigned replied:

> Are you saying she wants 30 days? I can't agree to that many days. The response is not even due until June 18. I can agree to one week extra, which would give her a full 2 weeks from today, but anything more than that at this time would have to be opposed.

No more conferral was had.

On June 12, 2018, Lipscomb moved for an extension of 30 days, purportedly on Plaintiff's or Lomnitzer's behalf. Doc. 138. He certified he had "conferred" with Defendant's counsel, who was "opposed to the relief requested."

On June 15, 2018, Lomnitzer filed a consent to stipulation of counsel, with signatures dated June 11, 2018. Doc. 140.

## II. Analysis

Contrary to what Lipscomb's statements imply, the undersigned did not entirely oppose any extension, nor did Lipscomb actually

"confer."[1]  Rather, the undersigned agreed, via email, to a 7-day extension, and no more discussion was had.

A 7-day extension should be sufficient for the reasons stated in Lipscomb's motion. Parties opposing a motion are required to file responses within 14 days. Local Rule 3.01(b). Ms. Lomnitzer was retained on or about June 11, 2018. A one-week extension would give her a full 14 days, from the date that she was retained, within which to file a response, as is contemplated with Rule 3.01(b).

Rule 6(b) allows a deadline to be extended "for good cause."

Lipscomb, on behalf of Lomnitzer, has not shown sufficient good cause for any extension beyond 7 days. Lipscomb reasoned that Lomnitzer requested 30 days for four reasons: to "[a] reasonably complete the substitution of counsel, [b] become familiar with the history of this matter, [c] the history of the appeal, and [d] prepare a response to the Motion for Attorney's Fees." Doc. 138 at 2 ¶ 9.

Lomnitzer has already completed the substitution of counsel; as such, that reason is moot. Of the remaining reasons, [c],

---

[1] "The term 'confer' in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an email, fax or letter." *Martinez v. Sec'y, Dep't of Corr.*, 616CV1525ORL41TBS, 2017 WL 2445848, at *2 (M.D. Fla. June 6, 2017); *Rigney v. Livingston Fin., LLC*, 612CV617ORL18TBS, 2012 WL 12915480, at *1 (M.D. Fla. Dec. 4, 2012)

history of the appeal, is irrelevant because the motion for fees is only in relation to the lower court. The fourth reason, [d], "prepare a response," is not a reason.

That leaves the only possible actual reason, as stated in the motion, as Lomnitzer's need to "become familiar with the history of this matter."

This matter, however, and its history, are not so complex that Lomnitzer cannot become familiar with all — and prepare her response — with an extension of 7 days beyond the deadline. The only issues at hand here are (a) Roberto's entitlement to fees pursuant to section 505 of the Copyright Act, (b) the reasonableness of the rates, and (c) the reasonableness of the amount. With the exception of the time entries in the fee schedules, these issues have nothing to do with the history of the case. Lomnitzer has not given any other reasons — only that she must review the "history of the case." A review of the history of the case, however, can be done within one or two days. Accordingly, a full 7 days should be more than enough. Had Lipscomb followed Rule 3.01(g) and properly conferred by calling the undersigned to discuss, the issue may have been worked out, and the undersigned would not have had to write this response.

### III. Conclusion

In summary, Roberto does not oppose any extension, as the

undersigned is understanding of the needs that arise when new counsel are retained, and a small extension is reasonable under the circumstances. However, Plaintiff has not demonstrated good cause for any extension beyond 7 days — and certainly not for a month-long extension, as Plaintiff requests.

WHEREFORE, Defendant, ROBERTO ROLDAN, pleads that, should this Honorable Court agree to grant an extension for Plaintiff, that it deny Plaintiff's request for 30 days and, based on the "cause" presented, grant no more than 7 days.

## CERTIFICATE OF SERVICE

I hereby certify that on **June 18, 2018**, I filed electronically the foregoing with the Clerk of the Court via CM/ECF system which will notify all persons authorized to receive notices of electronic filing.

*Attorney for Roberto Roldan:*

**Cynthia Conlin & Associates**
543 Hillcrest Street
Orlando, Florida 32803-4809
Tel. 405-965-5519
Fax 405-545-4395
www.conlinpa.com

/s/ Cynthia Conlin, Esq.
Cynthia CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@conlinpa.com
service@conlinpa.com