## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>               Plaintiff,<br><br>v.<br><br>ROBERTO ROLDAN,<br><br>               Defendant. | Civil Action No. 8:13-CV-03007-JSM |

**PLAINTIFF'S UNOPPOSED MOTION FOR BIFURCATION OF FEE ISSUES IN DEFENDANT'S, ROBERTO ROLDAN, MOTION FOR ATTORNEYS' FEES AND PROPOSED BILL OF COSTS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Malibu Media, LLC, hereby files its Unopposed Motion for Bifurcation of Fee Issues in Defendant's, Roberto Roldan (hereinafter "Defendant"), Motion for Attorneys' Fees, and Proposed Bill of Costs and respectfully moves for an order bifurcating Plaintiff's response to the issues raised in Defendant's Motion for Attorneys' Fees [CM/ECF 133] and Defendant's Proposed Bill of Costs [CM/ECF 134], filed June 4, 2018 (collectively referred to as the "Motion"), Plaintiff states as follows:

1. On May 21, 2018, this Court entered an order that provided, among other things, that "Roberto Roldan is hereby dismissed with prejudice." [CM/ECF 132].

2. Defendant filed a Motion for Attorneys' Fees [CM/ECF 133], and Proposed Bill of Costs [CM/ECF 134], on June 4, 2018.  In his Motion, Defendant briefs both his alleged entitlement to attorneys' fees and costs, as well as the amount of such attorneys' fees and costs he seeks. *Id.*  Defendant's Motion is twenty seven (27) pages long, however, it incorporates exhibits, including an attorney affidavit and lengthy invoices from Defendant's counsel's law firm. *Id.*  Counting these exhibits

towards Defendant's Motion for Attorneys' Fees, the Motion spans sixty seven (67) pages. *Id.*

3.    Plaintiff requests that the Court bifurcate its determination of Defendant's entitlement to attorneys' fees and costs from the amount of fees and costs which Defendant should be awarded, if any. As set forth below, this bifurcation serves the Court's interests as well as the parties' interests in that it allows the Court to conserve judicial resources.

## MEMORANDUM OF LAW

Defendant's attorneys' fees motion, and proposed bill of costs, raises two issues. The first issue is whether Defendant has a legal entitlement to any attorneys' fees and costs in this case as a matter of law.   If the Court rules that Defendant has demonstrated that legal entitlement, the second issue is what amount of fees and costs may be appropriate. Otherwise, Plaintiff and the Court will be spending a substantial amount of time analyzing the reasonableness of time entries provided by Defendant that may be a moot issue if he not entitled to fees as a matter of law.

Pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 54(d)(2)(C), a party facing a motion for attorneys' fees may oppose such a motion and submit evidence in opposition thereto. *See* F.R.C.P. 54(d)(2)(C). Furthermore, F.R.C.P. 54(d)(2)(C) allows the Court to bifurcate its analysis of a party's entitlement to attorneys' fees and costs from the amount of fees and costs a party may recover. In particular, F.R.C.P 54(d)(2)(C) provides, "[t]he court may decide issues of liability for fees before receiving submissions on the value of services." *Id.*   Therefore, this Honorable Court has discretion to so bifurcate the issues.   Additionally, bifurcation has previously been granted by this District Court on attorneys' fees and costs motions. *See, e.g,* *Myers v. Cent. Fla. Invs., Inc.*, No. 6:04-cv-1542-Orl-28DAB, 2008 U.S. Dist. LEXIS 98935, at

*12 (M.D. Fla. Oct. 23, 2008) (Plaintiff moved, with consent of Defendants, for bifurcation of the issues of entitlement to attorneys' fees and amount of attorneys' fees, noting that under Rule 4.18 of the Local Rules of this Court, a motion as to both issues usually must be filed within fourteen days of entry of judgment. [See Doc. 244]. The magistrate judge granted the motion to bifurcate [see Order, Doc. 248].")*; Cramasta v. Walgreen Income Prot. Plan for Pharmacists & Nurses*, No. 8:12-CV-1461-T-23TGW, 2014 U.S. Dist. LEXIS 70745, at *7 (M.D. Fla. Apr. 18, 2014) ("Following the entry of an Order granting the defendants' request to bifurcate the issue of entitlement to fees and costs from the issue of the amounts to be awarded (Docs. 65, 71), they submitted a response in opposition to the plaintiff's motion for attorneys' fees and costs.").

In the instant case, the bifurcation of Defendant's entitlement to attorneys' fees and costs from the amount of attorneys' fees and costs Defendant may be awarded is particularly appropriate.  Plaintiff disputes that Defendant is entitled to an award of attorneys' fees and costs for solely obtaining a dismissal with prejudice of this case brought against Defendant in good faith, which is a pivotal issue in this case.  Therefore, bifurcating the Court's determination of entitlement to attorneys' fees and costs from the amount of such fees and costs serves the Court and the parties' interests.

Moreover, the requested bifurcation will not prejudice Defendant. Indeed, Defendant has already briefed both entitlement and amount of fees and costs in his Motion.  If anything, Plaintiff will be prejudiced if it is required to incur expenses to obtain fee affidavits in opposition to Defendant's Motion, analyze Defendant's counsel's detailed invoices, and brief the issues of amount of fees and costs if the Court ultimately denies Defendant's entitlement to fees.  Unlike Plaintiff, Defendant had an incentive to brief both entitlement and amount at this time.  Indeed, in his Motion for Attorneys' Fees, Defendant seeks recovery of costs and fees incurred in

briefing these issues.

Accordingly, Plaintiff requests that the Court bifurcate its review of Defendant's entitlement to attorneys' fees and costs from the amount of attorneys' fees and costs Defendant may be awarded.

## **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, Plaintiff respectfully request that the Court enter an order bifurcating Plaintiff's response briefing and the Court's review of Defendant's entitlement to attorneys' fees and costs, from Plaintiff's response briefing and Court's review of the amount of attorneys' fees and costs Defendant may be awarded, if any.

Dated: June 20, 2018

Respectfully submitted,

By: /s/ Lorri Lomnitzer
        Lorri Lomnitzer
        Florida Bar No.: 37632
        Lorri@Lomnitzerlaw.com
        Spensyr Ann Krebsbach
        Florida Bar No.: 085132
        THE LOMNITZER LAW FIRM, P.A.
        7999 N. Federal Highway, Suite 200
        Boca Raton, FL 33487
        Telephone: (561) 953-9300
        Direct: (561) 953-9301
        Fax: (561) 953-3455
        *Attorneys for Plaintiff*

## **L.R. 3.01(g) Certificate of Good Faith Conference**

I HEREBY CERTIFY that on June 19, 2018, undersigned conferred with counsel for Defendant, Cynthia Conlin, Esq., via telephone, in a good-faith effort to resolve the issues raised by the motion to bifurcate.  Ms. Conlin advised that Defendant <u>does not</u> oppose the Court

entering an order granting the relief requested through this motion.

By:      /s/ *Lorri Lomnitzer*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 20, 2018, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system and served on all of those parties receiving electronic notification via the Court's CM/ECF electronic filing system.

By:      /s/ *Lorri Lomnitzer*