**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. |
| ) | 8:13-cv-03007-JSM-TBM |
| ROBERTO ROLDAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION [150, 151] TO DEFENDANT'S MOTIONS FOR ATTORNEY'S FEES [133, 148]**

COMES NOW Defendant ROBERTO ROLDAN, by and through his undersigned counsel, pursuant to Local Rule 3.01(b) and this Court's Order at Doc. 153, and replies to (Doc 150, 151) Plaintiff's Opposition to (Doc. 133, 148) Defendant's motions for attorney's fees.

**I.   Introduction**

"[D]efendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994).

"A successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." *Id.* at 527. In its responses, as it has done throughout

this case, Malibu Media seeks to paint Roberto as the bad guy for vigorously defending Malibu Media's claims of his being a serial pornography downloader by seeking discovery and filing a motion to dismiss and a motion for summary judgment. As a Defendant named in a federal lawsuit, Roberto had every right to defend his name and seek a resolution on the merits rather than a dismissal without prejudice. As his defense serves the purposes of the Copyright Act, he should be reimbursed his reasonable attorney's fees.

II. **Malibu Media suggests that Roberto stop litigating while Malibu Media conduct discovery**.

Roberto was not going to sit idly by while a pornographer mounted its case against him. Roberto was legally justified in first moving to dismiss, especially considering the Southern District of Florida had recently dismissed a similar case by Malibu Media in Case No. 1:14-cv-20213-UU. Doc. 16-1.

Second, with the looming discovery deadline, which this Honorable Court had already extended, Roberto had the duty to prepare for trial in case he did not win on summary judgment. Roberto did not needlessly seek discovery of settlement agreements for harassment's sake. Rather, it was a planned defense strategy pursued to negate the copyright infringement claim should the case go to trial. Yet, Malibu Media sought to throw a blanket confidentiality agreement over everything produced, essentially tying Roberto's hands behind his back and increasing counsel's work

load by requiring a motion to seal anytime a "confidential" document was sought to be filed with the Court. Local Rule 1.09. Furthermore, Roberto had the right to depose, in person, the company that had generated Malibu Media's key evidence: the IP address allegedly used to download its content.

Roberto should not be punished for defending his own name to the same extent any Malibu Media would have defended its own copyright. In fact, Roberto is encouraged to do so. *Fogerty*, 510 U.S. at 527.

### III. Malibu Media lacked evidentiary support to bring its claim

In this case, Malibu Media pursued against Roberto a claim that did not exist. Malibu Media's statement it had "evidence" Roberto had copied its pornography (Doc 150 at 12, "when a defendant prevails despite evidence of infringement (as is the case here)") is absolutely false. Malibu Media had no such evidence. Simply, its factual contentions had no such evidentiary support. Its so-called "evidence" was that Roberto, on Facebook happened to like a few of the same (popular) films that appeared to have been downloaded at the same IP address that was allegedly used to download Plaintiff's movies. This so-called evidence — which is what Malibu Media used to mount its case against Roberto — was based only on "likes" of only eight out of the 2500 third-party copyrighted works allegedly downloaded by IP Address 96.58.134.12.

Doc. 8 at 5-6; Doc. 150 at 3. Moreover, these "likes" were not of obscure movies or artists, but immensely popular movies and music, like *Star Wars* and The Beatles. Doc. 16 at 4. This false logic that, because Roberto liked *Star Wars* and The Beatles he had to have downloaded Plaintiff's pornography, is not, at all, evidence of infringement (and if it were, most Americans old enough to watch a movie would also be so guilty) but rather demonstrates Malibu Media's bad faith in litigating the claims, and the frivolousness of its claims against Roberto.

Malibu Media argues "[t]he fact that Defendant was served in 2014 at a different residence is not evidence exonerating him from infringement that occurred in 2013." Doc. 150 at 4. However, when coupled with documents produced by Roberto showing that he lived at that new address throughout the entire period of alleged infringement, it was good cause to show that Roberto could not have been the infringer. Regardless, it should have been good cause for Malibu Media to double check its research to consider whether, in reality, it was suing the right person. Even better, Malibu Media could have, prior to naming Roberto in the complaint (and accusing him in the public record of downloading pornography), moved to conduct pre-Rule 26(f) discovery, as it had done previously on the Internet Service Provider (Doc. 3), and subpoenaed Roberto (or his father) to determine who resided in the house associated with the

IP address. It could have hired a private investigator. However, it did none of those things; instead, it merely relied on eight Facebook "likes."

While Malibu Media *may* have "possessed credible evidence that an individual using IP address 96.58.134.12 used BitTorrent to download and distribute numerous copyrighted works," (Doc. 150 at 18), it simply had no credible evidence on which to bring a claim against Roberto, who resided at a home with a completely different IP address.

Malibu Media cites to caselaw where the court denied attorney's fees to a defendant where the infringement was committed by a member of the defendant's household. However, Malibu Media fails to notify the Court that (1) the infringement was not committed by a member of Roberto's household and (2) Malibu Media failed to demonstrate that *any infringement* was committed by someone living in Roberto's parents' house. Therefore, these cases are wholly inapplicable. As Malibu Media lacked a meritorious claim against Roberto, Roberto should be awarded his reasonable attorney's fees.

### IV. Malibu Media's failure to review Roberto's initial disclosures lead it to send irrelevant discovery requests to Roberto.

Notably, Malibu Media's request for production served in August 2014 proved that Malibu Media never reviewed Roberto's

initial disclosures, which had been served in July 2014. Malibu Media asked for all documents indicating Roberto was "not at [his] residence or within the control of [his] IP address at or around the time of infringement." Doc. 150 at 6 (citing CM/ECF 54-2). Had Malibu Media's attorney's simply reviewed Roberto's initial disclosures, Malibu Media would have realized that Roberto's address and IP address were not the same as those under litigation. As such, the "exculpatory evidence" was not responsive to these requests. Moreover, Malibu Media's discovery requests proved that its attorneys did not review Roberto's initial disclosures and that Roberto's objections were reasonable because documents demonstrating that Roberto was not at his own college apartment were wholly irrelevant to whether Roberto was not at his parents' house, where the infringement allegedly took place. In this way, Malibu Media proves the objective unreasonableness of its own actions in pursuing claims against Roberto.

Roberto did not delay in attempting to clear his name. Rather, Malibu Media unreasonably refused to acknowledge Roberto's evidence demonstrating that he did not reside at his parent's house when the infringement occurred. As such, Roberto began working on his motion for summary judgment shortly after Roberto's initial disclosures went unacknowledged. *See* Doc 150 at 7 (J. Reed "begin drafting motion for summary judgment" began shortly after initial

disclosures were served on July 28, 2014). Malibu Media's request that Roberto sit idly by while Malibu Media "determine whether Roberto's defense was true" (Doc. 150 at 8) is absurd. A defendant being sued by a pornographer, or any plaintiff, for that matter, has the right to clear his name and not sit by while the plaintiff decides whether his defense is true. As Malibu Media was objectively unreasonable in pursuing its claims against Roberto, Roberto should be awarded his reasonable attorney's fees in this case.

## V. Conclusion

In summary, Roberto fought to preserve his legal rights and his reputation by raising meritorious defenses in this case, a purpose which furthers the Copyright Act. As such, this Honorable Court should find that he is entitled to an award of attorney's fees as prevailing party in this case.

WHEREFORE, Defendant, ROBERTO ROLDAN, pleads that this Honorable Court GRANT him his reasonable attorney's fees as prevailing party in this case.

### CERTIFICATE OF SERVICE

I hereby certify that on **August 7, 2018**, I filed electronically the foregoing with the Clerk of the Court via CM/ECF system which will notify all persons authorized to

receive notices of electronic filing.

*Attorney for Roberto Roldan:*

**Cynthia Conlin & Associates**
543 Hillcrest Street
Orlando, Florida 32803-4809
Tel. 405-965-5519
Fax 405-545-4395
www.conlinpa.com

/s/ Cynthia Conlin, Esq.
Cynthia CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@conlinpa.com
service@conlinpa.com