UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                              Case No: 8:13-cv-3007-T-30JSS

ANGEL ROLDAN,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon Roberto Roldan's Motion for Attorneys' Fees (Dkt. 133) and Plaintiff's Response (Dkt. 150), and Roberto Roldan's Motion for Appellate Attorneys' Fees (Dkt. 148) and Plaintiff's Response (Dkt. 151).

## BACKGROUND

On November 27, 2013, Malibu Media, LLC ("Malibu Media") filed suit for copyright infringement against Defendant John Doe, a subscriber assigned the IP address 96.58.134.12 (the "IP Address"). According to Malibu Media, someone with the IP Address unlawfully downloaded, copied, and distributed Malibu Media's copyrighted pornographic movies.

On April 3, 2014, Malibu Media amended its complaint and replaced Defendant John Doe with Roberto Roldan ("Roberto"). Malibu Media determined that the IP Address was connected to a home in St. Petersburg, Florida, where Roberto and his father Angel Roldan ("Angel") resided. Malibu Media alleged that it had additional evidence that

Roberto, not his father, downloaded approximately 2,514 files between August 17, 2013 and March 3, 2014.

Discovery ensued, and Roberto filed a motion for summary judgment arguing he did not have access to the device involved in the alleged copyright infringement. Roberto presented evidence to show that at the time of many of the alleged infringing downloads, he was either in class or at work. He also argued that he lived in Tampa, Florida, a forty-five minute drive from his father's home. Roberto also stated that he did not visit his father at his home during the period of alleged infringement. Malibu Media responded to Roberto's motion indicating it needed additional time for discovery. The Court agreed to defer ruling on the motion for summary judgment until after the discovery deadline passed.

Three days after the date of the discovery deadline, Malibu Media filed a document which the Court construed as a supplement to its Amended Complaint. The document noted that after further investigations, including receipt of documents from Roberto and additional depositions, Malibu Media determined that Roberto did not have access to the device responsible for the alleged infringement. Instead, Malibu Media alleged, Angel was the proper defendant. But the Court determined that the supplement did not request dismissal of Roberto from the lawsuit, so he remained a party.

Soon after filing its supplement, Malibu Media filed a motion for sanctions against Roberto's counsel, Cynthia Conlin ("Conlin"). The motion accused Conlin of withholding exculpatory evidence to maximize the amount of fees she could recover in the lawsuit. At a subsequent hearing, Malibu Media stipulated to dismissing Roberto without prejudice,

conditioned upon his testimony being truthful. The Court dismissed Roberto without prejudice and noted that it would take the motion for sanctions under advisement.

A few days after the Court's dismissal order, Roberto filed a motion for clarification regarding whether his dismissal was with or without prejudice. If it was without prejudice, Roberto requested that the Court modify it to a dismissal with prejudice. The Court denied his motion because the Order made clear dismissal was without prejudice.

On January 21, 2016, the parties settled the case at mediation. The Court entered its 60-day order of dismissal. Roberto then moved for clarification as to whether after 60 days just Angel's dismissal would be with prejudice. The Court clarified that the 60-day dismissal order only applied to the two remaining parties: Malibu Media and Angel. The Court denied Roberto's request in the alternative to reopen the case and enter an amended order dismissing Roberto with prejudice.

Roberto appealed the Court's Order denying his request to reopen the case to dismiss him with prejudice. On appeal, Malibu Media conceded that Roberto's dismissal should have been with prejudice. The Eleventh Circuit vacated the Court's Order and remanded the case for the Court to dismiss Roberto with prejudice. Now, Roberto moves to collect attorneys' fees for the district court and appellate cases.

## LEGAL STANDARD

Under the Copyright Act, a court may award reasonable attorneys' fees to a prevailing party. 17 U.S.C. § 505. Any such award is at the court's discretion. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 523 (1994). However, the award of attorneys' fees under the Copyright Act should promote the purposes of the Act. *See MiTek Holdings, Inc. v. Arce*

*Eng'g Co., Inc.*, 198 F.3d 840, 842–43 (11th Cir. 1999) ("The touchstone of attorney's fees under § 505 is whether imposition of attorney's fees will further the interests of the Copyright Act, i.e., by encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure 'that the boundaries of copyright law [are] demarcated as clearly as possible' in order to maximize the public exposure to valuable works.").

The Supreme Court in *Fogerty* identified four non-exclusive factors to consider when awarding attorneys' fees under the Copyright Act: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 535. The Court also made clear that the analysis applies equally to prevailing plaintiffs and prevailing defendants. *Id*. at 534. "No matter which side wins a case, the court must assess whether the other side's position was (un)reasonable" in its analysis of whether fees should be awarded. *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1988 (2016).

## **DISCUSSION**

Of note, Malibu Media filed an unopposed motion to bifurcate the issues of entitlement to fees and the amount of fees, given the breadth of the parties' arguments. The Court granted the motion and directed the parties to address only Roberto's entitlement to fees and costs, not the amount and reasonableness of such fees and costs. *See* Dkt. 146. Therefore, the Court's Order will only address whether he is entitled to attorneys' fees.

Turning to the factors from *Fogerty*, the Court first concludes that Malibu Media's lawsuit was not frivolous. This Court denied Roberto's motion to dismiss, concluding that Malibu Media plausibly stated a claim against him. Further, the Eleventh Circuit has agreed that a lawsuit with similar amounts of evidence was not a frivolous infringement action. *Malibu Media, LLC v. Pelizzo*, 604 Fed. Appx. 879, 881 (11th Cir. 2015). Malibu Media was certain infringement occurred on a device located in a specific household, just not certain which individual in that household was responsible for the alleged infringement. These facts support finding that the lawsuit was not frivolous.

Malibu Media contends it filed the lawsuit with the motivation of ending the alleged infringement, which supports the purposes of the Copyright Act. When Malibu Media filed suit, the alleged infringement ceased. This too supports a denial of attorneys' fees based on the enumerated *Fogerty* factors.

The central question for the Court, as framed by both Roberto and Malibu Media, is whether either party litigated the case in an unreasonable manner. Malibu Media primarily argues that Roberto failed to reveal exculpatory evidence sooner in the case. For example, Roberto completed an affidavit detailing how he was away from the home with the IP Address during the periods of alleged infringement, but the affidavit was dated months before Roberto filed it with its motion for summary judgment. Though Roberto could have revealed the information earlier, nothing required him to do so.

Malibu Media also references one of its requests for production which asked for documents indicating that Roberto was not at *his* residence or within the control of *his* IP address at or around the time of infringement. *See* Dkt. 54-2, p. 2. The request for

5

production did not include information about the residence where the alleged infringement took place. And Roberto was not required to produce evidence outside the scope of the request. Accordingly, the Court concludes that Roberto did not act unreasonably during the litigation.[1]

As for Malibu Media's (un)reasonableness, though Malibu Media's lawsuit itself was not unreasonable, its ineffective methods of determining whether Roberto was the alleged infringer warrant some compensation to Roberto. For instance, the second page of Roberto's motion to dismiss stated that "on the alleged download dates, Mr. Roldan did not actually reside in the home where the Internet connection existed for the subject IP address . . ." Dkt. 16, p. 2–3. This should have indicated to Malibu Media that Roberto might not be the proper defendant. From what the Court can glean, Malibu Media did not do much to investigate this allegation at the time Roberto revealed it. And almost a year later, Malibu Media agreed to dismiss Roberto from the case because he was not the proper defendant. *See Kirtsaeng*, 136 S. Ct. at 1986 (listing ways that promote the purposes of the Copyright Act, including "a person defending against a patently meritless copyright claim . . . no matter that attorney's fees in a protracted suit might be as or more costly than a settlement."). The Court concludes that some award of attorneys' fees is justified.

---

[1] That being said, Roberto's arguments that his name was "undoubtedly begrimed" when he was "wrongly and publicly dubbed an illegal downloader of Malibu Media's obscenities" is not as well taken, since he could have been dismissed from the action much earlier had the exculpatory information been revealed when Roberto and his counsel first discovered it.

Roberto also moves for appellate attorneys' fees pursuant to the Copyright Act and Eleventh Circuit Rule 39–2. The Eleventh Circuit transferred the motion to this Court for a determination.

Rule 39–2(b), United States Court of Appeals for the Eleventh Circuit Rules, states:

> An application for attorney's fees must be supported by a memorandum showing that the party seeking attorney's fees is legally entitled to them. The application must also include a summary of work performed . . . supported by contemporaneous time records recording all work for which a fee is claimed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate requested must also accompany the application.

11th Cir. R. 39–2. Roberto's motion contained the requisite materials.

Ultimately, the Court concludes that appellate attorneys' fees are justified. The Copyright Act provides for a prevailing party to receive reasonable attorneys' fees in the Court's discretion. *See* 17 U.S.C. § 505. Malibu Media concedes that Roberto was the prevailing party on appeal but argues that the same reasons justifying denial of his request for attorneys' fees for the district court case justify denying his request for appellate attorneys' fees. Because the Court already concluded that the *Fogerty* factors and purposes of the Copyright Act do not justify denying Roberto's motion, Malibu Media's arguments are no more persuasive in this context. *See Fogerty*, 510 U.S. at 534 ("There is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the consideration we have identified.").

When Roberto moved for clarification of this Court's Order on Roberto's dismissal without prejudice, Malibu Media opposed altering his dismissal to one with prejudice. But according to the Eleventh Circuit, during oral argument, Malibu Media agreed that Roberto

7

should have been dismissed with prejudice. The Court concludes that some compensation for Roberto is warranted.

Upon review and consideration, it is therefore

ORDERED AND ADJUDGED that:

1. Roberto Roldan's Motions (Dkt. 133) and (Dkt. 148) are GRANTED in part, to the extent that Roberto is entitled to at least some award of attorneys' fees.

2. On or before March 22, 2019, Roberto shall file a brief detailing the amount and reasonableness of the requested fees. Malibu Media shall respond to the brief within twenty-one (21) days from the date it is filed with the Court.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of February, 2019.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

8