**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. |
| | ) 8:13-cv-03007-JSM-TBM |
| ROBERTO ROLDAN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S MOTION FOR ATTORNEY'S FEES**
**WITH INCORPORATED MEMORANDUM OF LAW**

COMES NOW Defendant ROBERTO ROLDAN, by and through his undersigned counsel, pursuant to Doc. 158 and Rule 54(d)(2), and moves for an order requiring Plaintiff, MALIBU MEDIA, LLC, to pay his reasonable attorney's fees.

**I.   Legal standard in calculating amount of fees**

"In calculating a reasonable attorneys' fee award, the Court must consider the number of hours reasonable expended on this litigation, together with the customary fee charged in this community for similar legal services." *Hensley v. Eckerhart,* 461 U.S. 424 (1983); *cited by Dream Custom Homes, Inc. v. Modern Day Const., Inc.*, 8:08-CV-1189-T-17AEP, 2011 WL 7764999, at *11 (M.D. Fla. 2011) *report and recommendation adopted*, 2012 Copr. L. Dec. P 30243 (M.D. Fla. 2012). "These two figures are then multiplied together resulting in a sum called the 'lodestar.' Under certain circumstances, the lodestar may be adjusted in order to reach a more appropriate

attorney's fee." *Dream Custom Homes, Inc.*, 8:08-CV-1189-T-17AEP, 2011 WL 7764999, at *11 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Furthermore, "the Court is itself an expert on the question of fees and may make an award based upon its own experience." *Dream Custom Homes, Inc.*, 8:08-CV-1189-T-17AEP, 2011 WL 7764999, at *11 (citing *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)).

"A reasonable hourly rate is the prevailing market rate in the relevant legal—community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299; *quoted by Thompsons Film, LLC v. Velez*, 6:13-CV-671-ORL-36TB, 2014 WL 3721288, at *8 (M.D. Fla. 2014). When determining whether a rate is reasonable the Court considers the following *Bivins* factors:

> 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.

*Bivins v. Wrap It Up, Inc.*, 380 F. App'x 888, 890 (11th Cir. 2010); *quoted by Thompsons Film, LLC*, 6:13-CV-671-ORL-36TB, 2014 WL 3721288, at *8.

**II. Rates of $300 for Attorney Conlin, $250 for Senior Associate Reed, $150 for Junior Associate Pagán, and $90 for paralegal/legal support are reasonable.**

An application of the *Bivens* factors including the Middle District's own prior rulings reflect that the requested rates of $300 for lead counsel, $250 for associate counsel, and $90 for legal support are reasonable.

The instant case was highly contentious and, as shown in the attached declaration of attorney's fees, required many hours. The novelty and difficulty of the questions of law require knowledge in copyright infringement, BitTorrent defense, and federal practice.

Three attorneys worked on this case: Lead Attorney Cynthia Conlin, Senior Associate Jennifer Reed, and Junior Associate Attorney Tony Pagán Jr. To perform their legal services properly, these attorneys all needed, and obtained, experience in federal litigation, copyright infringement law, and BitTorrent litigation.

Lead Attorney Cynthia Conlin began practicing law in 2007 and was admitted to the Middle District in 2008. She is currently the owner and lead attorney at the firm of Cynthia Conlin & Associates. When BitTorrent cases were first filed in the Middle District, she began to devote a significant portion of her practice to that special

niche, in defense only, throughout the three districts in Florida. Ms. Conlin consequently became one of a very small handful of attorneys who regularly practiced in that area and, accordingly, at the time this case was litigated, was one of the most experienced BitTorrent litigation defense attorneys in the country.

Senior Associate Jennifer Reed has been licensed to practice since 2013, at which point she joined Cynthia Conlin & Associates and began also practicing in BitTorrent defense litigation. Since then, Reed assisted the firm in representing various defendants facing allegations of BitTorrent infringement in Florida's federal courts. As a result, Reed became highly experienced in BitTorrent litigation and the legal nuances that come with it.

Junior Associate Tony Pagán Jr. has been licensed to and has practiced in the area of civil litigation since April 2016. He began assisting with BitTorrent litigation since joining the firm as a law clerk in October 2015. By the time he was admitted to the bar, Pagán had already developed a strong understanding of BitTorrent litigation. To perform his legal services properly, Pagán required experience in federal litigation, copyright law, and BitTorrent litigation.

Also working on the case was Jeffrey Vizcaino, working at the time as Legal Assistant/Paralegal. He has a bachelor's degree in legal studies and began working as a legal assistant/paralegal for

Cynthia Conlin & Associates in 2012. At the time he worked on this case, Vizcaino was an evening student at Florida A&M University, College of Law. He earned a Juris Doctor in 2017 and is now a practicing lawyer.

The acceptance of this case, which the firm undertook under a primarily contingent arrangement, precluded Roberto's attorneys from working on other cases for paying clients during the time spent on this case. During the time working on Roberto's case, the firm assumed the risk that, if it did not prevail and recover fees from the opposing party, it would not be paid.

The fees requested are customary in the community, as shown in the case law cited below and in the analysis of awards in similar cases.

Here, as stated, the results obtained were the most favorable possible: a dismissal with prejudice. The amount at stake was significant, as Malibu Media had sued for $6 million plus its attorney's fees.

As stated above, Attorneys Conlin and Reed developed a strong reputation in BitTorrent Defense. Starting in 2012, Attorney Conlin has represented more than 200 defendants in BiTorrent cases, including at least 70 sued by Malibu Media, and Attorney Reed began assisting with those cases in 2013. Because of the niche practice, the amount of time involved in litigation, the client's inability to

pay for contentious litigation, and the risks involved, this particular case would not have been considered "desirable" to most attorneys, especially under a contingency-fee arrangement. The relationship with the client is purely professional but has continued since the client first retained, in 2014.

Finally, awards in similar cases show that the requested rates are reasonable. "The Middle District has found that an hourly rate of **$300.00** in copyright litigation is reasonable." *Dream Custom Homes, Inc.*, 8:08-CV-1189-T-17AEP, 2011 WL 7764999, at *11 (citation omitted) (emphasis added); *see also Malibu Media, LLC v. Danford*, 2:14-CV-511-FTM-38CM, 2015 WL 2238210, at *4 (M.D. Fla. 2015) (rate of **$300** a reasonable for Malibu Media's lead attorney Keith Lipscomb); *Breaking Glass Pictures, LLC v. Devora*, 2:13-CV-331-FTM-38, 2015 WL 1020343, at *4 (M.D. Fla. 2015) (rates of **$350** and **$225** reasonable for partner and associate); *Broad. Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 8:11-CV-02056-EAK, 2013 WL 6332972, at *2 (M.D. Fla. Dec. 5, 2013), *aff'd*, 772 F.3d 1254 (11th Cir. 2014) (rates of **$300** and **$250** reasonable for lead and associate attorneys); *TCYK, LLC v. Martin*, 8:14-CV-00087-T-27TB, 2014 WL 6978149, at *3 (M.D. Fla. Dec. 9, 2014) (**$350** and **$225** reasonable rates for lead and associate attorneys); *Palmer v. Braun,* 2005 WL 3093409, *4 (M.D. Fla. Nov. 18, 2005) (finding **$300** reasonable); *Indyne, Inc. v. Abacus Tech. Corp.*, 611CV137ORL22DAB, 2013 WL 11312471, at *16 (M.D. Fla.

Dec. 6, 2013), *report and recommendation adopted as modified,* 2014 Copr. L. Dec. P 30569 (M.D. Fla. 2014), *aff'd,* 587 Fed. Appx. 552 (11th Cir. 2014) (finding reasonable rates, in 2011, of **$400** for senior attorneys, **$300** for mid-level attorneys, and **$200** for junior attorney);

The Paralegal rate of $90 is also reasonable. See *Corwin,* Case No. 6:05-cv-1083-Orl-19DAB (finding $90 a reasonable rate for paralegals and summer associates); *Malibu Media, LLC v. Danford*, 2:14-CV-511-FTM-38CM, 2015 WL 2238210, at *4 (finding $85 a reasonable paralegal rate for Malibu Media).

B.  **The total time entries incurred are reasonable**.

As shown in the attached and below-referenced declarations with fee schedules, the firm has incurred the following hours on this matter, first in this court prior to appeal, during appeal, then after appeal:

|  | **Cynthia Conlin** | **Jennifer Reed** | **Tony Pagan, Jr.** | **Jeffery Vizcaino** |
|---|---|---|---|---|
| This court, before appeal | 158.52 | 118.51 | 0 | 29.07 |
| Appeal | 42.792 | 92.557 | 43.239 | 9.684 |
| After appeal | 12.65 | 14.89 | 0 | 0 |
| **Total Hours** | **213.962** | **225.957** | **43.239** | **38.754** |

In this court, prior to appeal, the firm's representation included conferring with the client and opposing counsel, responding

to the complaint, attending case management meeting with opposing counsel, conducting discovery, including depositions, tending to discovery disputes, and more. Additionally, the firm was forced to respond to Plaintiff's motion for sanctions, which this court later determined was unfounded. As shown in the already filed fee schedules, Attorney Conlin billed a total of **158.52** hours (Doc. 133-1 at 4-22), Senior Associate Reed billed **118.51** hours (Doc. 133-1 at 23-28), and Paralegal Vizcaino billed **29.07** hours (Doc. 133-1 at 29-40). This time was reasonably necessary to represent client in the litigation.

On appeal, the firm had to draft the appellant's initial brief, review Malibu Media's response brief, then file a reply brief. After the briefing was finished, even though neither party requested oral arguments, the 11th Circuit set oral arguments, and therefore oral arguments were required. In total, Attorney Conlin billed **42.792** hours on appeal. *See* Doc. 148 at 28. This time includes more than 15 hours in brief writing and editing, with incorporated legal research;[1] more than 24 hours preparing for and attending oral arguments in Jacksonville; and other work necessary to represent the client on appeal. Senior Associate Reed billed a total of **92.557**

---

[1] The time sheet shows zero hours in legal research but 15.194 hours in brief writing. However, the zero is inaccurate as Attorney Conlin incorporated research into her brief writing time, often doing both at the same time, conducting research using Westlaw on the computer while editing/drafting briefs. Therefore, all time was categorized as "brief writing," even when it included legal research.

hours in the appellate case, which included more than 80 hours in brief drafting and incorporated legal research. *See* Doc. 148 at 34. Junior Associate Pagán billed a total of **43.239** hours, which included about 30 hours in brief writing. Lastly, Mr. Vizcaino billed a total of **9.684** hours in legal support. None of the calculated time includes any time spent establishing the amount of the attorney fees.

Finally, after remand, as shown in the attached Exhibit "1," Attorney Conlin expended **12.65** hours and Attorney Reed **14.89** hours, primarily in conferring with opposing counsel, preparing a motion for entitlement to fees, and drafting reply memorandum to Malibu Media's opposition to Roberto's claim for entitlement to fees. This time was reasonably necessary to brief the issues before the court and achieve the results obtained. None of the calculated time includes any time spent establishing the amount of the fees.

### III. Conclusion

Accordingly, in summary, Roberto's attorneys incurred and are asking this court for an award of the following:

|           | **Hours** | **Rate** | **Total**    |
|-----------|-----------|----------|--------------|
| **Conlin**    | 213.962   | $300     | $64,188.60   |
| **Reed**      | 225.957   | $250     | $56,489.25   |
| **Pagán**     | 43.239    | $150     | $6485.85     |
| **Vizcaino**  | 38.754    | $90      | $3487.86     |
|           |           |          | **$130,651.56** |

WHEREFORE, Defendant, ROBERTO ROLDAN, pleads that this Honorable Court enter an Order on this Motion:

1. Finding that the hours expended and rates charged by the undersigned attorney and her firm are reasonable given the circumstances of the case;

2. Ordering Plaintiff, MALIBU MEDIA, LLC, to pay a total attorneys' fee of **$130,651.56** to Defendant Roberto Roldan's attorneys, made payable to "Cynthia Conlin & Associates"; and

3. Providing any other relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on **March 21, 2019,** I filed electronically the foregoing with the Clerk of the Court via CM/ECF system which will notify all persons authorized to receive notices of electronic filing.

*Attorney for Roberto Roldan:*

**Cynthia Conlin & Associates**
543 Hillcrest Street
Orlando, Florida 32803-4809
Tel. 405-965-5519
Fax 405-545-4395
www.conlinpa.com

/s/ Cynthia Conlin, Esq.
Cynthia CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@conlinpa.com
service@conlinpa.com