IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:13-cv-03007-JSM-JSS

MALIBU MEDIA, LLC,

       Plaintiff,

vs.

ROBERTO ROLDAN and
ANGEL ROLDAN,

       Defendant.

_____/

**AFFIDAVIT OF TERRY M. SANKS**
**REGARDING REASONABLENESS OF ATTORNEYS' FEES**

BEFORE ME, the undersigned authority, this day personally appeared TERRY M. SANKS, who, after being duly sworn, deposes and says as follows:

1.      My name is Terry M. Sanks. I am over the age of majority and competent to testify as to the matters contained herein. The facts set forth in this Affidavit are within my personal knowledge, unless otherwise indicated.

2.      I am an attorney engaged in the practice of law in Orlando, Florida and have experience practicing in Federal Court, including cases involving copyright infringement. I am currently a senior partner of the law firm of Beusse, Wolter, Sanks & Maire, PLLC.

3.      I have been a member of the Florida Bar since October 9, 1998. I am admitted to practice before the U.S. District Court for the Middle District of Florida, U.S. District Court for the Southern District of Florida, the United States Court of Appeals for the Eleventh and Federal Circuits, the United States Court of Federal Claims, and the United States Patent and Trademark Office.

**EXHIBIT A**

4.      The primary focus of my practice for the last 20 years is intellectual property law, which includes the litigation of copyright infringement, such as the dispute at issue here.

5.      By reason of my experience, I am familiar with the time and effort involved in the prosecution and defense of copyright infringement lawsuits and the reasonable value of legal services for suits such as this.

6.      Based upon my experience and training, I am familiar with the prevailing market rates each federal court district in Florida, including the U.S. District Court for the Middle District of Florida, for similar services by lawyers of reasonably comparable skills, experience, and reputation as the attorney for the Defendant in this case.

7.      Based on my familiarity with the prevailing market rate as indicated above and the accomplishments and length of practice of some of the attorneys for Defendant Roberto Roldan, notably Ms. Conlin and Ms. Reed, I believe that a reasonable "market" hourly rate for Ms. Conlin is $300 per hour and for Ms. Reed, $250 per hour.  I also believe that a rate of $90 per hour for paralegals of similar experience is appropriate.

8.      I have reviewed the Court's docket related to this matter. I am familiar with the complexity of the various and multiple filings which occurred and am familiar with the complexity of and extent of the contested issues. It is my belief, based on my experience as noted hereinabove, that the level of activity spent was significant, however the level of activity could have been lessened if Defendant Roberto Roldan had not delayed for months in providing "Roberto's Exculpatory Evidence."

9.      Based upon the information I have reviewed, I am of the opinion that the fee award sought by Defendant Roberto Roldan is excessive.  This opinion is based on the delay taken, over several months, before Defendant provided Roberto's Exculpatory Evidence, even though

2

Defendant had a duty to supplement the initial Rule 26 disclosures in a timely manner.

10.     Since it is not customary to represent a defendant in copyright litigation under a contingency fee arrangement, before any fee is awarded to Defendant, the Motion for Sanctions (Dkt. 67) and Defendant's Response in Opposition to Plaintiff's Motion for Sanctions, (Dkt.76), which was taken under advisement by the Court, should also be factored into any fee decision.

11.     Based upon the information I have reviewed, and considering the Motion for Sanctions taken under advisement, I believe a reasonable number of hours for the work done in the case should have ranged from seventy (70) hours to eighty-five (85) hours to have brought this case to conclusion if Roberto's Exculpatory Evidence had been turned over timely.

12.     Based on the time entries presented by Defendant, the time that should be included is through September 2014 plus time to have concluded the case against Defendant Roberto Roldan.

13.     In preparing this Affidavit I have taken into consideration and applied the standards set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 5th Cir. 1974); *Norman v. Housing Authority of Montgomery*, 836 F. 2d 1292 (11th Cir. 1988) and *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 438 U.S. 711 (1987), as well as *Florida Patients Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985); *Standard Guaranty Insurance Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990); *Bell v. U.S.B. Acquisition Co., Inc.*, 734 So. 2d 403 Fla. 1999), *Raymond James & Assocs., Inc. v. Wieneke*, 591 So. 2d 956 (Fla. 2d DCA 1991), and Rule 4-1.5(b) of the Rules Regulating The Florida Bar.

Respectfully submitted,

Terry M. Sanks
Florida Bar No. 0154430

3

## FURTHER AFFIANT SAYETH NAUGHT

STATE OF FLORIDA
COUNTY OF ORANGE

The foregoing instrument was acknowledged before me this 9th day of April, 2019 by _____ who is Personally Known X OR Produced Identification _____ Type of Identification Produced _____.

Signature: _Mary Jean Cross_____

Print Name: _MARY JEAN CROSS_____

Commission No. _____

Commission Expires: _____

(Notary Seal)

MARY JEAN CROSS
MY COMMISSION # GG 050716
EXPIRES: November 28, 2020
Bonded Thru Budget Notary Services

NOTARY PUBLIC
STATE OF FLORIDA