UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                                           Case No: 8:13-cv-3007-T-30JSS

ROBERTO ROLDAN,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Attorney's Fees (Dkt. 159) and Plaintiff's Opposition (Dkt. 160). Plaintiff also requested that the Court consider Plaintiff's Motion for Sanctions (Dkt. 67), which the Court previously reserved ruling on. The Court, having reviewed the Motions and Responses, and being otherwise advised in the premises, concludes that Defendant is entitled to $69,084.53 in attorneys' fees.

## LEGAL STANDARD

The Eleventh Circuit has recognized that, "[u]ltimately, the computation of a fee award is necessarily an exercise of judgment[] because 'there is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. The applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and support the number of hours worked. *Hensley*, 461 U.S. at 433.

Under the Copyright Act, a court may award reasonable attorneys' fees to a prevailing party. 17 U.S.C. § 505. Any such award is at the court's discretion. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 523 (1994). However, the award of attorneys' fees under the Copyright Act should promote the purposes of the Act. *See MiTek Holdings, Inc. v. Arce Eng'g Co., Inc.*, 198 F.3d 840, 842–43 (11th Cir. 1999) ("The touchstone of attorney's fees under § 505 is whether imposition of attorney's fees will further the interests of the Copyright Act, i.e., by encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure 'that the boundaries of copyright law [are] demarcated as clearly as possible' in order to maximize the public exposure to valuable works.").

The Supreme Court in *Fogerty* identified four non-exclusive factors to consider when awarding attorneys' fees under the Copyright Act: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 535. The Supreme Court also made clear that the analysis applies equally to prevailing plaintiffs and prevailing defendants. *Id*. at 534. "No matter which side wins a case, the court must assess whether the other side's position was (un)reasonable" in its analysis of whether fees should be awarded. *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1988 (2016).

**DISCUSSION**

On June 20, 2018, Plaintiff Malibu Media, LLC ("Malibu Media") filed an unopposed motion to bifurcate the issues of entitlement to fees and amount of fees. The Court granted

the motion. After considering the parties' arguments about Defendant Roberto Roldan's ("Roberto") entitlement to fees, the Court concluded that "some compensation for Roberto is warranted." Dkt. 158, p. 8. The Court directed Roberto to file a brief detailing his requested fees. Malibu Media responded.

Roberto moves for $130,651.56 in attorneys' fees and costs. Malibu Media argues only $16,276.00 in fees and costs is reasonable. This disparity warrants some discussion.

As the Supreme Court has explained:

> A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee. Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.

*Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Calculating an appropriate fee award under federal law involves a two-step process. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). The court first calculates the "lodestar" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. *Id.* The court may then adjust the lodestar upward or downward based on an evaluation of additional factors. *Hensley*, 461 U.S. at 434; *see also Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (enumerating factors to be considered).[1]

---

[1] The twelve factors to be considered in determining the reasonableness of attorneys' fees are: (1) the time and labored required; (2) the novelty and difficulty of the question involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

Roberto seeks an award of fees for work completed by attorneys Cynthia Conlin, Jennifer Reed, and Tony Pagan, Jr. He also seeks paralegal fees for work completed by Jeffrey Vizcaino. In support of his request for fees, Roberto filed a declaration from Conlin and an itemized log of the hours the attorneys and paralegal billed. According to the records, Conlin worked on the case for 213.962 hours at a rate of $300 per hour, Reed worked 225.957 hours at a rate of $250 per hour, Pagan worked 43.329 hours at a rate of $150 per hour, and Vizcaino worked 38.754 hours at a rate of $90 per hour.

*Reasonable Hourly Rates*

Malibu Media does not challenge the reasonableness of the rates charged by Roberto's attorneys and paralegal. The Court concludes that based on the market rate for both Tampa legal fees and copyright litigation, the rates are reasonable.

*Reasonable Hours Worked in District Court*

The Court previously held that Roberto was entitled to some compensation for the attorneys' fees he incurred. However, for reasons discussed in the Court's prior Order, and highlighted below, the Court will reduce the number of hours his counsel worked on the case in district court before the appeal. The number of hours counsel expended was unreasonable.[2]

---

[2] Malibu Media attached an affidavit from an attorney with 20 years of experience in intellectual property litigation, including copyright infringement cases. The attorney stated that the fee award sought in this case is "excessive." Dkt. 160-1, p. 2. He also noted that it is "not customary to represent a defendant in copyright litigation under a contingency fee arrangement, as Roberto's counsel did here." *Id*. at 3. It is unusual for defense counsel in a copyright case to handle the litigation expecting no fees from his or her client but only from the plaintiff. That may provide an incentive for prolonged litigation.

In sum, months after Malibu Media filed its Amended Complaint, Roberto's counsel collected information from Roberto and his friends, including affidavits making clear that Roberto was not the proper defendant in this case. Instead of revealing the information to relieve their client of responsibility and facilitate litigation against a different, proper defendant, Roberto's counsel continued to litigate the case. For example, Roberto's counsel began drafting a motion for summary judgment in August of 2014, right after collecting the exculpatory information. In January of 2015, Malibu Media expressed concern to Roberto's attorneys that Roberto may not be the proper defendant in the case. Malibu Media suggested deposing Roberto along with other ways to resolve this threshold issue. Instead, Roberto's counsel objected and noted the amount of attorneys' fees they had incurred to date, which they were willing to negotiate. Days later, Roberto's counsel filed the motion for summary judgment. Immediately after moving for summary judgment, Roberto's counsel began preparing a motion for attorneys' fees. None of these actions, among others discussed, demonstrate a good faith effort to resolve the case on the merits.

The Court stands by its prior conclusion that Malibu Media bears some of the responsibility for not discovering Roberto was the wrong defendant earlier in the case. Malibu Media lacked diligence investigating relatively simple facts such as Roberto's actual place of residence and the owner of the IP address at issue. But it was Roberto's counsels' litigation tactics that conflicted with counsels' unwavering obligation to "conduct themselves with civility and in a spirit of cooperation in order to reduce unnecessary cost and delay." Local Rule 2.04(h). Ultimately, much of the work done in this case was unnecessary, and costly.

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (per curiam). An "hour-by-hour approach is sometimes preferable," but the court's decision of which method to employ depends on, in part, the volume of the fee records. *Hepsen v. J.C. Christensen & Associates, Inc.*, 394 Fed. Appx. 597, 600 (11th Cir. 2010). "If the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease." *Galdames v. N & D Inv. Corp.*, 432 Fed. Appx. 801, 806 (11th Cir. 2011) (citing *Bivins*, 548 F.3d at 1350).

According to Roberto, his counsel worked on the district court case before appeal for the following amount of time:

- Conlin: 158.52 hours
- Reed: 118.51 hours
- Vizcaino: 29.07 hours

Malibu Media argues that Roberto is not entitled to any fees incurred after the date Roberto's affidavit was notarized. Naturally, Roberto disagrees.

For the reasons discussed here and in the Court's previous Order, the Court will reduce the award of Roberto's attorneys' fees by 50% for work done in the district court before the appeal. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) ("exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court."). *See also Galdames*, 432 Fed. Appx. at 807 (holding that the court "cannot conclude that the magistrate's recommendation, as adopted by the district court,

demonstrated any abuse of discretion in determining reasonable hours expended" where the recommendation reduced hours after noting "that excessive hours were expended by plaintiffs' counsel due to defendants' unnecessary litigation techniques which prolonged this litigation . . .").

In sum, Roberto's counsel *reasonably* incurred **$39,899.90** in fees. This represents a total of 79.26 hours of work by Conlin at $300 per hour ($23,778.00); 59.255 hours by Reed at $250 per hour ($14,813.75), and 14.535 by Vizcaino at $90 per hour.

<u>Reasonable Hours Worked on Appeal</u>

Roberto appealed this Court's Order denying his request to reopen the case to dismiss him with prejudice. On appeal, Malibu Media conceded that Roberto's dismissal should have been with prejudice. The Eleventh Circuit vacated the Court's Order and remanded the case so the Court could dismiss Roberto with prejudice. The Eleventh Circuit also directed this Court to determine Roberto's entitlement to appellate attorneys' fees and amount, if any. *See* Dkt. 147. According to Roberto, his counsel worked on the appeal for the following amount of time:

- Conlin: 42.792 hours
- Reed: 92.557 hours
- Pagan: 43.239 hours
- Vizcaino: 9.684 hours

The appeal was pending for nearly two years before a ruling. But ultimately, the case was resolved when Malibu Media conceded that dismissal of Roberto with prejudice was

7

appropriate. This concession could have taken place much earlier than at oral argument before the Eleventh Circuit.

That being said, the issue Roberto appealed was not complex.[3] Whether Roberto's dismissal should have been with prejudice instead of without should not have amassed over $40,000 in attorneys' fees. And it was likely an issue Roberto's attorneys researched before filing the motion to reopen the case in district court. The Court does not agree that $43,334.26 is a reasonable request for attorneys' fees for the work on Roberto's appeal. Accordingly, the Court will reduce Roberto's request by 50%, for a total award of **$21,667.13** in appellate attorneys' fees.

*Reasonable Hours Worked after Appeal*

Following remand, Roberto alleges his counsel completed work in the district court for the following amount of time:

- Conlin: 12.65 hours

- Reed: 14.89 hours

This time was primarily spent drafting the motions for attorneys' fees. The Court concludes that Roberto is entitled to these fees. Accordingly the Court will award him attorneys' fees in the amount of **$7,517.50**. This represents a total of 12.65 hours for Conlin's work at an hourly rate of $300 ($3,795.00), and 14.89 hours for Reed's work at an hourly rate of $250 ($3,722.50).

---

[3] Of course, Roberto was entitled to appeal the Court's decision, and he ultimately prevailed in the Eleventh Circuit. But the Court questions the effect (and cost) of such an appeal when Roberto's counsel could have settled the matter with Malibu Media or merely waited for the statute of limitations to run and achieve the same result.

*Motion for Sanctions*

Malibu Media seeks to hold Roberto's attorney (Conlin) liable for Malibu Media's fees and costs incurred after the date of Roberto's affidavit and summary judgment motion (i.e. after the date Roberto's attorneys collected the exculpatory evidence). The Court already made an "across-the-board cut" based on Roberto's counsels' (un)reasonableness with its litigation in district court before appeal. No reduction beyond that is necessary. Accordingly, the Court will deny Malibu Media's motion for sanctions.

Upon review and consideration, it is therefore

ORDERED AND ADJUDGED that:

1. Defendant's Motion for Attorney's Fees (Dkt. 159) is GRANTED in part, as described herein.

2. The Court awards attorneys' fees in favor of Defendant and against Plaintiff in the amount of $69,084.53.

3. Plaintiff's Motion for Sanctions (Dkt. 67) is DENIED.

4. All pending motions are denied as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of May, 2019.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record